UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RODNEY D. DESROSIERS,<br>      Plaintiff,<br><br>    v.<br><br>CITY OF LOWELL, MA,<br>POLICE DEPARTMENT<br>      Defendant. | )<br>)<br>)<br>) Civil Action No. 04-11932-NG<br>) **SEALED**<br>)<br>)<br>) |

SEALED

## MEMORANDUM AND ORDER

For the reasons stated below, plaintiff shall demonstrate good cause why this action should not be dismissed without prejudice.

### BACKGROUND

Rodney DesRosiers, a former Lowell police officer, commenced this action on September 3, 2004, by filing an application to proceed <u>in forma pauperis</u> and a complaint against the City of Lowell. DesRosiers claims that he was discriminated against because he is HIV-positive and apparently brings these claims pursuant to the Americans with Disabilities Act and Chapter 151B of Massachusetts law. On September 16, I allowed plaintiff's motion to seal the record in this case due to plaintiff's concerns that disclosure of his medical condition could result in discrimination and ostracism.

DesRosiers states that he filed at least two grievances


DOCKETED

with the Massachusetts Commission Against Discrimination ("MCAD"). Compl. ¶¶ 25, 30. However, he does not allege that the Equal Employment Opportunity Commission (the "EEOC") has completed its review of his ADA claims and has issued a "right to sue" letter.

## ANALYSIS

### I. The Court May Screen this Action

Because plaintiff seeks to file this complaint without prepayment of the filing fee, summonses have not issued in order to allow the Court to review plaintiff's complaint to determine if it satisfies the substantive requirements of the federal in forma pauperis statute. See 28 U.S.C. § 1915. Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

### II. Absent Exhaustion Before the EEOC, This Court May Not Consider Plaintiff's Federal Employment-Law Claims

It appears that DesRosiers is attempting to bring his claims pursuant to Title I of the Americans with Disabilities

2

Act ("ADA"), 42 U.S.C. § 12101-12213, and Chapter 151B, Mass. Gen. Laws ch. 151B, § 1, et seq. ("Chapter 151B). Prior to bringing an action in federal court under the ADA, the ADA mandates compliance with the administrative procedures specified in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. See 42 U.S.C. § 12117 (incorporating by reference, inter alia, 42 U.S.C. § 2000e-5(f)(1)); Bonilla Muebles J.J. Alvarez, Inc., 194 F.3d 275, 277 (1st Cir. 1999). Such compliance must occur before a federal court may entertain a suit that seeks recovery for an alleged violation of Title I of the ADA. Bonilla, 194 F.3d at 277. Similarly, in order to bring claims of discrimination under Chapter 151B pursuant to this Court's supplemental jurisdiction,[1] a plaintiff must first submit a complaint to MCAD within six months of the

---

[1] Absent a federal question, this Court, of course, would not have original jurisdiction to consider plaintiff's state-law based employment claims because it does not appear that diversity of citizenship exists. See 28 U.S.C. § 1332 (diversity jurisdiction); Caterpillar Inc. v. Lewis, 519 U.S. 61, 69 (1996) (diversity jurisdiction requires complete diversity: the citizenship of each plaintiff must be diverse from each defendant); 28 U.S.C. § 1367(a) (in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution).

alleged unlawful conduct.  Mass. Gen. Laws ch. 151B §§ 5-9; accord Andrews v. Arkwright Mut. Ins. Co., 673 N.E.2d 40, 41, 423 Mass. 1021, 1021 (1996).

In states such as Massachusetts, which has its own state anti-discrimination agency and a "work-sharing" agreement with the EEOC, a charge filed with the MCAD, the state agency, is automatically referred to the EEOC after MCAD's initial review.  Thus, claims filed with MCAD or the EEOC are effectively filed with both agencies.  Seery v. Biogen, Inc., 203 F. Supp. 2d 35, 43 (D. Mass. 2002); see Davis v. Lucent Technologies, Inc., 251 F.3d 227, 230 n. 1 (1st Cir. 2001).

After the filing an administrative charge for Title I ADA claims, the EEOC must reach a final determination on the claims and render a decision stating whether it will pursue them in federal court or whether the complainant will be issued a "right-to-sue" letter.  Absent a final determination or a "right-to-sue" letter from the EEOC, a party generally may not bring a civil action under Title I of the ADA in federal court.  Bonilla, 194 F.3d 278; accord McKinnon v. Kwong Wah Restaurant, 83 F.3d 498, 504 (1st Cir. 1996) (Title VII plaintiff must file a timely EEOC charge and receive notice of a right to sue); Davis v. North Carolina Dep't of

4

Corr., 48 F.3d 134, 137-138 (4th Cir. 1995) ("right-to-sue" letter is essential to the initiation of a private employment discrimination action under Title VII).

Here, because plaintiff does not allege that the EEOC has issued a "right-to-sue" letter for his Title I ADA claims, his ADA claims are subject to dismissal without prejudice.[2] See, e.g., Tapia-Tapia v. Potter, 322 F.3d 742, 744-745 (1st Cir. 2003) (where district court gave party the benefit of the doubt by affording him an opportunity, through a show-cause order, to demonstrate that he had satisfied the preconditions for bringing suit on the ADEA claim and appellant was unable to make the requisite showing, court could dismiss action); Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) (although the filing of an administrative charge is not a jurisdictional prerequisite to suit, a plaintiff may not circumvent the requirement); accord Oscar Mayer & Co. v. Evans, 441 U.S. 750, 757 (1979) (same); Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996) (pro se status does not relieve an employee of the obligation to meet procedural

---

[2] In contrast to the ADA, a person claiming employment discrimination pursuant to Chapter 151B may bring a civil action only at the expiration of 90 days after the filing of a complaint with the MCAD, or sooner if a commissioner assents in writing, but not later than three years after the alleged unlawful practice occurred. See Mass. Gen. Laws ch. 151B, § 9.

5

requirements established by law).

If plaintiff's federal-law based ADA claims are dismissed without prejudice, then this Court will lack subject-matter jurisdiction over plaintiff's state-law based Chapter 151B claims, see, e.g., 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction), and may decline to exercise supplemental jurisdiction over them. See, e.g., Gonzalez-De Blasnini v. Family Dep't, 377 F.3d 81, 89 (1st Cir. 2004) (as a general rule, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit will trigger the dismissal without prejudice of any supplemental state law claims) (citing Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1177 (1st Cir. 1995)).[3]

## CONCLUSION

ACCORDINGLY, plaintiff demonstrate good cause, in writing, within thirty-five (35) days of the date of this Memorandum and Order why this action should not be dismissed

---

[3] Such a dismissal normally does not implicate an immediate time bar to the filing of any state-law based claims in state court. See Mass. Gen. Laws ch. 260, § 32 (claims dismissed for "any matter of form" may be re-filed in state court for one year after their dismissal); Duca v. Martins, 941 F. Supp. 1281, 1295 n. 14 (D. Mass. 1996) (dismissing state law claim without prejudice after dismissing federal claims because § 32 gave plaintiff one year in which to re-file his claim in state court); Liberace v. Conway, 574 N.E.2d 1010, 1012, 31 Mass. App. Ct. 40, 42-44 (1991) (Mass. Gen. Laws ch. 260 § 32 applies to state law claims dismissed by federal court declining to exercise supplemental jurisdiction).

without prejudice under 28 U.S.C. § 1915(e)(2) for the reasons stated above

SO ORDERED.

Dated at Boston, Massachusetts, this <u>5th</u> day of <u>October</u>, 2004.

<u>s/ Nancy Gertner</u>
NANCY GERTNER
UNITED STATES DISTRICT JUDGE