UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RODNEY D. DESROSIERS, Plaintiff | ) ) ) ) | C.A. NO. 04-11932-NG (SEALED) |
| V. | ) ) | F I L E D Clerk's Office |
| CITY OF LOWELL, MA. POLICE DEPARTMENT Defendant | ) ) ) ) | USDC, Mass. Date_____ By_____ Deputy Clerk |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**I.   INTRODUCTION**

Now comes the Defendant and requests that this Honorable Court dismiss the Plaintiff's Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. The grounds for the Defendant's motion are more fully explained below.

**II.   RELEVANT FACTS**

1.   The Plaintiff alleges in his Amended Complaint that he is unable to perform his job duties due to a medical condition. See Amended Complaint, ¶¶ 4, 6, 7, 31, 34, 35.

2.   The Plaintiff alleges in his Amended Complaint that he is entitled to "injury in the line of duty" benefits pursuant to M.G.L. c.41, §111F, which mandates that employers pay police officers who are incapacitated for duty because of an injury sustained in the performance of his duty. The Plaintiff filed a lawsuit against the City of Lowell seeking benefits pursuant to M.G.L. c.41, §111F, and the Plaintiff prevailed at trial. The matter is currently pending appeal before the Massachusetts Appeals Court. See Amended Complaint, ¶¶ 6, 7, 31, 32, 34, 35, and attached exhibits.

3. The Plaintiff alleges in his complaint that representatives of the City of Lowell Police Department failed to maintain the Plaintiff's medical information in a confidential manner. The Plaintiff filed a complaint against City employees based upon such allegations, and the matter is currently pending at Suffolk Superior Court, Civil Action Number SUCV2003-00794. See Amended Complaint, ¶¶ 7, 8, 10, 11, 12, 13, 16, 17, 18, 20, 21, 25, and attached exhibits.

4. The Plaintiff alleges in his complaint that the Lowell Police Department failed to provide Copeland Companies documentation to release 457K funds to the Plaintiff. The Plaintiff filed a cause of action against the Defendant for disparate treatment based upon such allegations at the Massachusetts Commission Against Discrimination, which was dismissed. See Amended Complaint, ¶¶ 22, 23, 24, and attached exhibits.

5. The Plaintiff's complaint alleges that the City of Lowell overcharged him for his health insurance benefits. The Plaintiff brought a cause of action against the Defendant for such actions at the Massachusetts Commission Against Discrimination, which was dismissed. See Amended Complaint, ¶¶ 26, 27, 28, 29, 30, and attached exhibits.

6. The Plaintiff's complaint alleges that the City of Lowell has subjected the Plaintiff to disparate treatment. The Plaintiff alleges that the City treated him differently than other employees who (1) have received benefits pursuant to M.G.L. c.41, §111F; (2) have requested documentation to withdraw money from a 457K fund; (3) have revealed their medical conditions to the police department. See Amended Complaint ¶¶ 12, 22, 24, 25, 33, 34, 35, and attached exhibits.

## III. ARGUMENT

### A. Standard of Review

When reviewing a motion to dismiss, the Court must accept as true all well-pleaded allegations and give plaintiffs the benefit of all reasonable inferences. See Gross v. Summa Four,

Inc., 93F.3d 987, 991 (1st Cir. 1996). Dismissal is appropriate if the complaint, so viewed, presents no set of facts justifying recovery. See Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989).

While the Defendant denies most of the allegations in the Plaintiff's Amended Complaint, the Defendant recognizes that the Court will accept the allegations as true for the purpose of this motion to dismiss.

**B.    The City of Lowell, MA. Police Department is not a legal entity and cannot, therefore, be subjected to a lawsuit.**

The Plaintiff instituted this action against the City of Lowell, Ma. Police Department. The Lowell Police Department is not a body corporate or politic and has no independent legally recognized status. See Curran v. City of Boston, 777 F.Supp. 116 (1991).

ARGUMENT

Rule 10(a) of the Federal Rules of Civil Procedure requires that a plaintiff, in the complaint, name the parties to the suit. The duty to correctly name a defendant party falls to the plaintiff in his drafting of a complaint which is sufficient to put on notice of the suit all those parties sought to be held liable for the alleged wrong. See 59 Am Jur. 2d, Parties, §243.

In this case, the Plaintiff named the "City of Lowell, Ma. Police Department" as a Defendant. The Lowell Police Department has no legally recognized status. The Lowell Police Department, therefore, cannot be sued as a separate, individual entity. Therefore, the Court should dismiss the Plaintiff's complaint.

**C.    Failure to Exhaust Administrative Remedies**

The Court should dismiss the claims in the Plaintiff's complaint for disparate treatment under the Americans with Disabilities Act because the Plaintiff failed to exhaust his administrative remedies. In order to bring an action in federal court for violation of Title I of the ADA the plaintiff must first exhaust his administrative remedies by filing a claim with the EEOC

3

or a comparable state agency. Bonilla v. Nuebles J.J. Alvarez,Inc., 194 F.3d 275, 277 (1st Cir. 1999). The purpose of the exhaustion requirement is to provide the employer prompt notice of the claim and to allow for the possibility of early conciliation. Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996). In order for the exhaustion requirement to fulfill its purpose, the plaintiff is required to exhaust each claim of discrimination. Davis v. Lucent Tech., Inc., 251 F.3d 227, 231 (1st Cir. 2001). Absent compelling circumstances, failure to exhaust administrative remedies in an ADA case is fatal. Bonilla, 194 F.3d at 277.

The Plaintiff's complaint alleges 3 theories of disparate treatment: (1) he was treated differently than another employee who had received benefits pursuant to M.G.L. c. 41, § 111F; (2) he was treated differently than employees who have requested documentation to withdraw money from a 457K fund; (3) he was treated differently than other employees who have revealed their medical conditions to the police department.

First, the Plaintiff failed to file a complaint before the EEOC or any other agency of competent jurisdiction regarding his claim that he was treated differently than another employee who had received benefits pursuant to M.G.L. c. 41, § 111F. His complaint fails to allege that he exhausted the administrative remedies available to him. Since the Plaintiff failed to exhaust his administrative remedies, the Court should dismiss the Plaintiff's claim that the Defendant violated the ADA when it allegedly treated the Plaintiff differently than another employee who had received benefits pursuant to M.G.L. c. 41, § 111F

Second, the Plaintiff failed to exhaust the remedies available to him pursuant to the Administrative Procedure Act, M.G.L. c. 30A. The Plaintiff already pursued claims of disparate treatment at the Massachusetts Commission Against Discrimination, the complaints for which alleged that he was treated differently than employees who have requested documentation to withdraw money from a 457K fund; that he was treated differently than other employees who

have revealed their medical conditions to the police department; and that the actions the City took with regard to his health insurance were acts of discrimination. The Massachusetts Commission Against Discrimination found against the Plaintiff, and the Plaintiff failed to seek judicial review in accordance with M.G.L. c. 30A. This Court, therefore, lacks jurisdiction over the foregoing issues and should dismiss the Plaintiff's complaint.

D. **This Court Lacks standing because the Plaintiff is not a qualified handicapped person.**

The Court should dismiss the Plaintiff's complaint in its entirety, which the Plaintiff states is brought pursuant to the Americans with Disabilities Act for disparate treatment[1], because fails to meet the prerequisites for a claim of disparate treatment. To recover under a theory of disparate treatment under the Americans with Disabilities Act, the Plaintiff must make a threshold showing that (1) he suffers from a disability or handicap; (2) he was nevertheless able to perform the essential functions of his job, either with or without reasonable accommodation, and (3) that his employer took an adverse employment action against him because of his protected disability. Carroll v. Xerox Corp., 294 F.3d. 231, 237 (1st Cir. 2002) citing Lessard v. Osram Sylvania, Inc., 175 F.3d. 193, 197 (1st. Cir. 1999).

The Plaintiff's complaint on its face shows that he cannot prove the threshold requirements, because the complaint alleges that he is incapacitated from performing his job duties. See Amended Complaint, ¶¶ 6, 7, 31, 32, 34, 35. The Plaintiff accordingly cannot prove his theory of disparate against the Defendant, and the Court should therefore dismiss the complaint.

E. **This Court Lacks Jurisdiction Over Claims Where Jurisdiction Has Already Attached In Other Courts.**

The Court should dismiss the claims the Plaintiff articulated in his complaint regarding

---

[1] See Amended Complaint, ¶3. 12, 22, 24, 25, 33, 34, 35

disclosure of medical information and benefits pursuant to M.G.L. c. 41, § 111F, because such issues are pending in the Massachusetts Trial Court. It is well settled that where "different courts of the same sovereign power have concurrent jurisdiction of the same causes, the one whose jurisdiction is first duly invoked has authority paramount over other courts. It acquires exclusive jurisdiction over the subject and so long as the proceeding is pending before it no action can be taken by any other court." White v. White, 322 Mass. 461, 465 (1947), quoting from Old Colony Trust Co. v. Segal, 280 Mass. 212, (1932).

A bench trial in Suffolk Superior Court occurred to determine whether or not the Plaintiff is entitled to benefits under M.G.L. c. 41, § 111F. See Doe v. City of Lowell, SUCV2001-00843F. In November of 2004, Judge Geraldine Hines ruled in the Plaintiff's favor. See Amended Complaint ¶ 31. The City has filed post trial motions in superior court, and has also appealed Judge Hines' decision to the Massachusetts Appeals Court. This Court therefore lacks jurisdiction over the issue of entitlement to benefits under M.G.L. c. 41, § 111F.

The Plaintiff filed a lawsuit against City employees for invasion of privacy due to the alleged disclosure of his medical information. See Desrosiers v. Davis, et al, SUCV2003-00794-G. A pretrial conference of this matter is scheduled in April, 2005. Since Suffolk Superior Court has retained jurisdiction over that matter, this Court should dismiss all claims regarding invasion of privacy or disclosure of medical information.

## IV.  CONCLUSION

For the foregoing reasons, the Defendant respectfully requests that this Honorable Court dismiss the Plaintiff's complaint in the above captioned matter.

February 15, 2005

                              Respectfully submitted:
                              CITY OF LOWELL, MA. POLICE
                              DEPARTMENT, DEFENDANT

                              */s/ Kimberley A. McMahon*
                              Kimberley A. McMahon, Assistant City Solicitor
                              BBO #641398
                              City of Lowell Law Department
                              375 Merrimack Street, 3rd Fl.
                              Lowell MA 01852-5909
                              (978) 970-4050
                              FAX (978) 453-1510

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing document was served via overnight express mail upon Rodney Desrosiers, Pro Se, 34 Shurtleff Street, #2, Chelsea, MA, 02150 on February 15, 2005.

                              */s/ Kimberley A. McMahon*
                              Kimberley A. McMahon, Assistant City Solicitor