F I L E D
Clerk's Office
USDC, Mass.
Date 3/1/05
By _____
Deputy Clerk

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

Rodney D. Desrosiers                    C.A. NO. 04-11932-NG (SEALED)
   **Plaintiff**

**V.**

**City of Lowell, MA**
**Police Department**
   **Defendant**

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO "DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT"

### I.   INTRODUCTION

Now comes Plaintiff, Rodney D. Desrosiers ["Plaintiff"], in the above-captioned

matter to oppose the "Defendant's Motion to Dismiss the Amended Complaint".

As grounds for his opposition, Plaintiff first states the following to outline for this

court the history of the "administrative actions" which occurred before the

Plaintiff's complaint reached this court.  The Plaintiff then argues in the

ARGUMENT section below why the Defendants "Motion to Dismiss the Amended

Complaint" should be denied.

The Plaintiff filed a complaint for Disability Discrimination against the City of

Lowell Police Department with the Massachusetts Commission against

Discrimination (hereafter MCAD) on August 21, 2000 (MCAD Docket #

00132550) and filed an amended complaint on November 24, 2000 (see

attachments "A" and "B"). The Plaintiff's MCAD complaint alleged disparate treatment by his employer, in that he was treated differently because of his disability than similarly situated employees, in that his employer refused to protect his right to medical confidentiality, in contrast to the medical privacy protection they offered other employees. The Plaintiff also alleged in this proceeding that he was treated differently than other employees when the plaintiff's employer refused to provide wage and sick leave documentation for Copeland Companies at the Plaintiff's request. The plaintiff filed a second complaint (see Attachment "C") with the MCAD on March 31, 2003 (Docket # 03BEM01030) which alleged disability discrimination and retaliation against the Plaintiff when the City of Lowell, after notification, chose to disregard Massachusetts General Law (Chapter 32B, Section 7A, subsection b) and the plaintiff's union contract, which both specified that the plaintiff pay a much lower health insurance premium payment then the 102% payment that was demanded of the plaintiff by the City of Lowell. This second MCAD complaint alleging discrimination and retaliation was subsequently merged by MCAD into the initial MCAD complaint (MCAD Docket # 00132550). This complaint (MCAD Docket # 00132550) was dismissed by MCAD on September 18, 2003, for lack of probable cause, at which time the plaintiff timely filed an appeal before the MCAD (see attachments "D and "E"). On November 20, 2003 the MCAD appeals process affirmed the decision of the lack of probable cause finding and denied the plaintiff's appeal (see attachment "F"). The Plaintiff then timely filed a request for a substantial weight review before the Equal Employment Opportunity

2

Commission (hereafter EEOC) on December 3, 2003 (see attachment "G").  On

June 7, 2004 the EEOC adopted the findings of MCAD and issued the plaintiff a

"right to sue" letter (see attachment "H").

## II. ISSUES

- A. The Plaintiff has set out allegations of discrimination and retaliation sufficient to prove a claim against the City of Lowell for violations of Massachusetts General Law, Chapter 151B, Section 4, subsection 4 and 16, as well as violations of the "Americans with Disabilities Act".
- B. The Defendant party is properly named in this complaint and has been put on notice that they are the party that is to be held liable for the alleged wrong.  The United States Marshall Service has properly served the Defendant.
- C. The Plaintiff has exhausted all the proper administrative channels before filing this action with the court and was in possession of a "Right to Sue" letter from the EEOC.
- D. The Plaintiff is allowed under the "Continuing Violation Doctrine" to include in the amended complaint the latest examples of continuing retaliatory and discriminatory treatment by the Defendant since discrimination and retaliation where the subject matter of his MCAD and EEOC complaint.
- E. Benefits allowable under M.G.L. Chapter 41, Section 111F (Police Officers Workers Compensation Law) are not inconsistent with employment discrimination claims under M.G.L. Chapter 151B or the "Americans with Disabilities Act".
- F. The City of Lowell is not named as a Defendant in any other court in matters similar to these, and no other court has attached these Discrimination claims against the City of Lowell.  This court therefore has jurisdiction over the Plaintiff's claims against the City of Lowell for violations of Massachusetts General Law, Chapter 151B, Section 4, subsections 4 and 16, and the "Americans with Disabilities Act".

## III. ARGUMENT

## A. THE PLAINTIFF HAS STANDING FOR A CLAIM BEFORE THIS COURT

The Plaintiff has set forth in his amended complaint discriminatory acts by the

Defendant against the Plaintiff.  When reviewing a motion to dismiss the court

must accept as true all well-pleaded allegations and give the plaintiff the benefits

of all reasonable inferences.  See Gross V. Summa Four Inc., 93F.3d 987,991

(1st Cir. 1996). The acts of the Defendant as spelled out in the amended complaint subjected the Plaintiff to disparate and retaliatory treatment by the Defendant in violation of Massachusetts General Law Chapter 151B, Section 4, subsections 4 and 16, and the "Americans with Disabilities Act" (hereafter "ADA"). These acts are not speculative but actual, and they have caused the Plaintiff emotional distress and loss of income. The Plaintiff is therefore a "person aggrieved" as a result of the Defendant's actions, and meets the test for standing as set forth in *Ginther V. Commissioner of Insurance, 427 Mass. 319-323, 693 N.E. 2d 153 (1998)*.

## B. THE CITY OF LOWELL IS A LEGAL ENTITY SUBJECT TO A LAWSUIT

The City of Lowell, MA. is named in this complaint as the Defendant and is subject to a lawsuit. The City of Lowell in filing this "Motion to Dismiss" acknowledges "service of process" by the United States Marshall Service (see attachment "I") and has demonstrated sufficient and intimate details of this case which would cause them to have sufficient notice that they are the party sought to be held liable for the alleged wrong. The fact that the Plaintiff listed the department he was employed in, as a City of Lowell employee, should not spoil this complaint. Furthermore the City of Lowell, represented previously as well by Attorney McMahon, defended the subject matters of this complaint throughout the entire MCAD process where the MCAD had identified the defendant as "City of Lowell Police Department" without objection from the Defendant. If this court does believes that the Defendant is improperly named in this complaint then the Plaintiff would respectfully request that the court allow the Plaintiff to amend the

4

Defendant's name on this complaint from "City of Lowell, MA. Police Department"
to "City of Lowell, MA."

## C. THE PLAINTIFF HAS EXHAUSTED ALL ADMINISTRATIVE REMEDIES AND IS IN POSSESSION OF A "RIGHT TO SUE" LETTER FROM THE EEOC.

This court ruled on November 16, 2004, after the plaintiff had submitted his
"Motion to Show Cause", that the plaintiff had properly exhausted all of his
administrated remedies and was in possession of a "Right to Sue" letter issued
by the EEOC. The Defendants argument, that because the Plaintiff never sought
judicial review of the final MCAD decision by way of M.G.L. Chapter 30A would
constitute a failure to exhaust "Administrative Remedies" should not be accepted
by this court or be deemed to be fatal to the plaintiff's action. Two of the cases
cited by the Defendant on this matter, *Bonilla v. Nuebles (sic) J.J. Alvarez, Inc.*
and *Davis v. Lucent Tech, Inc.* are not relevant to the matter before this court as
both of these cases deal with the failure of those plaintiff's to file timely
discrimination claims before the statute of limitations ran out. The Plaintiff in the
instant case has never missed a filing deadline in any matter before the MCAD or
EEOC. The *Lattimore v. Polaroid Corp.* case also cited by the defendant is not
relevant to the instant case as the nature of the Plaintiff's claims before the court
now are not entirely different claims that where before the MCAD and EEOC.
The Plaintiff argues that any failure to seek review of the final MCAD decision by
way of M.G.L. Chapter 30A would not constitute a failure to exhaust
"administrative remedies". The evidence in the Plaintiff's case clearly
demonstrates that the Plaintiff did not cut short, or abandon, the administrative

5

process prior to its final disposition, and that the Plaintiff pursued his administrative claims with diligence and in good faith. The Plaintiff therefore should be allowed to seek redress from the courts, as after proceeding administratively, a claimant is entitled to a trial in federal court on the merits of the case and not on a review of an administrative record *42 U.S.C. S 2000e-16(c); Chandler v. Roudebush, 425 U.S. 840, 863-64 (1976).* In determining if a review under M.G.L. Chapter 30A is required as part of an "administrative remedy" this Plaintiff would respectfully argue that since a review was being conducted by the EEOC during the 30 day review window allowed by M.G.L. Chapter 30A, then a second review of the MCAD decision would not be required. The EEOC also completed it's review of the MCAD decision well after the 30 day deadline for filing of reviews under M.G.L. Chapter 30A had passed, so applying for this remedy was no longer available to the Plaintiff. In further arguing that the Defendant's position on this matter is not proper, the Plaintiff would argue that the Defendants position would be incompatible to the goals of the "ADA", which although Congress provided for administrative relief, it intended that claimants have access to the courts and that the federal courts ultimately be responsible for enforcing civil rights.

**D.  THE PLAINTIFF IS ALLOWED UNDER THE "CONTINUING VIOLATION DOCTRINE" TO INCLUDE IN HIS AMENDED COMPLAINT THE LASTEST EXAMPLE OF RETALIATORY AND DISCRIMINTORY TREATMENT BY THE DEFENDANT.**

The Defendant's claim that the Plaintiff must file a new complaint before the EEOC or another agency of competent jurisdiction regarding the Plaintiff's claim

that he was treated differently than another employee, in regard to the denial of

employment benefits under M.G.L. chapter 41, section 111F, after the

Massachusetts Superior Court ruled in the Plaintiff's favor in November 2004

(see attachment "J").  The Plaintiff argues that the mention of the Defendant's

action in the amended complaint is to highlight for the court a further example of

discriminatory and retaliatory action by the Defendant which the Plaintiff should

be allowed to present under the "Continuing Violation Doctrine" since it presents

additional facts or allegations related to the subject matter of the original

complaint (a series of adverse and retaliatory actions on the part of the

Defendant towards the Plaintiff).

**E.  THE PLAINTIFF'S PURSUIT OF BENEFITS UNDER M.G.L. CHAPTER 41, SECTION 111F DOES NOT AUTOMATICALLY STOP THE PLAINTIFF FROM PURSUING A DISCRIMINATION CLAIM.**

In _Cleveland v. Policy Management Systems Corp_ (1999), the United States

Supreme Court unanimously held that pursuit and receipt of social security

benefits does not automatically stop a recipient from pursuing an "ADA" claim or

even create a strong presumption against success under the "ADA".  The Court

ruled "that despite the appearance of conflict that arises from the language of the

two statutes, the two claims do not inherently conflict to the point where courts

should apply a special negative presumption like the one applied by the Court of

Appeals here".  The court noted "there are too many situations in which an SSDI

claim and an ADA claim can comfortably exist side by side" and "for one thing, as

we have noted, the ADA defines a "qualified individual" to include a disabled

person "who ... can perform the essential functions" of her job "with reasonable

accommodation". The Massachusetts Supreme Court ruled in _Russell V. Cooley Dickerson Hospital, Inc._ (August 8, 2002) that a hospital employee could bring suit against her employer for handicapped discrimination under Chapter 151B, even though she was receiving total disability benefits". The Massachusetts Supreme Court also ruled in _Labonte v. Hutchins & Wheeler, 424 Mass. 813, 821 (1997)_ that because an employee seeks workers compensation benefits the employee is not automatically disqualified from pursing a handicap discrimination claim. The plaintiff's separate pursuit of benefits under M.G.L. Chapter 41, Section 111F should therefore not automatically stop the plaintiff from pursuing the discrimination claims before this court since M.G.L. Chapter 41, Section 111F does not take the possibility of "reasonable accommodation" into account, nor need an applicant refer to the possibility of "reasonable accommodation" when they apply for benefits under M.G.L. Chapter 41, Section 111F. As further evidence that the Plaintiff's Discrimination claims in this case should not be stopped by his pursuit of benefits under M.G.L. chapter 41, Section 111F, the Plaintiff would argue that the City of Lowell has as a past practice allowed police officers "reasonable accommodations", which included voluntary "desk duty" assignments and long term medical leaves of absences (for periods of several years in some circumstances) for Police Officers suffering injury or illness that may or may not be job related. The Defendant has never argued that either of these two accommodations would be an undue hardship. The employer bears the burden of proving that the accommodation is unreasonable and imposes an

"undue hardship". _Cehrs v. Northeast Ohio Alzheimer's Research Center,_ 155

F.3d 775 (6th Cir.1998), at 781.


## F. THIS COURT HAS JURISDICTION OVER THE PLAINTIFF'S CLAIMS AGAINST THE CITY OF LOWELL AND NO OTHER COURT HAS ATTACHED JURISDICTION ON THESE DISCRIMINATION CLAIMS.

The Plaintiff has pending a separate civil action (Docket # SUCV2003-00794-G)

under M.G.L. Chapter 214, Section 1B (right to privacy stature) against three

citizens in their individual capacity, and not in any capacity as municipal

employees (see attachment "K"). The City of Lowell is not named as a

Defendant in civil action #SUCV-2003-00794-G, and in fact, M.G.L. Chapter 214,

Section 1B would forbid the naming of the City of Lowell as a defendant in the

matter, since municipalities cannot be held responsible for an employee's

intentional violation of the Massachusetts right to privacy statute. Honorable

Massachusetts Superior Court Justice Thomas Billings, in a ruling dated

November 24, 2003, which denied defendant Edwards Davis' "motion to change

tracks", ruled that "this case is not, and could not, be brought under G.L. Chapter

258" (The statute which controls actions against the Commonwealth or it's

Municipalities), (see attachment "L"). Contrary to the Defendant's arguments in

the motion before the court now, the Plaintiff is not asking this court to rule on the

merits of his claim for benefits under M.G.L. Chapter 41, Section 111F. The

Plaintiff is however arguing that since the Superior Court of Massachusetts has

ruled in favor of the Plaintiff in that matter, and the Defendant has to this date

refused to obey such order, that the defendants adverse action constitutes a

9

continuing pattern of discriminatory and retaliatory treatment that the Plaintiff has been subjected to in shape contrast to other employees.  Since the "Right to Privacy" case does not, and cannot, name the City of Lowell as a Defendant, and the right to workers compensation benefits case is a completely different subject matter, then the City of Lowell should not be excused, in the matter before this court, from defending itself against violations of Federal and State Discrimination laws.

## CONCLUSION

For the foregoing reasons, the Plaintiff respectfully request that this Honorable Court dismiss the Defendant's Motion in the above captioned matter.

February 28, 2005

Respectfully submitted:
Rodney D. Desrosiers
      Plaintiff

_____ (pro se)

Rodney Desrosiers (pro se)
34 Shurtleff St. #2
Chelsea, MA. 02150
978-884-9832

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served via first class mail upon the Defendant, City of Lowell, MA., 375 Merrimack St., 3rd Floor, Lowell MA. 01852 on February 28, 2005.

_____ (pro se)

Rodney D. Desrosiers (pro se)

10