COMMONWEALTH OF MASSACHUSETTS
COMMISSION AGAINST DISCRIMINATION

| | | |
|---|---|---|
| Rodney Desrosiers | ) | MCAD Docket No. 00BEM2550 |
| Complainant | ) | EEOC Number 16CA02593 |
| | ) | |
| v. | ) | |
| | ) | |
| City of Lowell | ) | |
| Respondent | ) | |

APPEAL OF DISMISSAL

The Complainant appeals the dismissal of the above-captioned matter and seeks a determination that the Commission's finding of lack of probable cause was in error on fact and law, and new evidence and states in support of his appeal as follows:

Procedural Note: Pursuant to 804 CMR 1.15(7) the Investigating Commissioner is to apply a "more probable than not" standard in his review of the Memoranda of Fact and Law submitted by the parties.

I. The Complainant Has Met the More Probable than Not Standard for Discriminatory Animus

A. The Commission Has Found that It Is More Probable than Not that There Was a Release of the Complainant's Confidential Information

In the first paragraph of that portion of the Commission's Memorandum entitled Handicap Discrimination, the Commission states:

"While the release of his confidential information is troubling and may be the basis of a successful action in another forum, Complainant has provided

insufficient information to show this behavior was motivated by discriminatory intent."

Note: Discriminatory animus is the only element of the prima facie case as to which the Commission indicates in its Memorandum the Complainant has made an inadequate showing.

B. <u>The Complainant Has Shown that the Release of his Confidential Information by the Respondent is Linked to Discriminatory Animus</u>

1. <u>Disparate Treatment</u>

    a. <u>The Commission Has Ignored the Respondent's Admission of Disparate Treatment</u>

The Complainant suffered disparate treatment as compared to other Lowell police officers because the Department failed to maintain the confidentiality of his medical records, in violation of its own policies, while keeping confidential the medical conditions of other officers who had taken extended sick leave. (See Paragraph 9 of the Respondent's Position Statement.) [This argument is advanced in the Complainant's Memorandum of Fact and Law, II. The Complainant's Prima Facie Case, paragraph 3.]

Paragraph 9 of the Respondent's Position Statement states as follows: "The Respondent admits that "other police officers have taken extended sick leave from the Department due to their medical conditions, and their medical conditions have been kept confidential by the Department."

    b. <u>The Complainant's Comparators Were All Officers on Extended Medical Leave. The Commission Erred by Defining the One Exception to that Class as the Comparator</u>

2

The comparators put forward by the Complainant were all officers on extended sick leave. They <u>all</u> had their medical records kept confidential **except** for one officer who did not attempt to hide his diabetes.. The officer with diabetes was <u>**not**</u> the comparator. [See Paragraph 19 of the Complainant's Memorandum of Fact and Law, I. Factual Background] <u>The Commission failed to find disparate treatment because it mistakenly focused on the one exception rather than the rule</u>.

<u>c. The Commission Ignored the Department's Disparate Treatment of the Complainant With Regard to His Retirement Fund</u>

Paragraph 26 of the Complainant's Memorandum of Fact and Law, I. Factual Background shows that the Complainant was treated differently from other officers seeking confirmation for the servicer of the retirement fund of illness and wage information, as follows:

> In May 2000, the Complainant had sought to withdraw funds from his personal 457K retirement funds on a hardship basis due to his reduced income caused by being out on sick leave. Copeland required confirmation that the Complainant was out sick and wage information in order to honor the Complainant request. Although this information is given by the Department routinely, and in every case, it was not provided to Copeland for the Complainant. (See Complainant's deposition, page 113-117. See transcript of Copeland tape. See Demarais deposition, pages 9-10.)

<u>2. The Commission Failed to Find Discriminatory Animus Based on the Department's False Position on Its Adverse Employment Action</u>

3

a. The Department's position is that it never released the Complainant's confidential medical information. (See Paragraph 10. of the Respondent's Position Statement.)

b. The Commission has found that the Department did release the Complainant's confidential medical information.

c. The Complainant does not need to prove "deliberate reflection or conscious thought" to establish discriminatory animus. If the fact finder is persuaded that one or more of the employer's reasons for an adverse employment action is false, "it may infer that the employer is covering up a discriminatory intent, motive or state of mind." Lipchitz v. Raytheon Company, 434 Mass. 493 (2001). [See paragraph 5 of II. The Complainant's Prima Facie Case, the Complainant's Memorandum of Fact and Law.]

d. Since the Commission has found that it is more probable than not that the Department's denial that it released the Complainant's confidential medical information is false, the Commission should infer that the employer is covering up a discriminatory intent, motive or state of mind. This is especially true in the instant case, where the Commission itself has found that HIV is "markedly different in its social stigma from many other

conditions" [See the second to the last paragraph of the Commission's Memorandum, in the portion entitled Disparate Treatment.]

3. <u>The Commission Has Ignored the Most Recent Example of the Department's Disparate Treatment of the Complainant with Regard to His Health Insurance as Set Forth in His MCAD Complaint Dated March 31, 2003, Docket No. 031301030, Which Was Combined with the Above-captioned Matter. (See the Commission's Memorandum, footnote to opening paragraph.)</u>

    a. The Complainant alleges in his 2003 Complaint that similarly situated police officers out on sick leave pay only 50% of the premium for their health insurance pursuant to M.G.L. c. 32B, Section 7A ( a copy of which is attached hereto as Exhibit A), while the Respondent has required him to pay first 102% of the premium, and then 100% of the premium. [In his 2003 Complaint, the Complainant incorrectly refers to M.G.L. c. 32B, Section 7A as Chapter 7A, but the relevant chapter and section are clear from the content of the Complaint.]

    b. The Complainant states in his 2003 Complaint that the Respondent has required him to pay a higher amount for health insurance coverage than they require of other employees similarly situated, by taking the false position that he is out on a leave of absence, as opposed to a medical leave. (See letter to Attorney Ellen Poster dated January 16, 2003 from Kathy Tierney, Human Relations Manager, City of Lowell, attached hereto as Exhibit B.)

c. In fact, the Respondent has taken the position that the Complaint is out on medical leave. (See Paragraph 8. of the Respondent's Position Statement to Docket No. 00132550; the Respondent's Memorandum of Fact and Law submitted in connection with Docket No. 001323550, and Deposition of Chief of Police Davis, attached hereto as Exhibit C.)

d. The City acknowledges that it treats employees' health insurance coverage according to M.G.L. c. 32B Section 7A. (See letter to Attorney Ellen Poster dated January 16, 2003 from Kathy Tierney, Human Relations Manager, City of Lowell.) Section 7A requires employees out on medical leave to pay 50% of their health insurance premiums.

e. The City has required the Complainant pay first 102% of the premium, and then 100% of the premium. (See Paragraphs 5. and 18. of the Respondent's Answer and Position Statement to the Complainant's 2003 Complaint, attached hereto as Exhibit D.)

f. Therefore, the Complainant has shown disparate treatment in a condition of his employment pursuant to the standard set forth in the Commission's Memorandum under the portion entitled Disparate Treatment.

g. Further, the Complainant does not need to prove "deliberate reflection or conscious thought" to establish discriminatory animus. If the fact finder is persuaded that one or more of the employer's reasons for an

adverse employment action is false, "it may infer that the employer is covering up a discriminatory intent, motive or state of mind." Lipchitz v. Raytheon Company, 434 Mass. 493 (2001). The false reason in this case is the City's position that the Complainant is not on medical leave, when the documents filed before the Commission, and the deposition given by the Chief of Police under oath, state that the Complainant is on medical leave

III. Conclusion

Based on the Respondent's admissions, the Commission's findings of fact in the above-captioned matter, and new information supplied to the Commission in the Complainant's 2003 Complaint and herewith, it should overturn the dismissal of the Complainant's Complaint.

Respectfully submitted,
Rodney Desrosiers, Complainant
By his counsel

Ellen L. Poster
68 Commercial Wharf
Boston, MA 02110
(617)742-6767
BBO No. 404080

Date: November 10, 2003