COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
SUPERIOR COURT DEPARTMENT

SUFFOLK, SS.                                                          SUCV2003-00794

| | | |
|---|---|---|
| RODNEY DESROSIERS, Plaintiff | ) ) ) | Notice sent 11/25/2003 |
| V. | ) ) ) | K. A. Mc. E. L. P. |
| EDWARD F. DAVIS, III JUDITH SWEET DENNIS R. CORMIER Defendants | ) ) ) ) | (sc) |

### DEFENDANT EDWARD DAVIS' MOTION TO CHANGE TRACKS

#### I.   INTRODUCTION

Now comes the Defendant, Edward Davis, in the above captioned matter and moves that this Honorable Court and the Regional Administrative Justice allow his Motion to Change Tracks. For reasons set forth more fully below, Track "A" is the appropriate track for this matter.

#### II.   ARGUMENT

**Track "A" is the Appropriate Track for This Matter Because the Plaintiff Named a Municipal Officer of The City of Lowell as a Defendant.**

The Plaintiff bases his complaint against Superintendent Edward Davis, a municipal officer of the City of Lowell, on alleged acts Davis performed while in the performance of his duties as a municipal officer, specifically the Superintendent of Police. The case against the Superintendent of Police in his official capacity, therefore, is actually a case against the municipality of the City of Lowell. Brandon v. Holt, 469 US 464, 471-472 (1985), Stratton v. Boston, 731 F.Supp. 42, 26 (1989), Sadlowski v. City of Leominster, 1999 Mass. Super. LEXIS 22.

DESROSIERS V. SWEET, ET AL

Pursuant to Superior Court Standing Order 1-88, this Court and the Regional Administrative Justice should change the track in this action from the "Fast" track to the "Average" track because the Plaintiff named a municipality as a Defendant. Cases against municipalities must be placed in a Track "A" as provided by schedule "A", Miscellaneous E03, ("Actions against Commonwealth or Municipality"). See Standing Order 1-88(F). This schedule (E03) does not distinguish amongst actions brought against the Commonwealth or a municipality, and, therefore, is reasonably interpreted as encompassing all actions against said entities.

Actions against the Commonwealth and municipalities have been removed from the typical tort and equity actions in Track "F" and placed in Track "A". The reason for a suit against a municipality being placed in Track "A" is most likely due to the status of the defendant (a governmental unit) rather than the nature of the action. A municipality will have, at any given time, a large number of suits pending against it, and a limited number of work hours to address those suits. Maintaining this action in Track "A" will frustrate the Defendant's opportunity to adequately prepare its defense and motions, and in accordance with the foregoing standing order and the interest of justice, this case is properly placed in Track "A".

Furthermore, Note 1 to Standing Order 1-88 illustrates an instance of changing a case from a Fast Track to an Average Track. It would seem logical that justice is served by extending time for certain actions when they fall in both a Fast and Average Track. Additionally, an accelerated tracking order would prejudice the Defendants by not allowing a proper time period to perform adequate discovery and research.

If the Court denies the Defendant's motion to change the track from Track "F" to Track "A", the E03 designation in Track "A" for municipalities will effectively be rendered

meaningless. Hence, the Court and the Regional Administrative Justice should allow the Defendant's motion and assign this matter to Schedule "A" because the Plaintiff sued a municipality.

### III. CONCLUSION

For the foregoing reasons, the Defendants respectfully request that this Honorable Court and the Regional Administrative Justice allow Defendant Edward Davis' Motion to change this case to the Average Track.

October 15, 2003

Respectfully submitted,
**Defendant Edward Davis III,**
**By his attorney,**

Kimberley A. McMahon, Assistant City Solicitor
BBO# 641398
City of Lowell Law Dept.
375 Merrimack Street, 3rd Floor
Lowell MA 01852-5909
(978) 970-4050
FAX (978)453-1510

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served on Ellen L. Poster, Esq., 68 Commercial Wharf, Boston MA 02110, via facsimile and first-class mail, on October 15, 2003.

Kimberley A. McMahon, Assistant City Solicitor