UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **RODNEY D. DESROSIERS,**<br>  Plaintiff | )<br>)<br>) |
| V. | )<br>) |
| **CITY OF LOWELL, MA.**<br>**POLICE DEPARTMENT**<br>  Defendant | )<br>)<br>) |

C.A. NO. 04-11932-NG (SEALED)

### DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

### PARTIES

1. The Defendant, City of Lowell ("Defendant"), lacks sufficient knowledge to admit or deny the allegations in this paragraph.

2. As to the allegations that the City of Lowell MA., Police Department is a legal, suable entity, and that it is located at 375 Merrimack Street, Lowell, Massachusetts, the Defendant denies the allegations in this Paragraph and calls upon Plaintiff to prove same. The Defendant admits the remaining allegations in this paragraph.

3. The Defendant admits the allegation in the first sentence of this paragraph. The Defendant. The Defendant denies the allegation in the second sentence of this paragraph and calls upon Plaintiff to prove same.

4. The Defendant has insufficient knowledge to either admit or deny the allegations in this Paragraph.

5. The Defendant denies the allegations in this paragraph and calls upon Plaintiff to prove same.

6. The Defendant denies the allegations in the first and third sentences of this paragraph and

calls upon Plaintiff to prove same. The Defendant admits the allegation in the second sentence of this paragraph.

7. The Defendant has insufficient knowledge to either admit or deny the allegations in this paragraph.

8. The Defendant has insufficient knowledge to either admit or deny the allegations in this paragraph.

9. The Defendant has insufficient knowledge to either admit or deny the allegations in this Paragraph.

10. The Defendant has insufficient knowledge to either admit or deny the allegations in this paragraph.

11. The Defendant has insufficient knowledge to either admit or deny the allegations in this paragraph.

12. The Defendant denies the allegations in this paragraph and calls upon Plaintiff to prove same.

13. The Defendant admits the allegations in this paragraph.

14. The Defendant has insufficient knowledge to either admit or deny the allegations in this paragraph.

15. The Defendant has insufficient knowledge to either admit or deny the allegations in this paragraph.

16. The Defendant has insufficient knowledge to either admit or deny the allegations in this paragraph.

17. The Defendant has insufficient knowledge to either admit or deny the allegations in this paragraph.

18. The Defendant has insufficient knowledge to either admit or deny the allegations in this paragraph.

19. The Defendant has insufficient knowledge to either admit or deny the allegations in this paragraph.

20. The Defendant has insufficient knowledge to either admit or deny the allegations in this paragraph.

21. The Defendant denies the allegations in this Paragraph and calls upon Plaintiff to prove same.

22. The Defendant denies the allegations in this paragraph and calls upon Plaintiff to prove same.

23. The Defendant denies the allegations in this paragraph and calls upon Plaintiff to prove same.

24  The Defendant has insufficient knowledge to either admit or deny the allegations in this paragraph.

25. The Defendant admits the allegations in the first sentence of this paragraph. And further answering, the Defendant denies the allegations in the second sentence of this Paragraph, calls upon Plaintiff to prove same, and has insufficient knowledge to either admit or deny the allegations in the third sentence of this paragraph.

26. The Defendant denies the allegations in this paragraph and calls upon Plaintiff to prove same.

27. The Defendant denies the allegations in this paragraph and calls upon Plaintiff to prove same.

28. The Defendant has insufficient knowledge to either admit or deny the allegations in the

first sentence of this paragraph.

29. The Defendant denies the allegations in this paragraph and calls upon Plaintiff to prove same.

30. The Defendant denies the allegations in this paragraph and calls upon Plaintiff to prove same.

31. The Defendant admits the allegations in this Paragraph.

32. The Defendant denies the allegations in this paragraph and calls upon Plaintiff to prove same.

33. The Defendant denies the allegations in this paragraph and calls upon Plaintiff to prove same.

34. The Defendant denies the allegations in this paragraph and calls upon Plaintiff to prove same.

35. The Defendant denies the allegations in this paragraph and calls upon Plaintiff to prove same.

36. The Defendant denies the allegations in this paragraph and calls upon Plaintiff to prove same.

37. WHEREFORE the Defendant, City of Lowell, requests that this Honorable Court dismiss the Plaintiff's Amended Complaint and award the Defendant, City of Lowell, attorney's fees and other costs incurred in defending this action.

38. Defendant, City of Lowell, demands trial by jury on all issues so triable.

**FIRST AFFIRMATIVE DEFENSE**

And further answering, the Defendant says that the Plaintiff fails to allege any act in violation of the Americans with Disabilities Act ("ADA") and the Complaint therefore should be dismissed.

**SECOND AFFIRMATIVE DEFENSE**

And further answering, the Defendant says that the Plaintiff has failed to state a cause of action upon which relief can be granted in that no specific act is alleged to have occurred which is cognizable under the ADA, and the Plaintiff fails to allege any specific act that occurred at the City of Lowell's Human Relations office.

**THIRD AFFIRMATIVE DEFENSE**

And further answering, the Defendant says that this Court lacks jurisdiction over the complaint filed in this matter because the acts complained of merely anticipate discrimination, and his injuries are speculative, at best.

**FOURTH AFFIRMATIVE DEFENSE**

And further answering, the Defendant says that the Plaintiff's complaint fails to satisfy the statutory and jurisdictional requirements for claims pursuant to the ADA.

**FIFTH AFFIRMATIVE DEFENSE**

And further answering, the Defendant, City of Lowell, says that the Plaintiffs are not entitled to prospective equitable relief because they fail to support allegations of the likelihood of future injury, or to allege irreparable harm, or the unavailability of an adequate remedy at law.

**SIXTH AFFIRMATIVE DEFENSE**

And further answering, the Defendant says that the Plaintiff does not have standing to argue his claim because the Plaintiff is not a qualified handicapped person because he cannot

perform the essential duties of his job with reasonable accommodation.

### SEVENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant says that the Plaintiff does not have standing to argue his claim because the Plaintiff cannot prove an adverse employment action.

### EIGHTH AFFIRMATIVE DEFENSE

And further answering, the Defendant says that the Plaintiff cannot show that he encountered a hostile work environment because he has not been to work.

### NINTH AFFIRMATIVE DEFENSE

And further answering, the Defendant says that the Plaintiff cannot prove the elements of a prima facie case of discrimination; wherefore the Court should dismiss the Complaint.

### TENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant says that the Complaint lacks the required dates on which the unlawful discriminatory acts occurred, or where the acts are of a continuing nature, the period of time during which acts occurred; a concise statement of the alleged discriminatory acts; and appropriate identification of the persons alleged to have committed unlawful discriminatory acts as 804 CMR 1.10(5)(a)-(d) requires.

### ELEVENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant says that the Complaint fails to describe any discriminatory animus.

### TWELFTH AFFIRMATIVE DEFENSE

And further answering, the Defendant says that at all times, the City of Lowell treated the Plaintiff in the same manner as other employees with medical conditions.

## THIRTEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant says that the Plaintiff cannot prove the elements of disparate treatment, because he cannot prove 1) that he is a member of a protected class pursuant to G.L. c.151B; 2) that he was subjected to an adverse employment action; and 3) that the employer's reasons for the adverse employment action were a pretext for discrimination, because similarly situated employees, in all relevant aspects, were treated differently.

## FOURTEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant says that the Complaint does not show that any similarly situated employees, in all relevant aspects, were treated differently.

## FIFTEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant says that the Plaintiff has never applied for a medical leave, and that his employment status with the City of Lowell is "absent without pay."

## SIXTEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant says that the Plaintiff failed to file a grievance under a collective bargaining agreement between the City of Lowell and the International Brotherhood of Police Officers.

## SEVENTEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant says that the Plaintiff himself elected to enjoy the benefits allowed under COBRA.

## EIGHTEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant says that the Plaintiff is not out of work due to an illness.

### NINETEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant says that the Plaintiff has not worked because he merely anticipates a hostile work environment if he returns to work.

### TWENTIETH AFFIRMATIVE DEFENSE

And further answering, the Defendant says that the Plaintiff's cause of action must fail as it was not filed within the requisite statute of limitations.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

And further answering, the Plaintiff has not provided the City of Lowell any documentation from any medical provider in over three years.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

And further answering, the Plaintiff has not mitigated his damages.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

And further answering, the Plaintiff has not sought alternate employment in over three years.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Defendant reserves the right to add any and all Affirmative Defenses to the Defendant's Answer as such defenses are supported by the evidence, and law, or as may be revealed through discovery as the case progresses.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that it is immune from any claims of negligence alleged in the Complaint under M.G.L. c.258 §§2 and 10.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that it is immune from liability for punitive damages and said damages may not be assessed against the City of Lowell as requested in Plaintiffs' Complaint.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell Police Department, is not a proper Defendant in that it is not a governmental body and has no independent existence but is merely a department within the City of Lowell municipal corporation. The City of Lowell Police Department can neither sue nor be sued as an entity and the complaint against it must be dismissed.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that the Plaintiffs' claims are barred by the doctrine of laches.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that the Plaintiffs' claims are barred because the Plaintiff lacks standing.

### THIRTIETH AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that the Plaintiffs are not entitled to attorneys' fees.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that the act or acts or omission of act or acts alleged in the Plaintiff's Complaint to be wrongful were committed, if at all, by a third-party for whose conduct the Defendant, City of Lowell, was not legally

responsible, and further says that said acts were not arising out of nor in the scope of employment of an employee, servant or agent of Defendant, City of Lowell.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that the Plaintiffs' cause of action must fail as it was not filed within the requisite statute of limitations.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

And further answering, the Defendant says that the Plaintiff is not entitled to benefits pursuant to G.L. c.41, §111F because he is not incapacitated for duty because of injury sustained in the performance of his duty without fault of his own.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

And further answering, the Respondent says that the Complainant does not have standing to argue his claim before the MCAD because the Complainant is not a qualified handicapped person because he cannot perform the essential duties of his job with reasonable accommodation.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

And further answering, Defendant says that if any publication of Plaintiff's medical condition occurred as alleged in the Complaint, it was conditionally privileged and was reasonably necessary to serve the interests of the Plaintiff's and Defendants' employer concerning the fitness of Plaintiff to perform his job and Plaintiff is therefore not entitled to recover any damages in this action.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

And further answering, the Defendants deny any negligent or wrongful act of any employee of the Defendant, City of Lowell, and call upon the Plaintiff to prove the same.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

And further answering, the Defendants say that they are not legally liable for any injuries the Plaintiff sustained.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

And further answering, the Defendants say that the Plaintiff does not have standing in the instant matter, and the Court must therefore dismiss this cause of action.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

And further answering, the Defendants say that there is no actual controversy and legal standing in the instant matter.

### FORTIETH AFFIRMATIVE DEFENSE

And further answering, the Defendant says that the court must dismiss this cause of action because no actual controversy is specifically set forth in the Complaint, and the Complaint fails to specify whether any consequential judgment or relief is or could be claimed at law or in equity.

### FORTY-FIRST AFFIRMATIVE DEFENSE

And further answering, the Defendants say that Plaintiff failed to exhaust his administrative remedies.

### FORTY-SECOND AFFIRMATIVE DEFENSE

And further answering, Defendant says that Plaintiff's Complaint was not timely filed in that said Complaint was filed more than three years after his cause of action accrued and is barred by the relevant statute of limitations.

### FORTY-THIRD AFFIRMATIVE DEFENSE

And further answering, Defendant did not any time interfere with any privacy right of

Plaintiff in a manner which was unreasonable, substantial or serious.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

And further answering, Defendant says that no notice was presented under M.G.L. c.258 in that said claim letter failed to state any claim of privacy.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

And further answering, the Defendant says that the Commonwealth of Massachusetts Court of Appeals retains jurisdiction over the claims in the Plaintiff's complaint.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

And further answering, the Defendant says that the Commonwealth of Massachusetts Superior Court retains jurisdiction over the claims in the Plaintiff's complaint.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant says that the Plaintiff's exclusive remedy to contest denial of benefits is to pursue a grievance and ultimate arbitration under the Collective Bargaining Agreement between the City of Lowell and the International Brotherhood of Police Officers, Local 382, which was in effect on the date of Plaintiff's alleged injury.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

And further answering, the Defendant says that the Plaintiff cannot perform the essential functions of his job, either with or without reasonable accommodation.

### FORTY-NINTH AFFIRMATIVE DEFENSE

And further answering, the Defendant says that the it did not take any adverse employment action against him because of his disability.

### FIFTIETH AFFIRMATIVE DEFENSE

And further answering, the Defendant says that the Plaintiff's claims are barred by the doctrines of issue preclusion and claim preclusion.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

And further answering, the Defendant says that the Plaintiff failed to provide the City of Lowell a presentment letter pursuant to M.G.L. c. 258, and that any such letter provided fails to provide adequate notice of a claim.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

And further answering, the Defendant states that this Court lacks jurisdiction over this matter because the jurisdiction of other courts have already attached and have authority over the issues in the complaint.

### FIFTY-THIRD AFFIRMATIVE DEFENSE

And further answering, jurisdiction was first duly invoked in the Commonwealth of Massachusetts Superior Court, which Court has authority paramount over other courts.

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

And further answering, the Commonwealth of Massachusetts acquired exclusive jurisdiction over the subjects in the complaint, and proceedings are pending there concerning the actions alleged in the complaint.

May 17, 2005
CITY OF LOWELL, DEFENDANT

Kimberley A. McMahon, Assistant City Solicitor
BBO #641398
City of Lowell Law Department
375 Merrimack Street, 3rd Fl.
Lowell MA 01852-5909
(978) 970-4050
FAX (978) 453-1510

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served on Rodney D. Desrosiers, 34 Shurtleff St. #2, Chelsea MA 02150, via first-class mail, on May 17, 2005.

Kimberley A. McMahon Assistant City Solicitor