UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RODNEY D. DESROSIERS,  )<br>  Plaintiff             )<br>                        )<br>V.                      )<br>                        )<br>CITY OF LOWELL, MA.     )<br>POLICE DEPARTMENT       )<br>  Defendant             ) | C.A. NO. 04-11932-NG (SEALED) |

## JOINT STATEMENT

### I. INTRODUCTION

Pursuant to Local Rule 16.1(D), the parties in the above captioned matter hereby submit their joint statement.

### II. OBLIGATION OF COUNSEL TO CONFER PURSUANT TO LOCAL RULE 16.1

The pro se Plaintiff and counsel for Defendant have conferred and submit the following case information and proposed dates for case management in accordance with the Federal Rules of Civil Procedure 26(f) and 16(b) and Local Civil Rule 16.1. Participating in these conferences were plaintiff, Rodney D. Desrosiers (pro se) and Kimberley A. McMahon, counsel for the Defendant.

**A. AGENDA OF MATTERS TO BE DISCUSSED AT THE SCHEDULING CONFERENCE**

Pursuant to Local Rule 16.1(B)(1), the parties jointly and individually submit the following issues for discussion:

1. The discovery and trial schedule;

2. Whether a magistrate may hear this case;

3. Whether the Court will assign the case to mediation;

4. The plaintiff requests that the court schedule case management conferences at the close of written discovery and at the close of depositions. The Defendant requests that the Court only schedule a case management conference if the Court deems such a conference is necessary;

5. The Defendant requests that the issues in the current case be precisely clarified at the scheduling conference;

6. The parties welcome any other procedural matter that the court determines is appropriate for the fair and efficient management of the litigation.

**B.     PROPOSED PRETRIAL SCHEDULE**

**1.     Pursuant to Local Rule 16.1(B)(2) AND (D)(1), the parties are in agreement as to the issues below:**

a. All motions seeking to amend the pleadings and/or add parties shall be filed no later that August 28, 2005.

b. Service of, and compliance with, all initial discovery requests shall be completed by October 28, 2005.

c. All depositions shall be taken and completed between October 28, 2005 and January 28, 2006.

d. The plaintiff shall disclose any expert witnesses by February 15, 2006. The Defendant shall disclose any expert witnesses by March 15, 2006.

e. All expert witnesses shall be deposed by May 15, 2006.

f. The filing of all motions shall be completed by June 15, 2006.

g. A final pre-trial conference is requested by June 30, 2006. The parties agree that the Court should set the trial date at the final pretrial conference.

    2.    **Pursuant to Local Rule 16.1(D)(3), the parties state the following:**

    a.    Counsel for the City certifies that she has conferred with representatives of the City of Lowell in accordance with Local Rule 16.1(D)(3).

**C.    CONSENT TO TRIAL BY MAGISTRATE JUDGE**

Pursuant to Local Rule 16.1(B)(3), the parties state the following:

    1.    The Defendant, City of Lowell, consents to trial by a magistrate judge.

    2.    The Plaintiff at this time would like to preserve his right to a trial by jury.

**II.    SETTLEMENT PROPOSALS PURSUANT TO LOCAL RULE 16.1(C)**

The plaintiff provided the Defendant a written settlement proposal. The parties do not believe that there is a realistic chance of resolving this case at this time. The parties agree to remain open to the possibility of settlement as the case proceeds in discovery.

**III.    PLAINTIFF'S STATEMENT OF THE CASE**

The plaintiff is a police officer in the City of Lowell. The plaintiff is presently awaiting final approval of his application for accidental disability retirement with the Public Employer Retirement Administration Commission (PERAC). From the time of the plaintiff's appointment as a police officer in 1987, until the time his employer became aware of his disability in February 2000, the plaintiff had been well regarded and received numerous commendations, citations and awards during the course of his employment. On February 21, 2000, the plaintiff's attorney informed Lowell Chief of Police Edward Davis (hereafter Chief Davis) that the plaintiff was HIV Positive and in need of a medical leave of absence. The plaintiff's attorney also sought benefits for the plaintiff under M.G.L. Chapter 41, §111F, which is the statute that provides benefits for police officers in Massachusetts injured in the line of duty. Chief Davis was provided documentation of a needle stick injury the plaintiff had suffered in the line of duty in 1989.

The plaintiff who was diagnosed HIV Positive in 1991, had never before requested a medical leave of absence, and had not revealed his medical condition to any employee of the City of Lowell prior to his attorney meeting with Chief Davis on February 21, 2000.

The plaintiffs attorney requested in the meeting with Chief Davis that the plaintiff's medical condition remain confidential, as the plaintiff had deep concerns about his ability to return to work in the future, if coworkers were aware of his medical condition. Chief Davis promised confidentiality in the matter to the plaintiff's attorney. Chief Davis had no previous knowledge of the plaintiff's medical condition prior to his meeting with the plaintiff's attorney on February 21, 2000. By February 28, 2000 the plaintiff's co-workers had become aware of the plaintiff's medical condition, and soon afterwards the plaintiff's condition became known to members of the public in the City of Lowell.

Chief Davis had a conversation with Deputy Superintendent of Police Dennis Cormier (hereafter Deputy Cormier) in close proximity to his meeting with the plaintiff's attorney. Deputy Cormier stated in his deposition taken on December 4, 2001 that he was informed of the plaintiff's medical condition by Chief Davis. Lowell Police Lieutenant William Busby stated in his deposition, taken on September 13, 2001, that he was informed of the plaintiff's medical condition by Deputy Cormier in a conference room at the Lowell Police Department. Lowell Police Officer David Abbott stated in his deposition taken August 29, 2001 that he was informed of the plaintiff's medical condition in the hallway of the Lowell Police Department by Judith Sweet (who was an employee of the Lowell Law Department).

After the improper disclosure of the plaintiff's medical information the Lowell Police Department continued thereafter to act with discriminatory animus with regard to the plaintiff. In May 2000 the plaintiff sought to withdraw funds from his personal 457K fund with Copeland

Companies. Copeland Companies required medical leave confirmation and wage information to honor the plaintiff's request. Although this information is given by the Lowell Police Department routinely in every other case, the Police Department refused to provide it for the plaintiff. On or about May 18, 2000 Copeland Companies representative ("Neil") notified the plaintiff via answering machine message that the Lowell Police Department would not cooperate in providing the letter needed by the plaintiff. "Neil" later then informed the plaintiff in a telephone conversation that a "high authority" in the Lowell Police Department had refused to cooperate in providing the needed documentation for the plaintiff stating that the plaintiff "was not injured enough". Deputy Cormier testified in his deposition on December 4, 2001 that the Finance Department of the Lowell Police Department was under his control in May 2000. Daniel Demarais, who was the Finance Officer for the City of Lowell in May 2000, has stated in a deposition that it would be an unusual practice for the Lowell Police Department to refuse such a routine request as that desired by the plaintiff

The plaintiff filed a complaint with the Massachusetts Commission Against Discrimination in August 2000. Thereafter, the Defendant took retaliatory actions against the plaintiff as briefly outlined below.

In February 2001 the plaintiff exhausted his accumulated sick leave time and no longer received a weekly income from the City of Lowell. Massachusetts General Law states that municipal employees on unpaid medical leave status are only required to pay 50% towards their monthly health insurance premium, with the employee's municipality paying the other 50%. The plaintiff's union contract further allowed for the plaintiff to pay only 25% towards his monthly health insurance premium. The City of Lowell disregarded both benefits allowable to the plaintiff and instead placed the plaintiff on coverage under the Consolidated Omnibus Budget

Reconciliation Act (hereafter COBRA), which required that the plaintiff pay 102% of his health insurance premium from approximately June 2001 to approximately December 2002. The City of Lowell later lowered the plaintiff's responsibility for his monthly health insurance premium from 102% of the premium to 100% of the premium from December 2002 to the present and continued to list the plaintiff's status as "absent without pay", which disregarded both Chief Davis's approval of a medical leave of absence status for the plaintiff, as well as the numerous medical documents (including the report of their own physician) which should have entitled the plaintiff to a "medical leave of absence" status.

In November 2004, Massachusetts Superior Court Justice Geraldine Hines found in favor of the plaintiff, after trial, and ordered the City of Lowell to provide the plaintiff benefits under Massachusetts General Law Chapter 41, Section 111F (hereafter M.G.L. chapter 41, section 111F), which this plaintiff was being denied by the City of Lowell. The City of Lowell, in disregard to the order of Judge Hines continued to refuse to provide the plaintiff benefits under M.G.L. Chapter 41, Section II IF.

The plaintiff claims that the actions taken against him by the defendant are in violation of both the Americans with Disabilities Act (ADA) and the Commonwealth of Massachusetts Discrimination laws.

## IV.   DEFENDANT'S STATEMENT OF THE CASE

As the rules do not require the Defendant to submit a statement of the case at this time, the Defendant reserves the right to do so at a later date. To the extent that the City's position may be required, the City refers the Plaintiff and the Court to its Motion to Dismiss. The City also further restates its request that the exact legal issues before the Court in the above-captioned

matter be clarified at the conference, and reserves the right to amend and/or supplement its representations upon receipt of clarification.

July 22, 2005

Respectfully submitted:

**RODNEY DESROSIERS, PLAINTIFF**

*/s/ Rodney D. Desrosiers*

Rodney D. Desrosiers (Pro Se)
34 Shurtleff Street #2
Chelsea, MA 02150
978-884-9832


**CITY OF LOWELL, DEFENDANT**

*/s/ Kimberley A. McMahon*

Kimberley A. McMahon, Assistant City Solicitor
BBO # 641398
City of Lowell Law Department
375 Merrimack Street 3rd Fl.
Lowell MA 01852-5909
978-970-4050
FAX 978-453-1510