```
                                                      FILED
                                                   Clerk's Office
                                                   USDC, Mass.
         UNITED STATES DISTRICT COURT              Date 1/31/06
        FOR THE DISTRICT OF MASSACHUSETTS          By_____
                                                   Deputy Clerk
```

**RODNEY D. DESROSIERS,** )  C.A. NO. 04-11932-NG (SEALED)
    Plaintiff )
    )
vs. )
    )
**CITY OF LOWELL, MA.** )
    Defendant )

### Plaintiff's Motion to Compel Discovery from Defendant

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiff Rodney Desrosiers, Pro Se, hereby moves this Court for an Order compelling the defendant, City of Lowell, Massachusetts, to respond fully to plaintiff's First Request for the Production of Documents served August 2, 2005 and First Set of Interrogatories served September 27, 2005. The plaintiff has attached to the end of this motion a certificate of compliance with Rule 37(a)(2)(A).

### STATEMENT OF FACTS:

1. The plaintiff answered the defendant's "First Set of Interrogatories" on September 23, 2005 and provided the defendant their requested "Production of Documents" on October 27, 2005. The plaintiff's responses complied with this courts October 28, 2005 deadline for all "initial discovery" to be completed.

2. The defendant has not objected to the discovery responses provided by the plaintiff.

3. In contrast to the plaintiff's compliance with the Federal Rules of Civil Procedure (hereafter FRCP) the defendant has failed to comply with deadlines mandated by the FRCP, even after those deadlines were voluntarily extended by the plaintiff. The plaintiff has made several good faith efforts to secure the requested discovery without success.

4. On August 2, 2005 the defendant's Attorney, Kimberly McMahon, was served with the "Plaintiff's Request for Production of Documents and Things" (Exhibit#1)

5. On September 9, 2005 Attorney McMahon notified the plaintiff that he had failed to provide the required "automatic disclosures" to the defendant, and that after this information was provided, a respond would be forthcoming on the discovery request. (Exhibit #2).

6. On September 19, 2005 the plaintiff provided the defendant with the required "Automatic Disclosures" pursuant to Fed. R. CIV.P. 26(a)(1), and local rule 26.2(A). (Exhibit #3).

7. On September 27, 2005 the plaintiff served upon Attorney McMahon the "Plaintiff's First Set of Interrogatories to the Defendant". (Exhibit #4)

8. On October 30, 2005 the plaintiff wrote a letter to Attorney McMahon requesting a response to the plaintiff's "Request for Documents" made on August 2, 2005, and a response to the plaintiff's interrogatories requested on September 27, 2005. (Exhibit #5)

9. On November 10, 2005 the plaintiff telephoned the Lowell Law Department and was informed that Attorney McMahon was not available, and would be out, as of that day, until the beginning of the next week.

10. On November 10, 2005 Attorney McMahon requested via letter an extension until November 23, 2005 in which to respond to the plaintiff's discovery requests. (Exhibit #6)

11. The plaintiff agreed to the defendant's extension date of November 23, 2005. (Exhibit #7)

12. On November 29, 2005 the plaintiff notified Attorney McMahon that a response by the defendant as promised, to the plaintiff's discovery requests, had not been received. The defendant was notified in this letter that a motion to compel discovery would be filed if the requested discovery were not provided by December 6, 2005. (Exhibit #8)

13. On December 7, 2005 the plaintiff telephoned the Lowell Law Department in an attempt again to speak with Attorney McMahon concerning the failure of the defendant to provide any discovery information to the plaintiff. The Law Department clerk informed the plaintiff that Attorney McMahon was on the other telephone line, and that she would be given the message that the plaintiff was requesting to speak with her regarding discovery matters.

14. The plaintiff never received a return call from Attorney McMahon, but did receive on December 9, 2005, via first class mail, "Defendants Answers to Plaintiff's First Set of Interrogatories" and "Defendant's Response to Plaintiff's Request for Production of Documents and Things" which were dated December 8, 2005. (Exhibits #9 and #10)

15. The long overdue discovery finally provided by the defendant was reviewed by the plaintiff and found to be seriously inadequate and incomplete. As an example, for the 15 separate "Request for Documents and Things" made by the plaintiff, the defendant produced 3 documents, totaling 5 pages, and failed to

provide numerous other documents in existence which the plaintiff has a right to examine under the FRCP.

16. Likewise, in the defendant's answers to the plaintiff's "First Set of Interrogatories" the defendant either refused to provide, or provided incomplete answers, to many of the plaintiff's Interrogatories.

17. On or about December 13, 2005 the plaintiff telephoned the Lowell Law Department and spoke with Attorney McMahon concerning the incomplete discovery provided by the defendant to the plaintiff. Attorney McMahon requested in this brief telephone conversation that the plaintiff write his concerns in a letter, and forward the letter for her review and action.

18. On December 29, 2005 the plaintiff provided Attorney McMahon the requested letter, which detailed discovery responses provided by the defendant that were incomplete. (Exhibit #11)

19. The plaintiff received no return communications to the above letter and telephoned Attorney McMahon at the Lowell Law Department on or about January 17, 2006 for a response. The plaintiff was informed by the law clerk that Attorney McMahon was not available, but that Attorney McMahon would contact the plaintiff the following week.

20. As of the filing date of this motion the plaintiff has not received any return contact from Attorney McMahon, nor has the plaintiff received further discovery information from the defendant.

21. It has became increasingly apparent that without the courts involvement the defendant will have little desire to comply with the FRCP as it relates to this civil matter.

22. The defendant's failure to produce complete discovery, coupled with the defendant's failure to communicate with the plaintiff in any productive manner to resolve the issues, leaves the plaintiff with no alternative other than to take up the valuable time of this court to request that a motion to compel be issued.

## ARGUMENT:

Rule 26(b)(1), FRCP, provides that a party "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . .", Rule 26B(5) of the FRCP states that when a party makes a claim of privilege they must "describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection".

The discovery requests made by the plaintiff are relevant to the subject matter of the lawsuit and are not unduly burdensome. The defendant has made frivolous and inconsistent objections to many of the plaintiff's discovery request. In instances where a response was provided to the plaintiff, the response is seriously incomplete.

The defendant has provided "boilerplate" objections to many of the discovery requests, even when such objections lacked merit. Furthermore, the defendant's claims of privilege fail to adequately describe the documents they are claiming privilege on, and therefore, the plaintiff is not able to fully assess the applicability of the privilege or protection.

In dispute for the purpose of this motion are the defendant's responses to "Request for Documents and Things" # 2, 5, 8, 9, 10, and 14 as provided by defendant in exhibit #9, and the defendant's responses to "Plaintiff's First Set of Interrogatories to the Defendant" #1, 2, 3, 4, 5, 6, 7, 8, and 13 as provided by the defendant in exhibit #10.

**RE: Defendant's incomplete answers to the "Plaintiff's First Set of Interrogatories" which are in dispute:**

In interrogatory #1 the defendant list several names of individuals who were consulted in preparing the responses. The plaintiff simply requests that the defendant match the name(s) of the people listed with the response for which they were consulted and/or provided documents on.

In interrogatory #2 the defendant alleges that they are not aware of any decision to deny the plaintiff a wage certification letter. The defendant does not state how they reached this conclusion and who was consulted to come to this conclusion. As the plaintiff's complaint states a "high authority" was involved in the decision to deny such letter, it would be expected that Chief Davis, Capt. William Taylor, or Deputy Dennis Cormier would be the most likely individual's to consult on this question, since they are the most likely individuals that would be involved in making such decision. It does not appear from the response that the defendant has sought this information from the people most likely to know the answer. The plaintiff is also seeking to know 1) what the City of Lowell policy is in regards to providing employees with wage verification letters 2) if any other employees have been denied such a letter by the City of Lowell, and if so, their identity 3) if an employee needs to be sick or injured to receive a wage certification letter from the City of Lowell. All these issues are relevant to the plaintiff's complaint but were not answered. If the plaintiff is the only employee denied such a letter by the defendant, than a jury could reasonably infer it was due to disability discrimination.

In interrogatory #3 the defendant objected to providing the identity of specific telephone numbers listed on the cell phone invoice of Chief Davis immediately

after his meeting with the plaintiff's attorney (Denise McWilliams). An altered copy previously provided in 2001 for discovery at the Massachusetts Commission against Discrimination (hereafter MCAD) contained several lines on the invoice that were blackened out and not revealed to the Plaintiff's attorney in the MCAD matter (**Exhibit #12**). The City of Lowell in 2001 argued that some specific calls made on the cell phone in question were blackened out to protect an investigation in progress. It is now some 5 years later, and very doubtful that an investigation in 2001 has not concluded. The invoice in question also shows that the number of calls normally made on Chief Davis's cell phone doubled for the period after Chief Davis learned of the plaintiff's medical condition from his meeting with the plaintiff's attorney, Denise McWilliams. The plaintiff should have the right to learn the identity of the telephone numbers called, and with whom any conversation occurred with during these calls, to see if there is any connection to an improper disclosure of the plaintiff's medical condition, which is a subject of the plaintiff's complaint. Taking into account the altering of the invoice previously by the defendant, the increase in the number of calls after the Chief's meeting with Attorney McWilliams, and the fact that the cell phone is the property of the City of Lowell and paid for with tax payer funds, then the defendant should be compelled to provide all the answers to this interrogatory.

In _interrogatory #4_ the plaintiff is seeking to know what the City of Lowell policy is in regard to employee's medical information, and if the policy is written or not. The answer provided states that the defendant follows federal, state and local laws, but it does not specify if the City of Lowell itself has it's own policy. The complaint in this matter charges a violation of medical confidentiality, so it is relevant to know what the City of Lowell's official policy is around the issue of employee medical confidentiality. The plaintiff is also seeking to know what actions would occur if an employee violated medical confidentiality and if any employees have been disciplined in any way for violating the plaintiff's medical confidentiality. Although some of these questions may have been raised in another case, the plaintiff has never received a complete answer to the questions contained in this interrogatory. Lastly, the plaintiff does not seek this information for any matter other than that which is before this court.

In _interrogatory #5_ the plaintiff request to know if Chief Davis approved a medical leave of absence for him after the meeting with Attorney McWilliams, and if so, has he ever rescind such leave. This question is relevant to the charges in the complaint because what the plaintiff's official employment status was from Feb 2000 to 2005 is important in determining what benefits, or not, the plaintiff should have been entitled to during this period. The Chief of Police has testified in a previous deposition that he had approved a long term medical leave of absence for the plaintiff, however in February 2001 the plaintiff's medical leave status was rescinded, and the plaintiff was placed on "absence without pay" status. The plaintiff therefore has the right to know who rescinded his medical leave status, and on what grounds they did so. As Chief Davis is a department head, the defendant has an obligation to seek this information from him or any other

5

department head that may possess such information. A jury could reasonable infer that a refusal to grant benefits to the plaintiff, which are allowable to other similarly situated employees, could be due to discriminatory or retaliation reasons.

In interrogatory #6 the plaintiff seeks to know if he has ever been granted leave under the Family Medical Leave Act (hereafter FMLA). The defendant answers that an attempt was made to place the plaintiff on FMLA, but the answer is ambiguous as to whether or not he was actually granted leave under the FMLA. The plaintiff would accept a simple yes or no answer to interrogatory #6, and if yes, answers to 6a and b.

In Interrogatory #7 the plaintiff seeks details of the conversation between Chief Davis and Thomas Sweeney (Lowell City Solicitor) as it relates to Chief Davis complaining about workers compensation agent's Judith Sweets improper disclosure of the plaintiff's medical condition. The plaintiff would argue that this information is not protected under the attorney/client privilege since Chief Davis was specific in his deposition, that when he went to the Lowell Law Department, he went there for the purpose of speaking with Judith Sweet's **supervisor** (Thomas Sweeney), after learning from Officer Davis Abbott that Judith Sweet had told him about the Plaintiff's medical condition. It is clear therefore, that Thomas Sweeney's capacity was not that of Chief Davis's attorney, or for that matter Judith Sweets attorney, **but** instead was in a capacity of the department head that was the supervisor of Judith Sweet. The pages of Chief Davis's deposition that relate to this matter are included with this motion (**Exhibit #13**). Chief Davis's deposition clearly demonstrate that the conversation with Thomas Sweeney was a conversation of one department head informing another department head of the improper actions of a subordinate. Although a Justice in the Massachusetts Superior Court has ruled that the conversation is protected as Attorney/Client, the plaintiff believes that such ruling was in error, and that the plaintiff has a right to a response to this discovery request in this matter. It would be relevant information for a jury to know if disciplined actions were taken against employees releasing the plaintiff's medical information, or if no actions were taken, just as important to know this fact. The defendant has also failed to answer 7- a, b and c of this interrogatory.

In interrogatory #8, the plaintiff has provided the defendant the proper chapter (32B not 32) and now seeks to know if the defendant has accepted the acts of M.G.L. Chapter 32B, Section 7A? If so, the plaintiff seeks to know why the City of Lowell did not initiate the provision in M.G.L. Ch 32B, section 7a, subsection (b) as it relates to the plaintiff being responsible for paying 50% of his health insurance premium and the City of Lowell being responsible for the other 50%.

In interrogatory #13 the plaintiff would request a response to 13-d, which ask if the City of Lowell allows employees to participate in matters to which they may have a financial conflict. This question is relevant since the workers

compensation agent investigating a 2003 111F claim submitted by the plaintiff had such a conflict but still participated in the matter. This information is relevant for a jury to know if the plaintiff's claim for benefits was treated differently then that of similarly situated employees. The plaintiff also seeks to know in 13-a if Attorney McWilliams letter dated April 2000 would constitute timely notice of injury for the plaintiff's 111F claim in August 2003, and if not, why not? Again, a jury could reasonably infer that a refusal to properly investigate any of the plaintiff's claims for benefits, after his medical condition became known, was based on disability discrimination and/or retaliation for the filing of a discrimination complaint with MCAD.

**Re: Defendants Response to "Request for Production of Documents and Things"**

In <u>document request #2</u> the plaintiff is seeking the unaltered Nextel cell phone invoice of Chief Davis from Feb. 1, 2000 to March 31, 2000. The defendant's invasion of privacy objection on this matter is without merit since Chief Davis previously provided a copy of this invoice (**Exhibit #12**) in the MCAD matter, but crossed out several lines of the invoice, claiming in 2001 that they were calls relating to "ongoing investigations". Now, being 2006 it would be reasonable to conclude that any police investigation from 2001 would be completed and therefore the specific lines on the invoice in question can be revealed. A police investigation in 2001 is not a matter of "personal privacy" for Chief Davis, and given the altering of the invoice previously by the defendant, the increase in the number of calls on the invoice after the Chief's meeting with Attorney McWilliams, and the fact that the cell phone is the property of the City of Lowell and paid for with tax payer funds, then the plaintiff argues that the invoice is discoverable material that should be produced in an unaltered manner. If the plaintiff is not made aware of the identity of the telephone numbers blackened out on the invoice in question, then an investigation cannot be made to determine if those specific calls may have dealt with the improper dissemination of the plaintiff's medical condition, which is one subject matter of the complaint.

In <u>document request #5</u> the plaintiff seeks the disciplinary records of Deputy Dennis Cormier, since Cormier is an individual mentioned in the complaint as having improperly released the plaintiff's medical condition to Lt. William Busby. Deputy Cormier has denied releasing the plaintiff's medical information to Busby (Busby states otherwise) and has impugned the reputation of Busby. Since the character of Deputy Cormier and William Busby will be an issue at trial, as to which one is more credible, then the plaintiff should have the right to disciplinary records of Deputy Cormier, including but not limited to, the 30 day suspension from duty he incurred in 1999, as well as records from any other disciplinary action that has been taken against him while he was a member of the Lowell Police Department. Such records would assist a jury determining the credible of Cormier's testimony compared to that of Busby.

In <u>document request #8</u> the plaintiff is requesting documents concerning the defendant providing employee benefits to a similarly situated employee exposed to an infectious disease, that was <u>not</u> in a protected class, compared to the denial of employment benefits to the plaintiff, who is a member of a protected class. The Deputy testified at his deposition in another matter that he was granted leave benefits after exposure to the Hepatitis B virus, even though he had not documented an exposure, nor properly followed City of Lowell policy in regard to exposures, nor followed up with the City physician, which would be required after such an exposure. A jury could reasonable infer when comparing the two cases of similarly situated employees, that discriminatory reasons may have been involved in the denial of the Plaintiff's benefits compared to that of the similarly situated other employee. The plaintiff is <u>not</u> seeking medical records on file with the defendant, but is seeking documents that would support the fact that benefits were provided in this matter to the other employee after his exposure.

In <u>document request #9</u> the Plaintiff is willing to reduce the period for which he seeks this documentation from Feb 2000 to September 2005. The plaintiff needs to have knowledge of his employment status during these years to determine what benefits the plaintiff should have been entitled to but were denied by the defendant. The plaintiff has not been given this information in any other matter.

In <u>document request #10</u> Attorney McMahon stated in the brief telephone conversation of December 10, 2005 that the defendant would produce the documents for this request but has not done so. The daily log sheets requested will provide the plaintiff with evidence of his official employment status during various times from the year 2000 to 2005.

In <u>document request #14</u> the Plaintiff seeks the report(s) of City Solicitor Christine O'Connor, or any other city employee, which concerned City of Lowell employees utilizing benefits under Ch 41, section 111F. The Lowell Sun newspaper reported that the Lowell City Council members received such a report on or about April 2005. The Lowell Sun also reported that similar reports concerning M.G.L. chapter 41, Section 111 F use by police and fire department employees were done in 1999 and 2003. One of the subject matters of the plaintiff's complaint involves the refusal of the City of Lowell to provide the plaintiff with benefits under Ch 41, section 111F, despite a court order, and therefore any reports in the possession of the defendant which concerns other employees use of these benefits would be relevant to the plaintiff's complaint.

**RELIEF REQUESTED**

WHEREFORE, as there is no excuse for defendants' refusal to provide the requested discovery, the plaintiff respectfully requests an order from this court:

1) Compelling the defendant to provide complete answers within 15 days of the order to interrogatory numbers 1, 2, 3, 4, 5, 6, 7, 8, and 13 sought within the plaintiff's "First Set of Interrogatories to Defendant".

2) Compelling the defendant to produce all relevant documents within 15 days of the order to request numbers 2, 5, 8, 9, 10, and 14, sought in the plaintiff's first set of "Request for Documents and Things".

3) Allowing the plaintiff an additional 15 days, after the receipt of the compelled discovery, to make further discovery request from the defendant if so needed.

4) Allowing the plaintiff 60 days, after receipt of all "Interrogatories" and "Request for Documents and Things" to conduct depositions in this matter.

5) Compelling the defendant to comply with all reasonable discovery request made in the future.

6) Requiring the defendant to comply with any other matter that this court deems "proper and just", including monetary penalties, from the facts in this motion.

January 31, 2006

Respectfully Submitted:
Rodney D. Desrosiers, plaintiff,

1403 Rock Wood Drive
Saugus, MA 01906
978-884-9832

## CERTIFICATE OF SERVICE

I hearby certify that a true copy of the foregoing document was served via first class mail upon the defendants attorney, Kimberly McMahon, City of Lowell Law Department, 375 Merrimack Street, Lowell, MA. 01852 on January 31, 2006.

Rodney D. Desrosiers (Pro Se)

## Certification of Compliance

The plaintiff has complied with Rule 37(a)(2)(A) of the Federal Rules of Civil Procedure and has made good faith attempts to confer with the defendant in an effort to secure the disclosure without court action.

*[signature]*

Rodney D. Desrosiers
1403 Rock Wood Drive
Saugus, MA 01906
978-884-9832