UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **RODNEY D. DESROSIERS,**    )<br>    **Plaintiff**    )<br>    )<br>**V.**    )<br>    )<br>**CITY OF LOWELL, MA.**    )<br>**POLICE DEPARTMENT**    )<br>    **Defendant**    ) | **C.A. NO. 04-11932-NG (SEALED)** |

**DEFENDANT'S OPPOSITION TO THE PLAINTIFF'S
MOTION TO COMPEL DEFENDANT TO RESPOND TO DISCOVERY REQUEST**

**I.   INTRODUCTION**

Now comes the Defendant, City of Lowell, and requests that this Honorable Court deny the Plaintiff's Motion to Compel Defendant to Respond to Discovery Requests. As grounds therefor, and more fully explained below, the Defendant contends that (1) it has complied with the Plaintiff's discovery requests; and (2) the information the Plaintiff seeks is either privileged, irrelevant, or non-existent.

**II.   ARGUMENT**

The Defendant opposes the Plaintiff's motion, and responds below to each specific discovery request:

**A.   Interrogatory Number 1**

The Plaintiff requests the names of individuals who were consulted in preparing responses. In the City's original and supplemental responses, the City contends that it has provided this information to the Plaintiff, to the extent that such information is not privileged. The defendant objected to this interrogatory to the extent it sought information protected as Attorney work product and/or by the Attorney-client privilege, and contends that conversations

between the City and its counsel are privileged.

**B.     Interrogatory Number 2**

The Plaintiff presented the following interrogatory to the City:

Identify all City of Lowell employees or agents who in May 2000 participated in the decision to refuse to provide a wage verification letter to Copeland Companies that was being sought by the Plaintiff.

   a. Explain the reason why the person{s) denied the request.

   b. Answer if any other City of Lowell employee has ever been denied such a similar request, and if so, identify any other employee(s) that have been denied a similar request including the date(s) they were denied.

   c. Explain what the Lowell Police department policy is on providing wage certification letters for employees and answer if the policy is written or unwritten.

   d. Identify the City of Lowell employee or agent who stated to the Copeland Companies Representative that the Plaintiff was "not sick enough".

   e. Detail any medical education that such employee or agent has which enabled them to make a determination of the plaintiff's medical fitness.

   f. Identify any medical records and/or medical personal that were consulted in making the determination that the plaintiff "was not sick enough" to receive a wage verification letter.

   g. Answer if an employee needs to be sick or injured to receive a wage certification letter from the City of Lowell Police Department.

The Defendant provided the following objections: The defendant objects to this interrogatory to the extent it is prejudicial and misleading as phrased. This interrogatory calls for a legal conclusion. The defendant objects to this interrogatory to the extent it seeks information prepared in anticipation of litigation and/or as trial preparation materials. This interrogatory assumes facts not otherwise admitted or proved.

Without waiving the foregoing objections, the Defendant provided the following

responses and advised that William Taylor, Kathryn Tierney, Susan Bordeleau and counsel were consulted for this interrogatory, as well as the deposition of Daniel Desmarais:

   a. I am not informed of nor aware of any such request or such decision to deny, and the City denies that this conversation ever took place.

   b. I am not aware of any other employee either requesting such a request, or denying such a request.

   c. I am not aware of any such policy.

   d. I am not aware of any such employee or agent, and deny that any employee or agent said that the Plaintiff "was not sick enough."

   e. n/a

   f. n/a

   g. I am informed that the response to this would be determined on a case by case basis, depending on the need or reason for the request.

The Plaintiff now seeks to compel the City to provide the names of the persons who denied the aforementioned letter. The City has denied that any such request was made to the City, so accordingly no such denial could have been made and the City cannot provide the Plaintiff the names of any person who made a denial. The Plaintiff has not provided any evidence to prove that any person from Copeland Companies made a request for a wage verification that was received by any person at the City of Lowell. The Plaintiff merely speculates or presumes that this request was made, and that the City denied the alleged request.

On this date, Superintendent Davis was contacted and was not aware of any such request that the Plaintiff alleged Copeland Companies made to the City.

C.  **Interrogatory Number 3**

In interrogatory Number 3, the Plaintiff asked the Defendant to identify the telephone numbers listed on lines 64, 79, 85, 115, 117, 118 and 125 of the Nextel invoice dated March 12,

2000 for Chief Edwards Davis's cell phone. He further asked the following questions:

a. Please explain why these specific lines when previously provided to the Plaintiffs attorney in a separate legal action had been blackened out.

b. Provide the date and time of the calls on the specified lines.
c. Identify the person or business to which each telephone number on these lines belong.

d. Explain the purpose of each of these specific calls.

e. Explain if any of these calls were related to the Plaintiff in any way.

The defendant objected to the interrogatory on the following grounds: The defendant objects to this interrogatory to the extent it seeks information protected as Attorney work product and/or by the Attorney-client privilege. This interrogatory calls for irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. The defendant objects to this interrogatory to the extent it is ambiguous, vague and does not define the terms necessary for the defendant to provide a responsive answer. The defendant objects to this interrogatory to the extent it is prejudicial and misleading as phrased. This interrogatory is overbroad and unduly burdensome. This interrogatory assumes facts not otherwise admitted or proved. This interrogatory calls for information which is equally available to both parties.

Without waiving the foregoing information, the Defendant stated that the Plaintiff deposed the Defendant's agents regarding these issues in other related matters (his first MCAD case). The Defendant stated that counsel for the Plaintiff, Ellen Poster, and counsel for the City agreed to redact the documents in Plaintiff's MCAD matter. The Defendant advised the Plaintiff that none of the calls related to the Plaintiff in any way. The Defendant advised that line 64 reflects a call to Edward Davis' former personal cell phone, and lines 79, 85, 115, 117, 118, 125, 159 and 161-163 reflect calls to Edward Davis' home phone number. The Plaintiff was further advised that Edward Davis and counsel for the City were consulted to respond to this

interrogatory.

The Plaintiff has clearly made a request for irrelevant information. The City has advised him that the Superintendent called his house and his personal cell phone, and that the calls were not made regarding the Plaintiff. Revelation of the Superintendent's private numbers would be a substantial invasion of the Superintendent's privacy. M.G.L. c. 66, § 10 specifically precludes public entities from releasing this type of information about law enforcement officers due to safety concerns. The Plaintiff absolutely does not need the Superintendent's personal phone numbers for this law suit. Moreover, the City has advised that the Superintendent did not make the aforementioned phone calls regarding the Plaintiff.

**D.   Interrogatory Number 4**

The Plaintiff asked that the Defendant explain the policy of the City of Lowell in regard to the protection of employee's medical information. The Plaintiff further asked:

   a. Is the policy a written or unwritten policy?

   b. Explain what actions may occur if an employee of the City of Lowell violates the above policy.

   c. Identify any City of Lowell employee that was either disciplined, spoken to, or received anything in writing in regard to any report that they may have violated the medical confidentiality of the Plaintiff.

   d. Detail any investigation that was conducted by any employee or agent of the City of Lowell regarding the improper release of the Plaintiffs medical condition.

The defendant objected to this interrogatory on the following grounds: The defendant objects to this interrogatory to the extent it seeks information protected as Attorney work product and/or by the Attorney-client privilege. This interrogatory calls for irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory calls for a legal conclusion, to which the Plaintiff is not entitled. The defendant objects to this

interrogatory to the extent it is ambiguous, vague and does not define the terms necessary for the defendant to provide a responsive answer. The defendant objects to this interrogatory to the extent it is prejudicial and misleading as phrased. This interrogatory is overbroad and unduly burdensome. This interrogatory assumes facts not otherwise admitted or proved. This interrogatory requests confidential information not subject to disclosure. The Defendant believes that the Plaintiff's interrogatory seeks information for a separate lawsuit in which the discovery period has expired.

And further answering but without waiving the foregoing objection, the City advised the Plaintiff that it is the policy and practice of the City of Lowell comply with federal, state and local laws regarding these matters. The City further denied that it improperly released the Plaintiff's medical condition. The City advised that the City's HIPPA Privacy Notice, is self-explanatory, and provided the Plaintiff a copy of such privacy notice. The City advised that no employee has been disciplined regarding the Plaintiff and that Edward Davis provided you information about investigations in his depositions in your MCAD case and Suffolk Superior Court lawsuit.

E.  **Interrogatory Number 5**

The Plaintiff asked if Chief Davis, after meeting with Attorney McWilliams on February 21, 2000 approve an indefinite medical leave of absence for the Plaintiff. The Plaintiff also asked:

a. If Chief Davis did approve a medical leave of absence, please state if he has ever rescinded his decision, and if so, identify the date and reason why such medical leave was rescinded.

b. Has any other City of Lowell employee rescinded the medical leave of absence granted by Chief Davis, and if so please identify that employee and the date and reason such employee took such action.

The City objected to this interrogatory on the following grounds: This interrogatory calls for irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. The defendant objects to this interrogatory to the extent it is ambiguous, vague and does not define the terms necessary for the defendant to provide a responsive answer. The defendant objects to this interrogatory to the extent it is prejudicial and misleading as phrased. This interrogatory is overbroad and unduly burdensome. This interrogatory assumes facts not otherwise admitted or proved. This interrogatory is directed toward another person, rather than the Defendant or the person signing on behalf of the Defendant. The information requested is the subject of another case on appeal.

Without waiving the foregoing information, the City stated that the Plaintiff never filed for a personal medical leave with the City of Lowell Human Relations Office; Chief Davis therefore did not grant a medical leave because he did not have the proper request to grant such a leave of absence. The City, however, did acknowledge and allow the Plaintiff to remain absent but on the payroll due to the notice he provided the City and the Plaintiff's circumstances.

Since the Plaintiff was never granted a medical leave, such leave could never have been rescinded. The City advised that Kathryn Tierney and the City's counsel were consulted for this interrogatory.

F.   **Interrogatory Number 6**

The Plaintiff asked if the Plaintiff had been granted leave by the City of Lowell at any time under the Family Medical Leave Act. The Plaintiff further asked:

  a. If so, please specify the time period for which leave was approved under the Family Medical Leave Act for the plaintiff.

  b. Please identify the City of Lowell employee who approved the leave under the FMLA.

The City objected on the following grounds: This interrogatory calls for irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. The defendant objects to this interrogatory to the extent it is prejudicial and misleading as phrased. This interrogatory assumes facts not otherwise admitted or proved.

Without waiving the foregoing objection, the City advised that the City initially, on its own, through the employees in the Human Relations office, attempted to place the Plaintiff on Family Medical Leave for the period of March 10, 2001 to June 10, 2001 after the City's annual audit of benefit subscribers. The Plaintiff, however, did not complete the necessary forms for Family Medical Leave, and did not provide the necessary information to the City pursuant to the statute, and therefore was not officially granted nor entitled to FMLA leave or benefits. Kathryn Tierney and the City's legal counsel were consulted for this interrogatory. This response more than adequately provided the Plaintiff the correct answer.

G.  **Interrogatory Number 7**

The Plaintiff asked that the City detail the conversation between Chief Davis and Judith Sweet's supervisor (Thomas Sweeney) shortly after Chief Davis learned that Judith Sweet had informed David Abbott of the Plaintiffs medical condition.

   a. Explain if Judith Sweet was ever disciplined in any way for her improper disclosure of the plaintiff's medical condition.

   b. Explain if any statement was taken from David Abbott concerning this disclosure.

   c. Detail all parties present at the time Chief Davis had his meeting with Thomas Sweeney to report that Judith Sweet had breeched the plaintiff's medical confidentiality.

The Defendant made the following objections to this interrogatory: This interrogatory is vague, overbroad and unduly burdensome. This interrogatory assumes facts not otherwise admitted or proved. The defendant objects to this interrogatory to the extent it seeks information

prepared in anticipation of litigation and/or as trial preparation materials. This interrogatory seeks information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory, as it relates to the City's attorney Thomas Sweeney, seeks information that is privileged pursuant to the attorney-client privilege. This interrogatory seeks information prepared in anticipation of litigation and/or as trial preparation materials protected as Attorney work product and/or by the Attorney-client privilege. In addition, the Plaintiff sought the same protected and privileged information in the Massachusetts Superior Court, and the Superior Court refused to order the City to waive its attorney-client privilege.

First, this conversation is clearly protected by the attorney-client privilege. At the time, Superintendent Davis was an agent of the Ciy acting in his official capacity, and the City has not wiaved its attorney-client privilege. Second, at the time of the alleged conversation between the superintendent of Police and the City's attorney, the Plaintiff had already engaged counsel, and counsel had already complained to the Chief regarding an alleged breach of confidentiality, so the City was put on notice of potential legal action. No allegation at that time, however, had been made that any discriminatory action had occurred.

Third, the Plaintiff alleges that Attorney Sweeney was acting only in his capacity as a supervisor and not in his capacity as a lawyer. He does not support this argument with any facts. Given the circumstances above, specifically that the Plaintiff engaged counsel who contacted the police department to complain of an alleged breach of privacy, the facts clearly show that various circumstances for potential litigation existed at the time of the conversation and this Court should not conclude that the City's highest ranking attorney was merely acting in his capacity as a supervisor of employees.

Fourth, the Plaintiff attempted to gain the exact same information through a deposition of

the City's attorney in 2003 in the case of Desrosiers v. Davis, et all, Suffolk Superior Court Civil Action Number SUCV2003-00794. The City's Assistant City Solicitor moved to quash the subpoena for that deposition. See attached. The Plaintiff opposed the motion, arguing the same reasons he presented to this Court at the status conference. The judge in Suffolk Superior Court allowed the City's motion, stating that the Plaintiff "has stated no persuasive reason for deposing a former city solicitor in this case." See attached. The Plaintiff moved for reconsideration, and the Court denied the motion.

This Court should not disturb the decision of the Massachusetts Superior Court regarding the issue of whether the conversation referenced above is privileged. The doctrine of collateral estoppel can apply to preclude relitigation of both issues of law and issues of fact if those issues were conclusively determined in a prior action. Fidler v. E.M. Parker Co., 394 Mass. 534, 543 (1985). Since the judge in the Superior Court conclusively determined that the attorney client privilege applied, in a matter involving substantially similar issues and parties, this Court should conclude that the attorney-client privilege applies.

**H.    Interrogatory Number 8**

The Plaintiff asked whether the City of Lowell accepted the acts of M.G.L. Chapter 32, Section 7A, to which the City responded that no such statute exists. The Plaintiff now asks a new interrogatory, with the corrected cite M.G.L. c. 32B, § 7A. The City responded to this new question in its supplemental responses.

The defendant objected on the following grounds: This interrogatory is vague, overbroad and unduly burdensome. This interrogatory assumes facts not otherwise admitted or proved. The defendant objects to this interrogatory to the extent it seeks information prepared in anticipation of litigation and/or as trial preparation materials. This interrogatory seeks information which is

irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information prepared in anticipation of litigation and/or as trial preparation materials protected as Attorney work product and/or by the Attorney-client privilege. This information seeks a legal conclusion to which the Plaintiff is not entitled.

Without waiving the foregoing, the City advised that the City has accepted M.G.L. c. 32B, § 7A, and that the Plaintiff was not entitled to receive salary, wages or other compensation for any relevant calendar month. The Defendant repeats its position that this interrogator seeks a legal conclusion and interpretation to which the Plaintiff is not entitled. Kathryn Tierney and counsel for the City were consulted for this interrogatory.

I.   **Interrogatory 13**

The Plaintiff asked that the City identify all City of Lowell employees who participated in the decision in August 2003 to deny the plaintiff benefits under M.G.L. Chapter 41, Section 111F for mental health injuries that arose from employment actions.

   a. Please specify if the letter written by Attorney McWilliams in April 2000 would constitute timely notice of injury to the City of Lowell for this application. and if not, please specify what timely notice would constitute in this matter.

   b. What is the longest period of time an employee is allowed to give notice to the City of Lowell for an injury that is work related?

   c. Specify the longest period of time the City of Lowell has accepted between an employee's injury occurring and the reporting by the employee to the City of Lowell of that injury, which resulted in the employee being granted benefits under M. G.L. Chapter 41, Section 111 F, or a similar workers compensation statue.

   d. Please specify if the City of Lowell allows employee's to participate in matters to which they have a direct financial conflict. If not, please explain why the City of Lowell allowed Judith Sweet to review the plaintiffs application for benefits in August 2003 when the City was aware that Judith Sweet was named as a defendant in matters which pertained to the application for benefits under M. G. L. Chapter 41, Section 111 F.

   e. Describe the procedure for evaluating applications for benefits under M. G. L.

>    Chapter 41, Section 111 F. In your response identify each person involved in the process and their role.
>
>    f. Explain what would normally occur when an employee's application benefits under Section 111 F, or benefits under the workers compensation statue, is incomplete and the City is in need of more information to process the application.

The Defendant made the following objections: This interrogatory calls for legal conclusions. The defendant objects to this interrogatory to the extent it seeks information prepared in anticipation of litigation and/or as trial preparation materials. The defendant objects to this interrogatory to the extent it seeks information protected as Attorney work product and/or by the Attorney-client privilege. This interrogatory calls for irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. The defendant objects to this interrogatory to the extent it is prejudicial and misleading as phrased. This interrogatory assumes facts not otherwise admitted or proved. This interrogatory requests confidential information not subject to disclosure. This interrogatory calls for irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. The defendant objects to this interrogatory to the extent it is ambiguous, vague and does not define the terms necessary for the defendant to provide a responsive answer.

Without waiving the foregoing objections, the City advised that Judith Sweet reviewed the Plaintiff's application, which did not contain any supporting medical documentation. Applications for benefits under M. G. L. Chapter 41, Section 111 F are analyzed on a case by case basis by the claims agent and any other employee with relevant knowledge. Incomplete applications are generally denied.

The Plaintiff's question in 13d calls for a legal conclusion and/or interpretation of the Massachusetts Conflict of Interest law, to which he is not entitled through interrogatories. Further, the Plaintiff filed a complaint about this matter with the Massachusetts State Ethics

Commission, and any such information and/or conversations regarding this complaint between the City and the Ethics Commission must remain confidential, per order of the Ethics Commission. Moreover, this information will not assist the Plaintiff to prove any element of his case, and the request is therefore irrelevant.

The Plaintiff asks if a letter he sent would constitute a timely notice of injury. This request clearly asks for a legal conclusion, to which the Plaintiff is not entitled. Moreover, the City is not aware of any letter form Plaintiff's counsel advising of a mental injury.

**J.      Document Request Number 2.**

The Plaintiff requested unaltered Nextel cell phone records of Chief Edward Davis from Feb. 1, 2000 to March 31, 2000.

The City objected stating the following: The requested documents are completely irrelevant to the claims in the Plaintiff's complaint. The distribution of the requested documents would result in a substantial invasion of Edward Davis' privacy. This request is overbroad, unduly burdensome and seeks information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. The City is further not in possession of all of the requested records. The City believes that the Plaintiff seeks the documents in Request Number 2 for an unrelated matter in which the discovery period has expired.

Without waiving the foregoing objection, the City stated that it provided the redacted documents in response to discovery requests in one of the other lawsuits against the City, and that the documents were redacted pursuant to an agreement between counsel for the City and counsel for the Plaintiff, Ellen Poster. Edward Davis testified at a deposition that he did not discuss the Plaintiff's medical condition via mobile phone. The Plaintiff has been advised that the redacted lines reflect a call to Edward Davis' former personal cell phone, and calls to Edward

Davis' home phone number.

The City also refers the Court to Paragraph C. above. The City contends that it has adequately responded to the Plaintiff's request and the redacted information is completely irrelevant to the Plaintiff's claims.

**K.     Document Request No. 5**

The Plaintiff requested all employment records of Deputy Supt. of Police Dennis Cormier, including but not limited to personal files, disciplinary records, Internal Affairs records, etc.

The Defendant made the following objections: The requested documents are completely irrelevant to the claims in the Plaintiff's complaint. The distribution of the requested documents would result in a substantial invasion of Dennis Cormier's privacy. This request is overbroad, unduly burdensome and seeks information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. The City believes that the Plaintiff seeks the documents in Request Number 5 for an unrelated matter in which the discovery period has expired.

Further, these documents are subject to an outstanding discovery issue in an unrelated matter. The City believes that the Plaintiff's counsel and Dennis Cormier's counsel may have come to an agreement regarding these documents and that the Plaintiff will receive such documents from Mr. Cormier in the other lawsuit.

The Plaintiff now contends that Dennis Cormier's credibility will be an issue at trial because the Plaintiff alleges that Cormier improperly released the Plaintiff's medical information. This issue is the exact issue before the Suffolk Superior Court, in which jurisdiction previously attached, and the Court should not allow the Plaintiff to pursue this issue in 2

different venues. The City maintains that these documents are irrelevant for the purposes of this trial. In addition, in terms of credibility, the Plaintiff is restricted to evidence pursuant to Federal Rule of Evidence 608.

L.     **Request No. 8**

The Plaintiff requested all documents relating to employment benefits allowed to City of Lowell police Department employee Dennis Cormier in regard to exposure to an infectious disease. Including, but not limited to, incident reports, supervisors reports, benefits paid by the City of Lowell, etc.

The defendant objected to this request to the extent it seeks information protected as Attorney work product and/or by the Attorney-client privilege. The defendant objected to this interrogatory to the extent it seeks information prepared in anticipation of litigation and/or as trial preparation materials. The requested documents are completely irrelevant to the claims in the Plaintiff's complaint. The distribution of the requested documents would result in a substantial invasion of Dennis Cormier's privacy. This request is overbroad, unduly burdensome and seeks information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. The City believes that the Plaintiff seeks the documents in Request Number 5 for an unrelated matter in which the discovery period has expired.

In addition, Dennis Cormier is not similarly situated in all relevant aspects. In Cormier's case, he too was denied benefits by the City. Cormier, however, filed a grievance pursuant to the collective bargaining agreement and prevailed after pursuing the grievance process. In addition, the criminal involved in Cormier's situation was known to have an infectious disease; the criminal involved in Desrosiers' situation is not known to the City to have an infectious disease. Cormier did not wait to report his medical condition; Desrosiers did not advise the City of his

medical condition for 11 years. Desrosiers does not have evidence that the criminal was HIV positive, that the needle was HIV positive, or that he contracted HIV from his employment activity. Cormier is not similarly situated to the Plaintiff.

The City maintains that these documents are irrelevant for the purposes of this trial.

**M.    Request No. 9**

The Plaintiff requested Payroll records as it relates to the plaintiff from February 2000 to September 2005, including but not limited to, the listing of the employment status of the plaintiff during the time wages were not paid.

The defendant provided the following objection:  The defendant objects to this request to the extent it seeks information protected as Attorney work product and/or by the Attorney-client privilege. The defendant objects to this request to the extent it seeks information prepared in anticipation of litigation and/or as trial preparation materials. The requested documents are completely irrelevant to the claims in the Plaintiff's complaint. This request is overbroad, unduly burdensome and seeks information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objection, however, that the City provided most of your employment records to you in response to discovery requests in your other lawsuits and claims.

The City stated that it maintains that this request is unduly burdensome, as at least one page per day is generated for employees' status. The response to this request would therefore produce over 1500 documents.

The City advised the Plaintiff that, if he desires to view more recent payment information, he may view such documents at Lowell City Hall during normal business hours.

The City further agreed to produce the documents for the following dates, which the City

contends should satisfy the Plaintiff's needs:

February 1, 2000, February 28, 2000, February 1, 2001, February 28, 2001, January 1, 2002, January 1, 2003, January 1, 2004, January 1, 2005, August 2, 2005.

**N.  Request No. 10**

The Plaintiff requested the following Lowell Police Department daily log sheets for the following dates: Feb 1, 2000, Feb. 28, 2000, Feb. 1, 2001, Feb. 28, 2001, January 1, 2002, January 1, 2003, January 1, 2004, January 1, 2005, August 2, 2005.

The City provided the following objection: The requested documents are completely irrelevant to the claims in the Plaintiff's complaint. This request is overbroad, unduly burdensome and seeks information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objection, the City provided most of the requested records to you in response to discovery requests in your other lawsuits and claims. If you wish to view more recent information, you may view such documents at the Lowell Police Department during normal business hours.

The City, however, has agreed to provide these documents.

**O.  Request No. 14**

Report of City Solicitor Christine O'Connor released on or about April 2005 in regard to City employees utilizing benefits under MGL. Ch 41, sec 111F, and any similar reviews compiled by any other City of Lowell employee in 2003 and 1999.

The City objected and responded as follows: The requested documents are completely irrelevant to the claims in the Plaintiff's complaint. This request is overbroad, unduly burdensome and seeks information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the requested documents seeks information not

subject to disclosure pursuant to the attorney-client privilege.

Since the Plaintiff requests a report that the City's attorney provided to the City Council, her client, the Plaintiff is not entitled to this report.

### III. CONCLUSION

For the foregoing reasons, the City of Lowell has appropriately responded to the Plaintiff's discovery requests. The City therefore requests that this Court deny the Plaintiff's motion, because this pro se Plaintiff is not entitled to responses that contain legal interpretations, nor is he entitled to any information protected by the attorney client privilege.

February 21, 2006                           CITY OF LOWELL, DEFENDANT,

                                            _____
                                            Kimberley A. McMahon, Assistant City Solicitor
                                            BBO #641398
                                            City of Lowell Law Department
                                            375 Merrimack Street, 3rd Fl.
                                            Lowell MA 01852-5909
                                            (978) 970-4050
                                            FAX (978) 453-1510

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served on Rodney Desrosiers, pro se, 1403 Rock Wood Drive, Saugus MA 01906, via first class mail, on February 21, 2006.

*Kimberley A. McMahon*
Kimberley A. McMahon, Assistant City Solicitor