COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
SUPERIOR COURT DEPARTMENT

SUFFOLK, SS.                                                                   SUCV2003-00794

RODNEY DESROSIERS,           )
    Plaintiff                )
                             )
v.                           )
                             )
EDWARD F. DAVIS, III         )
JUDITH SWEET                 )
DENNIS R. CORMIER            )
    Defendants               )

### DEFENDANTS' EMERGENCY MOTION TO QUASH PLAINTIFF'S SUBPOENA OF THOMAS E. SWEENEY

Now come the Defendants in the above-captioned matter and hereby move this Court to quash the Plaintiff's Deposition Subpoena of Attorney Thomas E. Sweeney. As grounds therefore, the Defendants state that any and all relevant information of which Attorney Sweeney is possessed is protected by the Attorney-Client privilege. Justice requires such relief in order to protect the City of Lowell and the Defendants from the annoyance, oppression, undue burden, expense and extreme prejudice that will result from discovery through such extraordinary and unnecessary means. In further support hereof, see Memorandum of Law attached hereto.

October 8, 2003                       EDWARD DAVIS, DENNIS CORMIER AND
                                      JUDITH SWEET, DEFENDANTS,

                                      */s/ Kimberley A. McMahon/*
                                      Kimberley A. McMahon, Assistant City Solicitor
                                      BBO# 641398
                                      City of Lowell Law Department
                                      375 Merrimack Street, 3rd Fl.
                                      Lowell MA 01852-5909
                                      (978) 970-4050
                                      FAX (978) 453-1510

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
SUPERIOR COURT DEPARTMENT

SUFFOLK, SS.                                                          SUCV2003-00794

RODNEY DESROSIERS,           )
    Plaintiff                          )
                                             )
V.                                          )
                                             )
EDWARD F. DAVIS, III            )
JUDITH SWEET                      )
DENNIS R. CORMIER             )
    Defendants                       )

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION TO QUASH PLAINTIFF'S SUBPOENA OF THOMAS E. SWEENEY

### FACTS

The Plaintiff, Rodney Desrosiers, filed this action on February 19, 2003, alleging that the Defendants invaded his privacy by disclosing his medical records.

Attorney Thomas E. Sweeney served the City of Lowell as a City Solicitor from 1970 until his recent retirement on August 29, 2003. Attorney Sweeney was counsel of record for the Defendants in this matter, and represented the City of Lowell in his capacity as City Solicitor for all lawsuits filed against the City of Lowell until August 29, 2003. Attorney Sweeney has additionally represented the City of Lowell and Defendant Davis in at least 3 other complaints the above-referenced Plaintiff filed in Court and at state agencies against the City of Lowell, Edward Davis and others. (See attached affidavits).

On October 3, 2003, the City of Lowell Law Department received a Notice of Taking Deposition of Thomas Sweeney, along with a draft copy of a subpoena relative to the above captioned lawsuit. The copy indicated that the Plaintiff served Attorney Sweeney at 133 Market Street, Lowell, Massachusetts. The City of Lowell Law Department, however, has not received any proof of service, and the City has knowledge that Attorney Sweeney has not worked at 133 Market Street for approximately 4 years.

## ARGUMENT

I.  **PLAINTIFF'S SUBPOENA OF THE FORMER CITY SOLICITOR RUNS AFOUL OF THE WELL-ESTABLISHED LEGAL PRINCIPLE PROHIBITING THE DISCLOSURE OF ATTORNEY-CLIENT COMMUNICATIONS.**

Plaintiff's intent to depose the Defendants' lawyer runs afoul of the attorney-client privilege which is intended to prevent the disclosure of communications between attorney and client. Where a client consults his lawyer, in his capacity as a lawyer, the communication in confidence of matters that are, or that the client reasonably supposes to be, necessary to the proper conduct of legal business is privileged. National Employment Service Corp. v. Liberty Mutual Insurance Co., 3 Mass.L.Rptr. 221 (Mass. Super. Ct. December 12, 1994)(Welch, J.). The term "client" can include an agent or employee of the client. Id. This Court has held that the attorney-client privilege protects communications between an entity's attorneys and the entity's high-ranking employees. See Abramian v. President & Fellows of Harvard College, 14 Mass.L.Rptr. 230, 231 (Mass. Super. Ct. November 29, 2001)(Lauriat, J.)

The long-standing principle of attorney-client privilege is founded on the necessity that a client be free to reveal information to an attorney, without fear of disclosure, in order to obtain informed legal advice. Purcell v. District Attorney for the Suffolk District, 424 Mass. 109, 111 (1997). The privilege belongs to the client, and the attorney cannot disclose communications

between attorney and client unless the client releases the attorney from that obligation. In the Matter of a John Doe Grand Jury Investigation, 408 Mass. 480, 483 (1990).

The attorney-client privilege may be invoked to prevent the disclosure of attorney-client communications if it can be shown that (1) the resisting party was or sought to be a client of counsel (2) that counsel was acting as a lawyer in connection with the matter at issue (3) that the matter as to which privilege is asserted relates to facts communicated for the purposes of securing a legal opinion, legal services or assists in a legal proceeding and (4) that the resisting party has not waived the privilege. U.S. v. Wilson, 798 F.2d 509 (1986). Further, the United States Supreme Court has held that, in the case of a corporation, the attorney-client privilege applies to communications between general counsel and employees of the corporation where the communications at issue were for the purpose of securing legal advice. Upjohn v. United States, 449 U.S. 383, 66 L.Ed. 2d 584, 101 S.Ct. 677 (1981).

Attorney Thomas Sweeney has, at all times relevant to this action barring the past five weeks, acted as the City's and the Defendants' lawyer in connection with this matter and all other lawsuits in which the Plaintiff sued the City and the Defendants. Any and all relevant information of which the City Solicitor is possessed relates to facts communicated to him by the Defendants. Further, the Defendants do not wish to waive the attorney-client privilege. See Affidavits attached hereto.[1] Thus, in accordance with the long-standing law protecting clients' communications with their attorneys, this Court should quash the Plaintiff's subpoena thereby preventing the deposition of the Attorney Sweeney and disclosure of these attorney-client communications.

---

[1] Defendants Davis and Cormier signed affidavits, attached, indicating that they do not wish to waive their privilege. Defendant Sweet is currently out-of-state on vacation. At the Court's request, counsel for the City will provide the Court an affidavit from Ms. Sweet certifying her desire to not waive her privilege upon Ms. Sweet's return to Massachusetts.

## II. ANY INFORMATION OF WHICH THE SOLICITOR IS POSSESSED MAY BE OBTAINED BY PLAINTIFF THROUGH THE DEPOSITIONS OF WITNESSES TO THE FACTS AT ISSUE

Any knowledge which the Solicitor may have of the facts at issue in this case was obtained by him through communications with the Defendants and agents and employees of the City of Lowell. The attorney-client privilege protects only the content of communications between attorney and client and not the knowledge of persons about the facts themselves. Upjohn at 595. Therefore, any relevant information of which the Solicitor is possessed is readily available to the Plaintiff through the depositions of the Defendants and witnesses to the Plaintiff's allegations. The mere fact that it may be inconvenient for the Plaintiff to seek this information from the actual witnesses to this action does not justify an intrusion into attorney-client confidences.

In addition, an attorney's work product privilege protects against the disclosure of his mental impressions, conclusions, opinions or legal theories, and the party seeking discovery of the lawyer's work-product must establish adequate reasons to justify such production. Flynn v. Church of Scientology International, 116 F.R.D. 1, 7 (1986). When the desired material can be obtained elsewhere, the burden of showing such special circumstances has not been met. Hickman v. Taylor, 329 U.S. 495, 511-512 (1946).

The Plaintiff has not set forth any reasons to justify the deposition of the Defendants' lawyer in this matter. The Court should therefore quash the Plaintiff's subpoena.

## CONCLUSION

For the foregoing reasons, the Defendants respectfully request that this Honorable Court quash the Plaintiff's subpoena to depose their lawyer, Thomas E. Sweeney.

October 8, 2003

EDWARD DAVIS, DENNIS CORMIER AND
JUDITH SWEET, DEFENDANTS,

*Kimberley A. McMahon*

Kimberley A. McMahon, Assistant City Solicitor
BBO# 641398
City of Lowell Law Department
375 Merrimack Street, 3rd Fl.
Lowell MA 01852-5909
(978) 970-4050
FAX (978) 453-1510

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served on Ellen L. Poster, Esq., 68 Commercial Wharf, Boston MA 02110, via facsimile and first-class mail, on October 8, 2003.

*Kimberley A. McMahon*

Kimberley A. McMahon, Assistant City Solicitor

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                                    SUPERIOR COURT
                                               SUCV2003-00794

RODNEY DESROSIERS,         )
    Plaintiff              )
                           )
v.                         )
                           )
EDWARD F. DAVIS, III       )
JUDITH SWEET               )
DENNIS R. CORMIER,         )
    Defendants             )

Plaintiff's Opposition to Defendants' Emergency Motion to Quash
Plaintiff's Subpoena of Thomas E. Sweeney

Now comes the Plaintiff in the above-captioned matter and opposes the Defendants' Emergency Motion to Quash Plaintiff's Subpoena of Thomas E. Sweeney, and states in support of his Opposition as follows:

1. The Plaintiff's Complaint alleges that Defendant Judith Sweet violated M.G.L. c. 214 Section 1B, in informing a member of the Lowell Police Department (Officer David Abbott), who did not have a need to know, of the Plaintiff's medical condition, which the Plaintiff had asked to be kept confidential.

2. Defendant Judith Sweet is an employee of the law department of the City of Lowell. (See Judith Sweet's deposition, page 4, lines 4-6, attached hereto as Exhibit A.)

3. Defendant Judith Sweet's boss was Defendant Thomas Sweeney. (See Judith Sweet's deposition, page 26, lines 1-2, attached hereto as Exhibit A.)

4. Officer David Abbott told the Chief of Police, Defendant Edward F. Davis, III that he was informed of the Plaintiff's confidential medical condition by Defendant Judith Sweet. (See Officer Abbott's deposition, page 24, lines 1-10, attached hereto as Exhibit B.)

5. In Defendant Chief Davis' deposition, he states that after he learned that Defendant Sweet had told Officer Abbott of the Plaintiff's confidential medical condition, he talked to her boss, Thomas Sweeney. (See Chief Davis' deposition, page 36, lines 11-24, attached hereto as Exhibit C.)

6. The Chief testifies that he does not know what action Thomas Sweeney took with regard to Judith Sweet's breach of the Plaintiff's confidentiality. (See Chief Davis' deposition, page 36, lines 16-24, attached hereto as Exhibit C.)

7. The Deposition of Thomas Sweeney is not intended to violate the attorney-client privilege, but to learn what actions Thomas Sweeney took concerning Defendant Judith Sweet's breach of the Plaintiff's confidentiality. It is in his capacity as the "boss" of Judith Sweet, and not as City Solicitor rendering legal advice to the City and its employees, that his testimony is sought by the Plaintiff.

8. Judith Sweet was not a client of Thomas Sweeney, nor was Thomas Sweeney acting as her attorney, when he took or did not take disciplinary action against her in connection with her breach of the Plaintiff's confidentiality.

9. During the time period in question, early 2000, the Plaintiff had brought no legal action against the City of Lowell or any of its employees, in any Court or agency.

WHEREFORE, the Plaintiff opposes the Defendant's Motion to Quash Plaintiff's Subpoena of Thomas E. Sweeney and requests that this Court deny the same.

                                       Respectfully submitted,
                                       The Plaintiff Rodney Desrosiers
                                       By his counsel

                                       Ellen L. Poster
                                       68 Commercial Wharf
                                       Boston, MA 02110
                                       (617)742-6767
                                       BBO No. 404080

Date: October 15, 2003

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
SUPERIOR COURT DEPARTMENT

SUFFOLK, SS.                                                      SUCV2003-00794

RODNEY DESROSIERS,           )
        Plaintiff            )
                             )   Notice sent
                             )   10/16/2003
v.                           )
                             )   K. A. Mc.
                             )   E. L. P.
EDWARD F. DAVIS, III         )
JUDITH SWEET                 )
DENNIS R. CORMIER            )
        Defendants           )
                             )   (sc)

### DEFENDANTS' EMERGENCY MOTION TO QUASH PLAINTIFF'S SUBPOENA OF THOMAS E. SWEENEY

Now come the Defendants in the above-captioned matter and hereby move this Court to quash the Plaintiff's Deposition Subpoena of Attorney Thomas E. Sweeney. As grounds therefore, the Defendants state that any and all relevant information of which Attorney Sweeney is possessed is protected by the Attorney-Client privilege. Justice requires such relief in order to protect the City of Lowell and the Defendants from the annoyance, oppression, undue burden, expense and extreme prejudice that will result from discovery through such extraordinary and unnecessary means. In further support hereof, see Memorandum of Law attached hereto.

October 8, 2003

EDWARD DAVIS, DENNIS CORMIER AND
JUDITH SWEET, DEFENDANTS,

Kimberley A. McMahon, Assistant City Solicitor
BBO# 641398
City of Lowell Law Department
375 Merrimack Street, 3rd Fl.
Lowell MA 01852-5909
(978) 970-4050
FAX (978) 453-1510

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                              SUCV2003-00794

RODNEY DESROSIERS,         )
    Plaintiff                         )
                                        )
v.                                      )
                                        )
EDWARD F. DAVIS, III       )
JUDITH SWEET               )
DENNIS R. CORMIER,         )
    Defendants

PLAINTIFF'S MOTION FOR RECONSIDERATION UNDER SUPERIOR COURT RULE 9D OF THE COURT'S ORDER OF OCTOBER 15, 2003 ALLOWING THE DEFENDANTS' EMERGENCY MOTION TO QUASH PLAINTIFF'S SUBPOENA OF THOMAS E. SWEENEY

Now comes the Plaintiff in the above referenced matter and requests that this Honorable Court reconsider its Order of October 15, 2003 allowing the Defendants' Motion to Quash the Plaintiff's Subpoena of Thomas E. Sweeney, and states in support of his Motion as follows:

1. The Plaintiffs attempted to serve Thomas E. Sweeney, former City Solicitor of the City of Lowell, with a deposition subpoena and provided a copy of the subpoena to the Defendants. (Copies of the deposition subpoena and notice to the City of Lowell are attached hereto as Exhibit A.)

2. The Defendants filed an Emergency Motion to Quash Plaintiff's Subpoena of Thomas E. Sweeney on October 9, 2003. (A copy of the Emergency Motion is attached hereto as Exhibit B.)

3. The Plaintiff filed an Opposition to the Defendants' Emergency Motion on October 15, 2003. (A copy of the Opposition is attached hereto as Exhibit C.)

4. The Court allowed the Emergency Motion on October 15, 2003. (A copy of the Court's Order is attached hereto as Exhibit D.)

5. The Court states in its Order of October 15, 2003, that the "Plaintiff has stated no persuasive reason for deposing a former city solicitor."

6. In fact, the burden of proving that the attorney-client privilege applies to a communication rests on the party asserting the privilege:

> When we are faced with questions regarding the attorney-client privilege, we are guided by the following principles. The privilege is ordinarily strictly construed...The existence of the privilege and the applicability of any exception to the privilege is a question of fact for the judge...The burden of proving that the attorney-client privilege applies to a communication rests on the party asserting the privilege...<u>This burden extends not only to a showing of the existence of the attorney-client relationship but to all other elements involved in the determination of the existence of the privilege, including: (1) the communications were received from a client during the course of the client's search for legal advice from the attorney in his capacity as such;</u> (2) the communications were made in confidence; and (3) the privilege as to these communications has not been waived. In the Matter of the Reorganization of Electric Mutual Liability Insurance Company, Ltd.(Bermuda)., 425 Mass. 419, 681 N.E.2d 838 (Mass. 1997) at 840,841. (Emphasis added.)

7. The arguments advanced in the Defendants' Memorandum of Law appended to its Emergency Motion to Quash, do not provide a basis under In the Matter of the Reorganization of Electric Mutual Liability Insurance Company, Ltd.(Bermuda), Id. for denying the Plaintiff the right to take the deposition of Thomas E. Sweeney.

8. If Thomas Sweeney disciplined Judith Sweet or informed her that her actions were improper because the Chief of Police brought to his attention that Ms. Sweet had violated the Plaintiff's right to privacy by disclosing his confidential medical condition (and any subsequent corroboration Ms. Sweet may have provided to Thomas Sweeney), those

disciplinary actions or statements of Thomas Sweeney to Ms. Sweet are not within the ambit of the attorney-client privilege as set forth in the above-cited case:

(a) the relationship between Judith Sweet and Thomas Sweeney was one of employee to boss, not client to attorney; and

(b) whatever Thomas Sweeney may have said to Judith Sweet concerning her actions with regard to the Plaintiff, or whatever disciplinary action he may have taken against her, were not in the course of her seeking legal advice from him, but rather were the response(s) of a boss to an errant employee.

9. The best evidence of what Thomas Sweeney said and did concerning the information provided to him by Chief Davis concerning Judith Sweet can only come from Thomas Sweeney. Likewise, Thomas Sweeney can best testify to what questions he may have asked Judith Sweet concerning her actions and what she responded.

10. The Plaintiff's claim is that the named Defendants breached the Plaintiff's right to privacy. The testimony of Thomas Sweeney sought by the Plaintiff bears directly on that issue. If Thomas Sweeney disciplined Judith Sweet, or informed her that her actions were improper, that information is highly supportive of the Plaintiff's Complaint against Judith Sweet.

WHEREFORE, the Plaintiff moves that this Honorable Court reconsider its Order of October 15, 2003, and deny the Defendants' Motion to Quash Plaintiff's Subpoena of

Thomas E. Sweeney.

>Respectfully submitted,
>Rodney Desrosiers, Plaintiff
>By his counsel
>
>_____
>Ellen L. Poster
>68 Commercial Wharf
>Boston, MA 02110
>(617)742-6767
>BBO No. 404080

Date: October 23, 2003

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss      SUCV2003-00794

| | |
|---|---|
| RODNEY DESROSIERS,<br>    Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| EDWARD F. DAVIS, III<br>JUDITH SWEET<br>DENNIS R. CORMIER,<br>    Defendants | )<br>)<br>)   (sc)<br>) |

Notice sent
10/29/2003
E. L. P.
K. A. Mc.

PLAINTIFF'S MOTION FOR RECONSIDERATION UNDER SUPERIOR COURT
RULE 9D OF THE COURT'S ORDER OF OCTOBER 15, 2003 ALLOWING THE
DEFENDANTS' EMERGENCY MOTION TO QUASH PLAINTIFF'S SUBPOENA
OF THOMAS E. SWEENEY

Now comes the Plaintiff in the above referenced matter and requests that this Honorable Court reconsider its Order of October 15, 2003 allowing the Defendants' Motion to Quash the Plaintiff's Subpoena of Thomas E. Sweeney, and states in support of his Motion as follows:

1. The Plaintiffs attempted to serve Thomas E. Sweeney, former City Solicitor of the City of Lowell, with a deposition subpoena and provided a copy of the subpoena to the Defendants. (Copies of the deposition subpoena and notice to the City of Lowell are attached hereto as Exhibit A.)

2. The Defendants filed an Emergency Motion to Quash Plaintiff's Subpoena of Thomas E. Sweeney on October 9, 2003. (A copy of the Emergency Motion is attached hereto as Exhibit B.)

3. The Plaintiff filed an Opposition to the Defendants' Emergency Motion on October 15, 2003. (A copy of the Opposition is attached hereto as Exhibit C.)