# EXHIBIT 1



EXHIBIT
NO. 1-JD
5/10/06

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MASSACHUSETTS


Rodney D. Desrosiers,
                    Plaintiff                    Civil Action

vs.

                                                 NO.  04-11932-NG (SEALED)
City of Lowell, MA.
Police Department
                    Defendant


## AMENDED COMPLAINT

### Parties

1. Plaintiff, Rodney D. Desrosiers is a duly appointed police officer in the City of Lowell, and resides at 34 Shurtleff St. #2 in Chelsea, Massachusetts.  The plaintiff is a citizen of the United States.

2. The Defendant, City of Lowell MA., Police Department, is located at 375 Merrimack St. Lowell, Massachusetts.  The City of Lowell is a municipality organized under the laws of the Commonwealth of Massachusetts.

3. Both the Plaintiff and the Defendant are located in the jurisdiction of the United States District Court, District of Massachusetts.    This court has jurisdiction over this matter pursuant to the Americans with Disabilities Act.

4. From the time of the plaintiff's appointment as a police officer in 1987, until the time his employer became aware of his disability in February 2000, the plaintiff had been well regarded and received numerous commendations, citations and awards during the course of his employment.

5. At the time of the events described in this complaint, the plaintiff was a Detective with the Lowell Police Department assigned to the West Sector precinct of the City of Lowell.

6. On February 21, 2000 the plaintiff's attorney informed Lowell Chief of Police Edward Davis (hereafter Chief Davis) that the plaintiff was HIV Positive and in need of a medical leave of absence.   The Plaintiff's Attorney also sought benefits for the Plaintiff under M.G.L. Chapter 41, Section 111F, which is the statue that provides benefits for police

officers in Massachusetts injured in the line of duty. Chief Davis was provided documentation of a needle stick injury the plaintiff had suffered in the line of duty in 1989.

7. The plaintiff, who was diagnosed HIV Positive in 1991, had never before requested a medical leave of absence, and had not revealed his medical condition to any employee of the City of Lowell prior to his attorney meeting with Chief Davis on February 21, 2000.

8. The plaintiff's attorney requested in the meeting with Chief Davis that the plaintiff's medical condition remain confidential, as the plaintiff had deep concerns about his ability to return to work in the future, if coworkers where aware of his medical condition. Chief Davis promised confidentiality in the matter to the plaintiff's attorney.

9. No other police officer in the Lowell Police Department has been on leave for being HIV positive.

10. Chief Davis had no previous knowledge of the plaintiff's medical condition prior to his meeting with the plaintiff's attorney on February 21, 2000.

11. By February 28, 2000 the plaintiff's co-workers had become aware of the Plaintiff's medical condition, and soon afterwards the plaintiff's condition became known to members of the public in the City of Lowell.

12. Other police officers have taken extended sick leave from the Lowell Police Department due to their medical conditions, and their medical conditions have been kept confidential, whereas the plaintiff's medical condition was not kept confidential, even after the plaintiff's express request that it be kept confidential.

13. The policy of the City of Lowell and the Lowell Police Department is to not disclose any confidential medical information to third parties.

14. According to Chief Davis, only he, the Law Department (including Judith Sweet) and the City Manager had a need to know of the plaintiff's specific medical condition.

15. Chief Davis had a conversation with Deputy Superintendent of Police Dennis Cormier (hereafter Deputy Cormier) in close proximity to his meeting with the plaintiff's attorney.

16. Deputy Cormier stated in his deposition taken on December 4, 2001 that he was informed of the plaintiff's medical condition by Chief Davis.

17. Lowell Police Lieutenant William Busby stated in his deposition taken on September 13, 2001 that he was informed of the plaintiff's medical condition by Deputy Cormier in a conference room at the Lowell Police Department.

18. Lowell Police Officer David Abbott stated in his deposition taken on August 29, 2001 that he was informed of the Plaintiff's medical condition in a hallway of the Lowell Police Department by Judith Sweet (who was an employee of the Lowell Law Department).

19. After learning of the plaintiff's medical condition, officers who had been quite comfortable previously working with the plaintiff now held a very derogatory opinion of the plaintiff based on his medical diagnosis.

20. On or about April 20, 2000 the plaintiff's attorney wrote a letter to Chief Davis complaining about the release of the plaintiff's medical condition.

21. Chief Davis and the Lowell Police Department failed to abide by their own code of conduct with regard to their treatment of the plaintiff's confidential medical information, in that, officers are not to divulge confidential information, the Chief of Police is to conduct an investigation when presented with a charge of a violation of regulations, and an officer who communicates confidential information to third parties has committed a punishable offense.

22. Not only did Chief Davis and the Lowell Police Department demonstrate discriminatory animus as hereinbefore set forth, but the Lowell Police Department continued thereafter to act with discriminatory animus with regard to the plaintiff. In May 2000 the plaintiff sought to withdraw funds from his personal 457K fund with Copeland Companies. Copeland Companies required medical leave confirmation and wage information to honor the plaintiff's request. Although this information is given by the Lowell Police Department routinely for every other case, the Police Department refused to provide it for the plaintiff.

23. On or about May 18, 2000 Copeland Companies representative ("Neil") notified the plaintiff via answering machine message that the Lowell Police Department would not cooperate in providing the letter needed by the plaintiff. "Neil" later then informed the plaintiff in a telephone conversation that a "high authority" in the Lowell Police Department had refused to cooperate in providing the needed documentation for the plaintiff stating that the plaintiff "was not injured enough".

24. Deputy Cormier testified in his deposition on December 4, 2001 that the finance Department of the Lowell Police Department was under his control in May 2000. Daniel Demarais, who was the Finance Officer for the City of Lowell in May 2000, has stated in a deposition that it would be an unusual practice for the Lowell Police Department to refuse such a routine request as that desired by the plaintiff.

25. The Plaintiff filed a complaint against the Lowell Police Department with the Massachusetts Commission against Discrimination (hereafter MCAD) on August 21, 2000 (MCAD Docket # 00132550). The plaintiff contended in his complaint that the Lowell Police Department had taken adverse employment actions against the plaintiff, based on his disability, when they disclosed the plaintiff's HIV medical status to co-

workers who did not have a need to know, and when they refused to provide the plaintiff with documentation that was routinely provided to other employees. The plaintiff contends that other employees who have taken medical leave with personal and sensitive medical conditions have not been subject to this same adverse treatment.

26. In February 2001 the plaintiff exhausted his accumulated sick leave time and no longer received a weekly income from the City of Lowell. Massachusetts General Law states that municipal employees on unpaid medical leave status are only required to pay 50% towards their monthly health insurance premium, with the employee's municipality paying the other 50%. The plaintiff's union contract further allowed for the plaintiff to pay only 25% towards his monthly health insurance premium.

27. The City of Lowell disregarded both benefits allowable to the plaintiff and instead placed the plaintiff on coverage under the Consolidated Omnibus Budget Reconciliation Act (hereafter COBRA) which required that the plaintiff pay 102% of his health insurance premium from approximately June 2001 to approximately December 2002.

28. In approximately December 2002 the plaintiff became aware of his rights in regards to his health insurance benefits and requested that his attorney speak with the Human Relations Office for City of Lowell. The plaintiff's attorney telephoned the Human Relations Office of the City of Lowell in December 2002 and informed the Human Relations Manager for the City of Lowell of the existence of Massachusetts General Law Chapter 32, Section 7A, subsection (b), as well as the existence of the plaintiff's union contract, which both allowed for the plaintiff to pay a much lower health insurance premium rate than what the City of Lowell was making the plaintiff responsible for paying.

29. After both the verbal notification from the plaintiff's attorney, and a written notification from the plaintiff to the City of Lowell, the plaintiff's employer only agreed to lower the plaintiff's responsibility for his monthly health insurance premium from 102% of the premium to 100% of the premium, and continued to list the plaintiff's status as "absent without pay", disregarding both Chief Davis's approval of a medial leave of absence status for the plaintiff, as well as the medical documentation that was provided to the city by the plaintiff. Either one of these facts alone should have entitled the plaintiff to an "unpaid medical leave status" which would have afforded the plaintiff the benefits as outlined in paragraph 26 above.

30. The plaintiff filed a second complaint on March 31, 2003 with the Massachusetts Commission against Discrimination for retaliation and discrimination in regards to the actions of his employer as it related to the plaintiff's health insurance coverage (Docket # 03BEM01030). The MCAD subsequently allowed the retaliation complaint to go forward and merged that complaint into MCAD Docket # 00132550.

31. In November 2004, Massachusetts Superior Court Justice Geraldine Hines found in favor of this Plaintiff, after trial, and ordered that the City of Lowell provide this plaintiff

benefits under Massachusetts General Law Chapter 41, Section 111F (hereafter M.G.L. chapter 41, section 111F), which this plaintiff was being denied by the City of Lowell.

32. The City of Lowell, in disregard to the order of Judge Hines continued to refuse to provide the plaintiff benefits under M.G.L. Chapter 41, Section 111F, which the court had found the plaintiff was entitled to.

33. The plaintiff in this instance has been treated differently than similarly situated employees, in that during discovery in a separate civil matter, it was learned that the City of Lowell had previously provided benefits to the Deputy Chief of Police (hereafter Deputy) after the Deputy alleged he had contracted the Hepatitis B virus on duty while responding to an incident on the job. Benefits were provided by the City of Lowell to the Deputy, at his request, even though the Deputy had failed to provide documentation of an exposure, had failed to properly follow departmental policy in the reporting of an exposure, and had failed to follow up with the City Physician as would be required after such an exposure.

34. In contrast, this plaintiff continues to be denied employment benefits from the City of Lowell under M.G.L. chapter 41, section 111F, even though this plaintiff's injury was witnessed, timely reported to a supervisor, properly documented as required by departmental policy, followed up with the City Physician as required by City of Lowell policy, and found by the superior court to be an injury which occurred in the line of duty.

35. The actions of the City of Lowell in refusing to provide employment benefits under M.G.L. chapter 41, section 111F to this plaintiff even after the courts order, and with no stay of such order, constitutes a continuing pattern of discrimination and retaliation against the plaintiff.

36. The actions of the plaintiff's employer caused the plaintiff monetary damages and emotional distress.

37. WHEREFORE, the plaintiff demands judgment against the defendant for damages and such other relief, including interest and cost, as this court deems just and appropriate.

38. The plaintiff requests a jury trial on all issues as to which he has a right to a trial by jury.

Plaintiff,
Rodney D. Desrosiers

(Pro se)

34 Shurtleff St. #2
Chelsea, MA. 02150
978-884-9832

01/25/05

# EXHIBIT 2

RECEIVED
LAW DEPT.
CITY OF LOWELL

2005 SEP 26 AM 8: 09



**Rodney Desrosiers**
**1403 Rock Wood Drive**
**Saugus, MA 01906**
**978-884-9832**

September 23, 2005

Kimberly McMahon
Lowell Law Department
375 Merrimack St., 3rd Fl
Lowell, MA 01852

Dear Attorney McMahon;

Enclosed are my answers to your first set of interrogatories. I will shortly be sending you the documents requested in your "Request for Documents". If you have any question concerning any discovery matters please contact me by mail or at the above listed telephone number.

Sincerely,

Rodney Desrosiers

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **RODNEY D. DESROSIERS,** | ) | **C.A. NO. 04-11932-NG (SEALED)** |
| **Plaintiff** | ) | |
| | ) | |
| **V.** | ) | |
| | ) | |
| **CITY OF LOWELL, MA.** | ) | |
| **POLICE DEPARTMENT** | ) | |
| **Defendant** | ) | |

## Plaintiff's Answers to Defendant's First Set of Interrogatories

1. Please state your full name, date of birth, and current residential address, residential addresses for the last ten years, social security number, name and address of current employer, and name and address of ALL employer(s) for the last ten years.

**Answer**: Rodney David Desrosiers, date of birth of 11-09-1959. My current residential address is 1403 Rock Wood Drive Saugus, MA 01906. I also resided during the past ten years at 34 Shurtleff St. #2 Chelsea, MA, 32 Shurtleff St. #1 Chelsea, MA, and 41 Stuart Ave., Dracut MA. My Social security number is 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. My current employers are the City of Lowell, and Datastream, P.O. Box 1348 Owasso, OK 74055. I have previously worked a three week temporary assignment for the Franklin Pierce agency which is located in Boston MA.

2. Please state your present martial status and, if you are married, state the date and place of marriage, and the name date of birth and address of your spouse.

**Answer**: Single

3. Please describe in complete detail all damages and/or injuries you allege to have suffered, and/or continue to have suffered as the result of the allegations described in your complaint, and itemize the amount of monetary loss you allege for each damage and/or injury.

**Answer:** I have suffered emotional distress as a result of the actions of the Defendant as described in my complaint. The injury is a direct effect of the actions of my employer and has caused substantial loses which cannot be calculated until such time the plaintiff is in receipt of retirement benefits and benefits owed under M.G.L. ch 41, section 111F. The Plaintiff is will seasonably supplement this answer.

4. Please identify fully (names, addresses and telephone numbers) all persons, known to you or any agent acting on your behalf who have knowledge or claim to have knowledge of any of the facts, events, or incidents described in your complaint.

**Answer**:
Edward Davis, 50 Arcand Dr. Lowell MA
Dennis Cormier, 50 Arcand Dr. Lowell MA
William Busby, 50 Arcand Dr. Lowell MA
David Abbott (deceased)
Jose Rivera, 50 Arcand Dr. Lowell MA
Barry Golner, 50 Arcand Dr. Lowell MA
Jack Finn, 50 Arcand Dr. Lowell MA
Daniel Damarias, 50 Arcand Dr. Lowell MA
Maria Ayala, LKA 85 West 6th St. Lowell, MA
Felix Concepcion, 50 Arcand Dr. Lowell MA
Hilda Fernandez (address unknown at this time)
Vanessa Dixon, (address unknown at this time)
Gerald Matison, 2 Dundee Park, Andover, MA
Denise McWilliams, 99 Magazine St. Cambridge, MA
Ellen Poster, 68 Commercial Wharf, Boston, MA
Neil Butkha, CitiStreet, New Jersey
Judith Sweet, 2 Sweets Pond Road, Dunstable, MA
Thomas Sweeney, 333 First St. Blvd #102 Lowell, MA
John Cox, 375 Merrimack St. Lowell, MA
William Taylor, 50 Arcand Dr. Lowell, MA
Kathy Tierney, 375 Merrimack St. Lowell, MA
Keeper of the Record, Citistreet, New Jersey

The Plaintiff is in the midst of discovery and will seasonably supplement this Response.

5. As to each person identified in your answers to the proceeding interrogatory, please state in full and complete detail:

> a. The facts, events, or incidents described in your complaint of which said person has knowledge or claims to have knowledge;
> b. Your understanding of what each person knows, saw, or observed with respect to the facts, events or incidents alleged in your complaint.

**Answers**:
Edward Davis, knowledge of the initial meeting with Attorney McWilliams and assurances given to Attorney McWilliams. Knowledge of the conversation with

Dennis Cormier and any investigation concerning the release of the plaintiff's medical information, including, but not limited to, his conversation with Thomas Sweeney. Knowledge of employment benefits denied to the plaintiff and city of Lowell and Lowell police department policy regarding employment benefits.

Dennis Cormier, the disclosure of the plaintiff's private medical information by Edward Davis and his conversation with William Busby concerning Plaintiff's Medical condition.

William Busby, the knowledge of the plaintiff's private medical information being disclosed by Dennis Cormier.

David Abbott (deceased), the disclosure of private medical information by Judith Sweet as detailed in his deposition.

Jose Rivera, knowledge concerning the release of the plaintiff's medical information and the subsequent discrimination that followed.

Barry Golner, knowledge concerning the release of the plaintiff's medical information and the subsequent discrimination that followed.

Jack Finn, knowledge concerning the release of the plaintiff's medical information and the subsequent discrimination that followed.

Daniel Demarias, knowledge concerning the routine practice of the defendant in granting employee's a wage verification letter and knowledge of plaintiff's request for the same.

Maria Ayala, knowledge concerning the release of the plaintiff's medical information.

Felix Concepcion, knowledge of information concerning disclosure of plaintiff's private medical information.

Hilda Fernandez, knowledge of information concerning disclosure of plaintiff's private medical information.

Vanessa Dixon, knowledge of information concerning disclosure of plaintiff's private medical information.

Gerald Matison, knowledge of harm done to the plaintiff by the Defendant's actions.

Denise McWilliams, knowledge of the confidentiality requested by the plaintiff and assured by the defendant.

Neil Butkha, knowledge of the refusal by the defendant in providing a wage certification letter for the plaintiff.

Judith Sweet, knowledge of the disclosure of the plaintiff's medical information and the denial of employment benefits to the plaintiff.
Thomas Sweeney, knowledge of misconduct on the part of Judith Sweet as reported by Edward Davis.

John Cox, knowledge of employee benefits denied to the plaintiff.

William Taylor, knowledge of employee benefits denied to the plaintiff.

Kathy Tierney, knowledge of employee benefits denied to the plaintiff.


6.  Please state weather you or your attorney or any other agent has received a written statement, signed or unsigned, from any person identified in your answer to the proceeding Interrogatory relating or referring to the facts, events or incidents referred to in your complaint, and if so, please identify from whom the statement was received; the date of the statement; who took such statement; and whether it was signed by the person.

**Answer**:  A signed statement has been received from Jose Rivera and Maria Ayala.  Attorney Ellen Poster took these statements on or about November 2000.  Two signed affidavits, dated April 11, 2001 and December 20, 2001, have been received from Attorney Denise McWilliams.

7.  Please identify and give addresses of any and all expert witnesses whom you may call to testify at the time of trial and state:

   a.  The name and address of the expert witness.
   b.  The subject matter on which the expert is expected to testify.
   c.  The substance of the facts and opinions to which the expert is expected to testify.
   d.  The education, training, and experience of the expert witness.


**Answer:**  The Plaintiff has not yet selected the expert(s) that he will call to testify at trial.  The Plaintiff will supplement this answer when this information is known.


8.  Please identify all other witnesses you may call to testify at the time of trial and state:

   c.  The name and address of each witness.
   d.  The subject matter of which each witness is expected to testify.

e. Your relationship to the witness.

**Answer:** All those named in answer #4 above. Also, the Plaintiff is in the midst of discovery and will seasonably supplement this answer prior to trial.

9. Please state whether you have had any communication with any employee or agent of the City of Lowell or the Lowell Police Department relating or referring to the incidents alleged in your complaint. If so, please describe such communication(s) and the substance of such communication(s).

**Answer:**
I have spoken with Jose Rivera in regards to the release of my confidential medical information by my employer and the discrimination that subsequently followed. I have had written correspondence with Kathy Tierney in regards to employment benefits that I believed I was entitled to from the City of Lowell. My attorney has sent written correspondence on my behalf, on or about April 2000, to Edward Davis and Judith Sweet, in regard to the disclosure of my private medical information. In 2003 I sent correspondence to Attorney Kimberly McMahon, which to the best of my knowledge was forwarded to Judith Sweet, applying for benefits under M.G.L. Ch 41, section 111F for emotional distress, which arose from the actions of my employer.

10. Please state in complete detail any and all facts upon which you rely to support your claim that the Defendant City of Lowell violated your rights under the United States Constitution.

**Answer:**
The amended complaint lists in detail the actions of the defendant, which are in violation of the Americans with Disability Act.

11. Please state in complete detail any and all facts upon which you rely to support your claim that the City of Lowell violated your civil rights pursuant to the Americans with Disabilities Act, or violated any other federal law.

**Answer:**
The amended complaint lists in detail the actions of the defendant, which are in violation of the Americans with Disability Act.

12. Please state in complete detail any and all facts upon which you rely to support your claim that the City of Lowell violated state law.

**Answer:**
The City of Lowell took adverse employment actions against me based on my disability, and on the previous filing of a discrimination complaint against the City of Lowell. The adverse employment actions include the denial of employment benefits and protections that are available to other employees in my same job position.

13. Please itemize precisely and specifically all monetary losses you incurred as the result of the incident described in your complaint, including but not limited to all out of pocket expenses.

**Answer:**
The plaintiff cannot precisely calculate all his loses at this time, but states that at the present time his losses have been substantial. Upon any receipt of retirement benefits and monies owed under Chapter 41, Section 111F, the plaintiff will have a clearer picture of his monetary loses at which time this answer will be appropriately supplemented.

14. Please identify all documents you possess that (1) support the allegations in your complaint; and (2) you may present in evidence at the trial of the above captioned matter.

**Answer:** Depositions of Edward Davis, Dennis Cormier, William Busby, Jose Rivera, David Abbott, Judith Sweet, Dan Desmaris, Kathy Tierney, and Robert Demoura. Affidavits of Jose Rivera, Maria Ayala and Denise McWilliams. Denial of benefit letters received from Judith Sweet. All discovery responses received from the City of Lowell in regard to the denial of benefits under M.G.L. chapter 41, Section 111F. All discovery responses received from the City of Lowell in regard to complaints filed by the plaintiff before the Massachusetts Commission against Discrimination. The order of Superior Court Justice Geraldine Hines. Furthermore, the plaintiff is in the midst of discovery and will seasonably supplement this answer prior to trial.

Rodney D. Desrosiers

1403 Rock Wood Drive
Saugus, MA 01906
978-884-9832

## Certificate of Service

I hereby certify that a true copy of the foregoing document was served upon the City of Lowell, 375 Merrimack St. 3rd floor, Lowell MA by first class mail on September 23, 2005.

Rodney D. Desrosiers (Pro Se)