# EXHIBIT 3



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **RODNEY D. DESROSIERS,**<br>     Plaintiff<br><br>V.<br><br>**CITY OF LOWELL, MA.**<br>     Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

C.A. NO. 04-11932-NG

## Plaintiff's Supplemental Responses to Defendant's First Set of Interrogatories

3. Please describe in complete detail all damages and/or injuries you allege to have suffered, and/or continue to have suffered as the result of the allegations described in your complaint, and itemize the amount of monetary loss you allege for each damage and/or injury.

**Answer:** Due to the actions of my employer I have suffered lost wages of approx. $220,000, lost benefits of approx. $60,000, lost future wages of approx. $440,000, and a loss of $42,000 from a cancelled employee life insurance policy. The above amounts are not my sole losses, as they do not take into account interest, attorney fees incurred, emotional damages suffered, and punitive damages, all of which are monetary damages best determined by a jury after trial.

4. Please identify fully (names, addresses and telephone numbers) all persons, known to you or any agent acting on your behalf who have knowledge or claim to have knowledge of any of the facts, events, or incidents described in your complaint.

**Answer:**
Edward Davis, 50 Arcand Dr. Lowell MA
Dennis Cormier, 50 Arcand Dr. Lowell MA
William Busby, 50 Arcand Dr. Lowell MA
David Abbott (deceased)
Jose Rivera, 50 Arcand Dr. Lowell MA
Barry Golner, 50 Arcand Dr. Lowell MA
Jack Finn, 50 Arcand Dr. Lowell MA
Daniel Damarias, 50 Arcand Dr. Lowell MA
Maria Ayala, LKA 85 West 6th St. Lowell, MA
Felix Concepcion, 50 Arcand Dr. Lowell MA
Hilda Fernandez (address unknown at this time)

Vanessa Dixon, (address unknown at this time)
Gerald Matison, 2 Dundee Park, Andover, MA
Attorney Denise McWilliams, 99 Magazine St. Cambridge, MA
Ellen Poster, 68 Commercial Wharf, Boston, MA
Neil Butkha, CitiStreet, New Jersey
Judith Sweet, 2 Sweets Pond Road, Dunstable, MA
Thomas Sweeney, 333 First St. Blvd #102 Lowell, MA
John Cox, 375 Merrimack St. Lowell, MA
William Taylor, 50 Arcand Dr. Lowell, MA
Kathy Tierney, 375 Merrimack St. Lowell, MA
Keeper of the Record, Citistreet, New Jersey
Keeper of the Record, Mass Commission against Discrimination, Boston MA
Keeper of the Record, Suffolk Superior Court, Boston MA
Brendan Tobin, Harland Ave, Lowell MA
Dr. Elias Nabbout, 600 Clark Road, Tewksbury, Ma 01876
Capt. Robert Demoura, 50 Arcand Dr, Lowell, MA
Attorney Ellen Poster, 68 Commercial Wharf, Boston, MA
Susan Bordeleau, 375 Merrimack St. Lowell, MA
Kathy Gagnon, 375 Merrimack St. Lowell, MA


5. As to each person identified in your answers to the proceeding interrogatory, please state in full and complete detail:

    a. The facts, events, or incidents described in your complaint of which said person has knowledge or claims to have knowledge;
    b. Your understanding of what each person knows, saw, or observed with respect to the facts, events or incidents alleged in your complaint.


**Answers:**
Edward Davis: a) has knowledge of the initial meeting with Attorney McWilliams and assurances given to Attorney McWilliams, knowledge of the conversation with Dennis Cormier concerning the plaintiff's medical condition, knowledge of medical leave status of the plaintiff, knowledge of any investigation concerning the release of the plaintiff's medical information, including, but not limited to, his conversation with Thomas Sweeney regarding Judith Sweet, knowledge of employment benefits denied to the plaintiff, and knowledge of City of Lowell, and Lowell Police Department employment and personal policies. B) From the discovery obtained to date it my understanding that Edward Davis is aware that the plaintiff's medical privacy was violated, that Edward Davis had a report from David Abbott that Judith Sweet had improperly released the Plaintiff's medical information, that Edward Davis filed a complaint concerning Judith Sweet's actions with her Sweet's supervisor, Thomas Sweeney, and that Davis gave

assurances to Attorney McWilliams that the plaintiff's medical information would be kept to a strict need to know basis.

Dennis Cormier: A) has knowledge that Edward Davis disclosed the plaintiff's private medical information, has knowledge of his disclosure of the plaintiff's medical condition to William Busby, has knowledge of past benefits payable to himself for exposure to a biological substance while in the performance of duty, and has knowledge of benefits payable to police officers under M.G.L. chapter 41, section 111F. B) It is my understanding from the discovery obtained to date that Cormier knows of Edward Davis's disclosure of my medical condition, knows of his conversation with William Busby regarding my medical condition, knows of the widespread release of my medical information within the Lowell Police Department, and knows of benefits payable to himself for injuries obtained in the line of duty.

William Busby: A) has knowledge of the plaintiff's private medical information being disclosed to him by Dennis Cormier, has knowledge of the widespread release of the plaintiff's medical information within the Lowell Police Department and has knowledge of the plaintiff's employment history with the Lowell Police department and B) It is my understanding from the discovery obtained to date that Busby knows of Cormier's disclosure of the plaintiff's medical information to him, knows of the widespread release of the plaintiff's medical information within the Lowell Police Department and knows of the plaintiff's employment history with the Lowell Police Department.

David Abbott (deceased): A) has knowledge of the disclosure of the plaintiff's private medical information by Judith Sweet as detailed in his deposition. Has knowledge of long-term injury/sick leave use by Lowell police officers as detailed in his deposition.

Jose Rivera: A) has knowledge concerning the widespread release of the plaintiff's medical information within the Lowell Police Department, and has knowledge of the hostile work environment that followed the release of the plaintiff's medical condition. B) It is my understanding from the discovery obtained to date that Rivera knows that the plaintiff's medical condition became common knowledge within the Lowell Police Department and that a hostile work environment existed for the plaintiff after the release of the plaintiff's medical condition.

Barry Golner: A) has knowledge concerning the widespread release of the plaintiff's medical information within the Lowell Police Department, and has knowledge of the hostile work environment that followed the release of the plaintiff's medical condition. B) It is my understanding from the discovery obtained to date that Golner knows that the plaintiff's medical condition became common knowledge within the Lowell Police Department and that a hostile work

environment existed for the plaintiff after the release of the plaintiff's medical condition.

Jack Finn: A) has knowledge concerning the widespread release of the plaintiff's medical information within the Lowell Police Department, and has knowledge of the hostile work environment that followed the release of the plaintiff's medical condition.  B) It is my understanding from the discovery obtained to date that Finn knows that the plaintiff's medical condition became common knowledge within the Lowell Police Department and that a hostile work environment existed for the plaintiff after the release of the plaintiff's medical condition.

Daniel Desmarais:  A) has knowledge concerning the practice of the defendant in granting employee's wage verification letters and B) It is my understanding from discovery obtained to date that Desmarais cannot recall the plaintiff's request for such a letter.

Maria Ayala:  A) has knowledge concerning the release of the plaintiff's medical information to her by Lowell police officers Felix Concepcion and Hilda Fernandez.  B) It s my understanding from the discovery to date that Ayala was told of my medical condition by Concepcion and Fernandez.

Felix Concepcion:  A) has knowledge of information concerning his disclosure of plaintiff's private medical information to Ayala, and others, and B) Knows of his conversation with Ayala, and others, where he disclosed plaintiff's private medical information.

Hilda Fernandez:  A) has knowledge of her disclosure of the plaintiff's private medical information to Ayala and B) Knows of the conversation with Ayala where she disclosed the plaintiff's private medical information.

Vanessa Dixon: A) has knowledge of the disclosure of the plaintiff's private medical information within the Lowell Police Department and B) knows of the hostile environment that such disclosure created.

Gerald Matison:  A) has knowledge of the harm done to the plaintiff by the defendant's actions as outlined in the amended complaint and B) knows of the emotional distress that the defendant's actions have caused the plaintiff and knows of letters provided to the plaintiff documenting the plaintiff's emotional distress.

Denise McWilliams:  A) has knowledge of the meeting with Edward Davis on February 21, 2000 and of the plaintiff's request for benefits under M.G.L. 41, section 111F and B) based on the discovery obtained to date knows of the assurances Edward Davis provided that he would protect the plaintiff's medical confidentially, knows of the letter she wrote complaining about the failure of the defendant to keep the plaintiff's medical information confidential, and knows of

the refusal of the defendant to provide benefits to the plaintiff under M.G.L. chapter 41, section 111F.

**Neil Butkha:** A) has knowledge of the plaintiff's request for an emergency withdrawal of funds from his 457K account and has knowledge of the refusal by the defendant to cooperate in providing a wage certification letter for the plaintiff. B) From the discovery obtained to date it is believed that Bukha knows the procedures for employees making withdrawals from 457K funds and his contact with the City of Lowell for the Plaintiff.

**Judith Sweet:** A) has knowledge of the plaintiff's applications, and denial of benefits under M.G.L. chapter 41, section 111F, has knowledge of policies and procedures in the investigation of employees claims for benefits chapter 41, section 111F, and has knowledge of conversations with David Abbott, and other City of Lowell employees, and/or agents regarding the plaintiff's medical condition and B) knows of the plaintiff's applications for benefits and denial of benefits, knows of the disclosure of the plaintiff's medical condition, and knows of any disciplinary action taken against anybody, including herself, for the improper disclosure of the plaintiff's medical condition.

**Thomas Sweeney:** A) has knowledge of the conversation between Chief Davis and himself concerning Judith Sweet's improper disclosure of the plaintiff's medical information to David Abbott, has knowledge of his conversation with Judith Sweet concerning Davis's complaint of Sweet's improper disclosure, has knowledge of any disciplinary actions taken against Judith Sweet, has knowledge of benefits payable under M.G.L. chapter 41, section 111F and B) knows of the actions of Sweet in disclosing the plaintiff's medical condition and knows of the conversation with Edward Davis concerning the improper disclosure of the plaintiff's medical condition.

**John Cox:** A) has knowledge of employee benefits denied to the plaintiff, knowledge of any disciplinary actions taken against any City of Lowell employee for violating the plaintiff's medical privacy, knowledge of benefits payable to employees under M.G.L. Chapter 41, section 111F, and knowledge of City of Lowell and Lowell Police Department policies and procedures, and B) it is my understanding from the discovery obtained to date that Cox knows of employment benefits denied to the plaintiff, knows of complaints of violation of the plaintiff's medical privacy, and knows of policies of the City of Lowell and Lowell Police Department.

**William Taylor:** A) has knowledge of employee benefits denied to the plaintiff and knowledge of the involuntary ordinary retirement application filed against the plaintiff with the Lowell Retirement Board and B) based on the discovery

Case 1:04-cv-11932-MBB    Document 35-6    Filed 06/15/2006    Page 7 of 13

obtained to date if is believed that Taylor knows of the denial of benefits to the plaintiff and knows of the involuntary ordinary retirement filed against the plaintiff.

Kathy Tierney: A) has knowledge of employee benefits denied to the plaintiff, knowledge of City of Lowell and Lowell Police Department employment policies and procedures, knowledge of Massachusetts law as it relates to municipal employees health insurance, knowledge of health insurance monies collected for the plaintiff's insurance coverage and knowledge of conversations and letters regarding plaintiff's health insurance premium with plaintiff and Ellen Poster B) based on the information obtained in discovery to date it is believed that Tierney knows of the policies and procedures of the City of Lowell and the Lowell Police Department, and knows of the monies collected for the Plaintiff's health insurance, and knows of conversations and written correspondence concerning the plaintiff's disputed health insurance premiums.

Keeper of the record, Citistreet: A) has knowledge of the request made by the plaintiff for emergency withdrawal from 457K fund, and has knowledge of contact with City of Lowell employees as it relates to the plaintiff. and B) knows of the plaintiff's request for emergency withdrawal and knows of their policies and procedures in regard to such withdrawals.

Keeper of the Record, Massachusetts Commission against Discrimination: A) has knowledge of complaints filed by the plaintiff against the defendant and B) knows of the investigation results of those complaints.

Keeper of the Record, Suffolk Superior Court: A) has knowledge of the civil actions filed by the plaintiff against the defendant and B) knows the results of the plaintiff's actions.

Brendan Tobin: A) has knowledge of the procedure for the granting of wage certification letters for Lowell Police Department personal and knowledge of long term reasonable accommodations provided by the Lowell Police Department for disabled employees and B) based on the information obtained in discovery to date it is believed that Tobin is aware that wage certification letters are routinely granted to police department employees and knows of reasonable accommodations provided to Lowell Police Department employees.

Dr. Elias Nabbout: A) has knowledge of the medical examination he conducted on the plaintiff for the City of Lowell and has knowledge of Lowell Police officers use of M.G.L. chapter 41, section 111F and B) knows of the medical status of the plaintiff, and the practices and procedures of the City of Lowell for city employees absent from injury and/or sickness.

Capt. Robert Demoura: A) has knowledge of the plaintiff work history and knowledge of the widespread disclosure of the plaintiff's medical condition and B) knows of widespread dissemination of the plaintiff's medical condition within the Lowell Police Department and knows of the plaintiff's work history with the Lowell Police Department.

Ellen Poster: A) has knowledge of her conversation with Kathy Tierney concerning the plaintiff being overcharged for health insurance benefits and B) knows of defendant being made aware that they were overcharging the plaintiff for his health insurance premiums.

Susan Bordeleau: A) has knowledge of City of Lowell and Lowell Police Department policies and procedures and B) Knows of City of Lowell policies and procedures as they relate to the plaintiff's amended complaint.

Kathy Gagnon: A) has knowledge of the policies and procedures of the City of Lowell and Lowell Police department as they relate to benefits under M.G.L. chapter 41, section 111F, and other worker compensation laws and B) Knows of the policies and procedures of the City of Lowell in investigating claims, the plaintiff's and others, for benefits under M.G.L. chapter 41, section 111F and other similar workers compensation laws.


7. Please identify and give addresses of any and all expert witnesses whom you may call to testify at the time of trial and state:

   a. The name and address of the expert witness.
   b. The subject matter on which the expert is expected to testify.
   c. The substance of the facts and opinions to which the expert is expected to testify.
   d. The education, training, and experience of the expert witness.

**Answer:** The Plaintiff will not call an expert witness in this matter


8. Please identify all other witnesses you may call to testify at the time of trial and state:

   c. The name and address of each witness.
   d. The subject matter of which each witness is expected to testify.
   e. Your relationship to the witness.

**Answer:** All those named in answer #4 above, as well as all witnesses identified, named and/or called by the Defendant. The Plaintiff is in the midst of discovery and will seasonably supplement this answer prior to trial.

12. Please state in complete detail any and all facts upon which you rely to support your claim that the City of Lowell violated state law.

**Answer:**
The City of Lowell took adverse employment actions against me based on my disability, and on the previous filing of a discrimination complaint against the City of Lowell. The adverse employment actions include the denial of employment benefits and protections that are available to other employees in my same job position. This adverse employment action includes, besides those actions detailed in the plaintiff's amended complaint, the denial of chapter 41, section 111F benefits sought by the plaintiff's on August 11, 2003.

13. Please itemize precisely and specifically all monetary losses you incurred as the result of the incident described in your complaint, including but not limited to all out of pocket expenses.

**Answer:** See answer #3 above

14. Please identify all documents you possess that (1) support the allegations in your complaint; and (2) you may present in evidence at the trial of the above captioned matter.

**Answer:**
I possess the below documents which 1) will be used to support the allegations in my amended complaint and 2) will be presented as evidence in this matter.

Depositions of Edward Davis, Dennis Cormier, William Busby, Jose Rivera, David Abbott, Judith Sweet, Dan Desmaris, Kathy Tierney, and Robert Demoura which were taken in the plaintiff's actions at the Massachusetts Commission against Discrimination, Suffolk Superior court (case # 03-0794-G) and Suffolk Superior court (case #2001-00843-F)
Any future deposition taken in regard to federal civil action #04-11932-NG
Affidavits of Jose Rivera, Maria Ayala and Denise McWilliams
Denial of benefits letters received from Judith Sweet dated May 10, 2000, December 7, 2000, and August 14, 2003
Complaint filed, and discovery responses received from the City of Lowell, in regard to Suffolk Superior Court action # 01-00843-F

Complaint filed, and discovery responses received from the City of Lowell, in regard to plaintiff's actions against the City of Lowell before the Massachusetts Commission against Discrimination.
Complaint filed by the plaintiff, and the discovery responses received from the City of Lowell, in regard to Superior Court case # 03-0794-G.
Decision and order of Superior Court Justice Geraldine Hines dated 11/10/04
Respondents position statement and answers to plaintiff's amended complaint in MCAD case # 00132550
All discovery responses received from the City of Lowell in regard to federal civil action (#04-11932-NG).
Letters of Gerald Matison dated February 6, 2004, and June 23, 2003.
Letter of Howard Libman dated August 1, 2003.
Joint stipulation of facts in civil action # sucv2001-00843-F
Respondents position statement for MCAD docket # 00132550
Payroll receipts dated 12/6/01, 8/1/02, 7/5/01, 5/17/01 and 2/8/01.
Judith Sweet letters dated March 7, 2000 and 6/8/00,
City of Lowell codes (section #15)
City of Lowell general order # 95-08
Kathy Tierney letter to plaintiff dated 5/22/01
Attorney McMahon letter to plaintiff dated 4/26/04
Lowell police Department long-term leaves (exhibit #5 dated 9/13/01)
Attorney McWilliams letter addressed to Edward Davis dated 4/20/00
Plaintiff's letter to Kathy Tierney dated 1/02/03
Plaintiff's letter to Attorney McMahon dated August 11, 2003 with accompanying supporting documents for benefits under Ch 41, 111F.
Plaintiff's letter to Attorney McMahon dated 8/28/03
Plaintiff's letter to Attorney McMahon dated 4/23/04
Plaintiff's letter to Jessica Thrall dated 7/30/03
Involuntary retirement application dated 2/06/04
William Taylor letter to the plaintiff dated 2/13/04
Kathy Tierney letter to Attorney Poster dated 1/16/03
Invoice from the City of Lowell dated 1/20/05
BC/BS letters dated 12/10/2002, and 02/03/05
BC/BS enrollment and change form dated 11/5/02
Election to continue coverage form dated 6/19/01
BC/BS certificate dated 2/9/05
Delta Dental form dated 11/5/02
BC/BS certificate dated 11/15/02
BC/BS undated "claims summary" for services of Gerald Matison
Health insurance notices dated 11/9/2002 and 05/11/01
Commendations dated 2/12/97 and 11/28/95
Citations dated 7/19/96 and 1/28/00(2)
Letters of praise dated 10/1/97, 8/31/94, 8/29/88, 1/6/89, 5/16/89, 1/7/97, 8/13/99, 8/1/97, 2/12/96
Plaintiff's City of Lowell W-2 statement for 2000
Deferred compensation tax statement for 2000

Copeland Companies check stub dated 5/24/00
Thomas Sweeney letter to John Cox dated 9/19/00
Memorandum of agreement between City of Lowell and IBPO local 382, effective July1, 2000 to June 30, 2003
Appointment letter dated August 28, 1987

Furthermore, the plaintiff is in the midst of discovery and will seasonably supplement this answer prior to trial.

Signed under the pains and penalties of perjury this 30th day of March, 2006

Rodney D. Desrosiers
1403 Rock Wood Drive
Saugus, MA 01906
978-884-9832

## Certificate of Service

I hereby certify that a true copy of the foregoing document was served upon Attorney Kimberly McMahon, City of Lowell Law Dept, 375 Merrimack St., 3rd fl Lowell MA 01852 by priority mail on March 30, 2006.

Rodney D. Desrosiers (Pro Se)