# EXHIBIT 4

# Commonwealth of Massachusetts

SUFFOLK, ss



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 01-0843 F

John Doe
_____ , Plaintiff(s)


John F Cox
_____ , Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Denise McWilliam

plaintiff's attorney, whose address is 9 9 MAGAZINE ST Cambridge 02139, an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the 22nd _____ day of
February _____ , in the year of our Lord two thousand and one _____ .

A TRUE COPY ATTEST
Arthur Lantos
DEPUTY SHERIFF
4/4/01

Michael Joseph Donovan

Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant,
   each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 3rd Rev. 30M 10/2000

SUFFOLK, ss:                                    Superior Court Department
                                                Civil Action No.  01·0P43F

```
                          )
JOHN DOE,                 )
        Plaintiff         )
                          )
                          )
v.                        )        COMPLAINT
                          )
CITY OF LOWELL,           )
JOHN F. COX, and          )
EDWARD DAVIS              )
        Defendants        )
                          )
```

1

    obtain the benefits to which he is entitled by M.G.L. ch. 41, §111F

2.  John Doe is a resident of Chelsea, Suffolk County, Massachusetts.

3.  The defendant, City of Lowell, is a municipality organized under the laws of the

    Commonwealth and is located in Middlesex County, Massachusetts.

4.  The defendant, John F. Cox, is the appointing authority in his capacity as City

    Manager of the City of Lowell.

5.  The defendant, Edward Davis, is the superior of the plaintiff in that he is the

    Superintendent of the Police Department of the City of Lowell.

6.  Since plaintiff's appointment as a police officer in 1986, he has been well

    regarded and received numerous commendations, citations and awards during

    the course of his employment

7.  At the time of the events described in this Complaint, the Lowell Housing

    Authority paid the Lowell Police Department to provide police details for the

Lowell Housing Authority  The Lowell Police Department considered such assignments    extra detail.

8.  On or about November 4,  989  plaintiff, in his capacity as    Lowell police officer along with another Lowell police officer  was assigned to the Lowell Housing Authority by the Detail Office of the Lowell Police Department.

9.  Plaintiff was assigned, from 9:00 AM to 5:00 PM to patrol the Lowell Housing Authority'  properties and surrounding areas.

10  While in the course of patrolling his assigned area, plaintiff and the other officer observed   individuals engaged in an apparent drug transaction   The suspects fled in different directions as plaintiff and the other officer approached.  Plaintiff pursued one of the suspects and apprehended him.

2.  In the course of searching the suspect, plaintiff      stuck by   hypodermic syringe/needle hidden in the suspect's pocket.  As of the date of the incident, defendants had in place    policy that required that an officer who suffered possible unprotected exposure to an infectious disease to report the incident to the Police Department.  (See attached Order #88-0    marked 'A'

13  Pursuant to said policy  plaintiff filed    notice of the incident with the Police Department on November 4,  989.  (See attached incident report, marked "B")

14.  On November 4  1989 plaintiff went to St. Joseph's Hospital in Lowell where he received    vaccination for tetanus and     initial vaccination for Hepatitis B

15.  On or about November 15,  989, plaintiff received    letter from the Workmen Comp Agent for the City of Lowell in which he was requested to arrange for an examination by the City Physician.  The letter further stated that failure to do so would be "[s]ufficient reason for the City of Lowell to deny any liability

2

6. Plaintiff arranged the examination with the City Physician on November 30 1989 who advised him only to complete the vaccination series for hepatitis B   See attached letter marked "C"

Neither the Police Department nor the City Physicia   aluated   laintiff clinically or serologically for exposure to HIV at the time of this incident as required by Poli   Department policy   Nor were any steps taken to determin   the hypodermic syringe/needle was contaminated with any nfectious agents   (See Attachment Λ, paragraph

8. As   result of the injury he incurred   this incident, plaintiff   tracted HIV; plaintiff tested positive for the presence of HIV in 1991

Plaintiff continued to work from Augus   99   to February   000 whe   plaintiff' continually  deteriorating health made   impossible for  iim to perform the duties of   police officer  (See attached letter marked "D")

O   about February   2000, plaintiff   pplied for leave with pay for incapacitated employees pursuant to M.   .L. ch  4

Plaintiff'  claim for leave with pa   was referred by defendants to the City Solicitor  who   May   2000 refused payment   th  basis of   medi opinio   that the plaintiff'  injuries   not  elated to   injury sustained in the performance of his duty without fault of his own  See   ttached medical opinion of Dr  Jeffrey K.   riffiths   nd letter from City of Lowell, dated May   2000 marked "E"

22  Plaintiff, with the agreement of th   City Solicitor  subsequently submitted medical opinion that plaintiff'  injury was co  sistent with the injury he sustained on November 4.  989 and tha  defendants  denial of plaintiff's  claim was based on conjecture because of defendants  failure to adhere to th   standard of care governing occupational exposures to infectious diseases,   well as its own

policies. (See attached medical opinion of Dr Jonathan S Appelbaum marked
F"

23  Defendants disregarded plaintiff' medical opinion and again denied plaintiff'
claim    December 7, 2000  (See attached letters marked "G"

24  Since February 2000, plaintiff has been paid his ful salary under his sick leave
benefits and under sick leave benefits donated by other officers
At the time of this incident, plaintiff was not retired or pensioned, but was  duly
appointed police officer for th  City of Lowell in its police department.
At the  me of this  nciden  on November    989  there was in effect   rule of law
to the effect that if   policeman wa  injured while "in the performance of his
duty  he    entitled to his full pay during the period of  isability

!7. The provisions of M.G.L. ch  4       as amended  apply to the City of Lowell

28  An actual and serious controversy  as arisen between the plaintiff      the
rious defendants    to whether or not the plaintiff is entitled to his full pay
der the provisions of M.  L. ch     1  |F. and whether  laintiff should be
equired to  se hi: accumulated and donated sick leave benefts to be paid
during this period of disabi ity.
Plaintiff believes and therefore  vers that he and the named defendants  ire al
of the parties having    claiming  ny interest which might be affected by any
declaratory ruling of the Court under these proceedings.

WHEREFORE, plaintiff demands

That  declaratory judgment be issued    to th  rights of the various parties
resolving the controversy as set forth in paragraph 28 of thi  Complaint.

2. That declaratory relief be granted and determined as to whether plaintiff is
ligible for his pay under the provisions of M.G.L. ch

3. That defendants, their agents, servants or employees, be ordered and directed to correct plaintiff's personnel records to show that his accumulated and donated sick leave benefits have been, and continue to be erroneously used.

4. That defendants, their agents, servants or employees be ordered and directed to correct their records to show that the payment made to plaintiff for his disability was, and continues to be paid under the statutory provisions of M.G.L. ch. 41, §111F.

5. And for such further relief as this Court may deem just and equitable.

Respectfully submitted,
JOHN DOE
By his attorney,

DATE: February 22, 2001

Denise McWilliams
99 Magazine Street
Cambridge, MA   02139
617.876.6100
BBO#340600

5