# EXHIBIT 6

# LOWELL RETIREMENT SYSTEM
### 375 MERRIMACK STREET – ROOM 3
### LOWELL, MASSACHUSETTS 01852-5998

**Board Members**
Ann M. Ferris
Walter A. Fernandez
James T. Kennedy, Chair
Joseph P. Mahoney
James A. Quealy

Telephone
(978) 970-4094
Fax
(978) 446-7019

November 29, 2005

Edward F. Davis III, Superintendent
50 Arcand Drive
Lowell, MA 01852

Dear Superintendent Davis:

    The Public Employee Retirement Administration Commission has informed us that the application for an Accidental Disability Retirement for Rodney Desrosiers has been approved.

    The last date of employment for Mr. Desrosiers was February 10, 2001. His effective date of retirement is November 21, 2003. His first payment will be on September 29, 2005, retroactive to his date of retirement.

    If you have any questions regarding this matter, do not hesitate to contact the Retirement Office.

Very truly yours,

LOWELL RETIREMENT BOARD

*Shannon Dowd*
Shannon Dowd
Principal Clerk

cc: Rodney Desrosiers
     Human Relations
     Law Department

2006 MAY 22 PM 2: 26

# EXHIBIT 7

COMMONWEALTH OF MASSACHUSETTS
COMMISSION AGAINST DISCRIMINATION
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108

DOCKET NO. 00132550

RODNEY DESROSIERS,            )
    Complainant                )
                               )
v.                            )
                               )
LOWELL POLICE DEPARTMENT,     )
    Respondent                 )

## COMPLAINANT'S ANSWERS TO RESPONDENT'S INTERROGATORIES

. Please describe fully all incidents upon which you base your complaint, including in such descriptions the dates times and locations of such incidents, the name and rank of the employees who allegedly discriminated against you during such incidents, and whether or not you were "on duty" at the time of each alleged incident.

Answer: Objections: The Complainant objects to Interrogatory No. 1 because the use of the word "incidents" is vague and ambiguous. The Complainant objects to so much of the Interrogatory as asks whether the Complainant was "on duty" at the time of each alleged incident, because the phrase "on duty" is vague and ambiguous. Pursuant to rules and regulations issued by the City of Lowell, police officers in Lowell have duties and obligations to the community and the Department whether at the police station or not and whether in uniform or not.

    Without waiving his Objections, the Complainant further answers, as follows: On February 21, 2000, my Attorney, Denise McWilliams, met with Chief of Police Edward Davis. In the course of the meeting, Attorney McWilliams informed Chief Davis of my medical condition, that I am HIV positive. She specifically requested and stressed that this information should be kept confidential. She received assurances from the Chief that my

medical condition would be kept confidential. My medical condition was not kept confidential. My employer discriminated against me by treating me differently than other police officers whose medical conditions have been kept confidential. Within one week thereafter, the Department and the Lowell community knew my medical condition.

In the Respondent's Position Statement and Answer to the Complainant's Amended Complaint signed under oath by the Chief of Police, Paragraph 9, the Police Department admits that "other police officers have taken extended sick leave from the Department due to their medical conditions, and their medical conditions have been kept confidential by the Department." In the Respondent's First Amended Answers to Complainant's Interrogatories, Response 4, the Respondent states "the City has an unwritten policy to not disclose any confidential medical information to anyone...it is the practice of the City to not disseminate private medical information to third parties...it is the practice and policy of the City that employees privy to confidential medical information may not disseminate such information to other employees and departments within the City, without a release or specific permission from the employee."

On or about February 28, 2000, the Complainant met outside the police station with fellow officers Officer Jose Rivera, Lieutenant William Busby, Sergeant Barry Golner and Officer Jack Finn. On or about July 2000 Officer Jose Rivera told me that, at the time of the February 28, 2000 meeting, each man present already knew of my medical condition.

Shortly after February 21, 2000, Officer Jose Rivera had various conversations with officers in the West Sector who had heard from within the police department that I was HIV positive or had AIDS. They stated that they concluded that I was homosexual, using various negative slang expressions for this sexual orientation, in an extremely derogatory manner, and made various other particularly ugly references to my supposed participation in homosexual behavior.

On or about February 28, 2000 to March 4, 2000, Lowell Police Officer Vanessa Dixon went into the jewelry store owned by my brother, George Desrosiers, and asked how I was doing and continued by saying, "I'll pray for him." My brother, who did not know of my medical condition, was taken by surprise by her comments.

On or about April 8 – 9, 2000, Lowell Police Officer Felix Concepcion approached a friend, Maria Ayala, at Studio 25, a Lowell nightclub, and asked if I was HIV positive and homosexual, stating that this was what his fellow officers were saying at the Department. Officer Concepcion said this in a loud enough voice that other individuals nearby overheard him. They then started questioning Officer Conception about Rodney and his medical status and sexual orientation. On or about November 2000, Officer Hilda Fernandez informed Maria Ayala that she had heard from other officers while on duty that I had AIDS.

On or about April 20, 2000, Attorney McWilliams sent Chief Davis a letter, copy to Judith Sweet, informing him that the confidentiality of my medical information had been breached and asking him and Ms. Sweet "to explore ways to curtail the further dissemination of Officer Desrosier's private information and implement them immediately." Response 2 of the Respondent's First Amended Answers to Complainant's Interrogatories", indicates that the Chief "informed Judith Sweet of Atty. McWilliams request for confidentiality and he provided Judith Sweet Ms. McWilliams letters regarding same." Based on this response, Chief Davis took no action in response to Attorney McWilliams' letter other than forwarding a copy of the letter to Judith Sweet, who had already received a copy directly from Attorney McWilliams.

On or about May 17, 2000, the City refused to provide Copeland Companies (who manages my 457K fund) a letter to confirm that I had been out of work since February 2000 and had a reduced salary. I had requested this letter for an emergency hardship withdrawal by Copeland from my 457K fund. I was informed by "Neil" at Copeland that a "high authority" stated that I should not be out of work and that I was "not sick enough". I requested "Neil" to document this with that person's name for future reference.

On or about February 21, 2000, and thereafter, I was using my "sick time".

Further answering, the Complainant is in the midst of discovery and will seasonably supplement this Answer.

2. Please describe specifically each and every accommodation you would require to perform the essential functions of a Lowell Police Officer.

Answer: The accommodation I require is the same as for any other officer with a chronic medical condition which requires a medical leave of absence from time to time. Further answering, however, the discriminatory actions of the Department have created a hostile work environment such that I could not return to my job even with accommodations for my handicap. Further answering, the Complainant is in the midst of discovery and will seasonably supplement this Answer.

3. Please describe fully each adverse employment action by your employer, the Lowell Police Department, on which you base your claim of handicap discrimination, including in your description the dates, times and locations of each adverse employment action, and the name and rank of the persons informing you of the adverse employment actions or inflicting upon you such adverse action.

Answer: Objection: The term "adverse employment action" is a term of art which calls for a legal opinion on the part of the Complainant. Further answering, although I am a Lowell Police Officer, my employer is the City of Lowell. Further answering, see my answer to Interrogatory No. 1. Further answering, the Complainant is in the midst of discovery and will seasonably supplement this Answer.

4. Any and all documents which in any way support the Complainant's allegation that the City of Lowell Police Department discriminated against him because of his handicap.

Answer: All documents provided by the Respondent to the Complainant as part of Respondent's response to Complainant's Request for Production of Documents and Further Requests for Production of Documents. All pleadings filed by the Respondent in the above-captioned matter. The Complainant has a recording of a Copeland Company message which is available for listening and/or copying at the office of Attorney Ellen L. Poster, Esq., 68 Commercial Wharf, Boston, MA 02110. The Complainant is in the midst of discovery and will seasonably supplement this Answer.

5. Any and all documents that the Complainant intends to use at the public hearing for the above-captioned matter.

Answer: The Complainant has not formed an intention at this time because he is in the midst of discovery. The Complainant will seasonably supplement this Answer.

6. Please describe all facts upon which you intend to prove that the Lowell Police Department treated similarly situated employees in all other aspects differently than you, including in your description the names of all similarly situated employees on which you will rely, and the source of your information.

Answer: In the Respondent's Position Statement and Answer to the Complainant's Amended Complaint signed under oath by the Chief of Police, Paragraph 9, the Police Department admits that "other police officers have taken extended sick leave from the Department due to their medical conditions, and their medical conditions have been kept confidential by the Department." In the Respondent's First Amended Answers to Complainant's Interrogatories, Response 4, the Respondent states "the City has an unwritten policy to not disclose any confidential medical information to anyone...it is the practice of the City to not disseminate private medical information to third parties...it is the practice and policy of the City that employees privy to confidential medical information may not disseminate such information to other employees and departments within the City, without a release or specific permission from the employee."

Further answering, the Complainant has made a Motion to Compel a response from the Respondent to the Complainant's Interrogatory 3. The Complainant cannot respond to this Interrogatory until there is a ruling by the Commission on his Motion to Compel and his discovery as to this issue is completed. Further answering, the Complainant is in the midst of discovery and will seasonably supplement this Answer.

7. If you intend to argue that any Lowell Police Department employee's acts were a pretext for discrimination, please identify such employee, describe that employee's acts, the employee's discriminatory animus, and describe the source of your information.

Answer: The Complainant has not formed such intention at this time because he is in the midst of discovery. The Complainant will seasonably supplement this Answer.

8. Please identify all persons and/or entities who you informed that you tested HIV positive between the day you were informed that you tested HIV positive and the present, including in your identification your relationship with and the addresses of the identified persons.

Answer: <u>Objection</u>: The relationship between the Complainant and the persons listed and their residential addresses are of a highly personal nature to which the Respondent is not entitled. To the extent the Complainant is required to answer, his answer should be sealed.

9. Please identify all Lowell Police Department employees who informed you that the reasons for your absence are known within the department, and identify where and/or from whom each employee received his/her information.

Answer: Police Officer Jose Rivera. The Complainant is the midst of discovery, including the future deposition of Officer Rivera and will seasonably supplement this Answer.

10. Please describe the treatment you have received for the injury upon which you base your complaint and you allege in your complaint, including but not limited to emotional distress, including the names of any doctors, psychologists, therapists, counselors, support groups or any other person or entity from whom you receive treatment for your emotional distress and/or other injury upon which you base your complaint.

Answer: Therapy with Gerald Matison, LICSW, Andover Psychotherapy, 2 Dundee Park, Andover, MA

1. Please identify each person whom you expect to call as a witness at the public hearing of this matter, including the name and address of each such witness and a description of substance of his/her expected testimony.

Answer:
Gerald Matison, LICSW, Andover Psychotherapy, 2 Dundee Park, Andover, MA as to Complainant's emotional distress.
Attorney Denise McWilliams, 99 Magazine Street, Cambridge, MA, as to her dealings with the City of Lowell and its Departments.

Lowell Chief of Police Edward Davis, 50 Arcand Drive, Lowell, MA 01852, as to the discrimination suffered by the Complainant

Judith Sweet, Lowell City Hall, 375 Merrimack Street, Lowell, MA 01852 as to the discrimination suffered by the Complainant

Police Officer Jose Rivera, Sr., 50 Arcand Drive as to the discrimination suffered by the Complainant

Lieutenant William Busby, 50 Arcand Drive as to the discrimination suffered by the Complainant

Sergeant Barry Golner, 50 Arcand Drive as to the discrimination suffered by the Complainant

Officer Jack Finn, 50 Arcand Drive as to the discrimination suffered by the Complainant

Christine Lemon, 50 Arcand Drive as to the discrimination suffered by the Complainant

Captain Robert Demoura, 50 Arcand Drive as to the discrimination suffered by the Complainant

Ms. Gagnon, 375 Merrimack Street as to the discrimination suffered by the Complainant

Ray Costello, 375 Merrimack Street as to the discrimination suffered by the Complainant

Attorney Christine O'Connor, 375 Merrimack Street as to the discrimination suffered by the Complainant

Attorney Daniel Wojcik, 375 Merrimack Street as to the discrimination suffered by the Complainant

Lowell Deputy Chief of Police Dennis Cormier, 50 Arcand Drive as to the discrimination suffered by the Complainant

Lieutenant Thomas Meehan, 50 Arcand Drive as to the discrimination suffered by the Complainant

Police Officer Kenneth Moore, 50 Arcand Drive as to the discrimination suffered by the Complainant

Police Officer Bryan McMahon, 50 Arcand Drive as to the discrimination suffered by the Complainant

Sergeant Steven O'Neil, 50 Arcand Drive as to the discrimination suffered by the Complainant

Police Officer Edward McMahon, 50 Arcand Drive as to the discrimination suffered by the Complainant

Police Officer Gerald Flynn, 50 Arcand Drive as to the discrimination suffered by the Complainant

City Manager John Cox, 375 Merrimack Street as to the discrimination suffered by the Complainant

Maria Ayala, Agawam Street, Lowell, MA as to the discrimination suffered by the Complainant

Police Officer Felix Concepcion, 50 Arcand Drive as to the discrimination suffered by the Complainant

Police Officer Kenneth Shaw, 50 Arcand Drive as to the discrimination suffered by the Complainant

Sergeant Jack Dolan, 50 Arcand Drive as to the discrimination suffered by the Complainant

Police Officer Frank Nobrega, 50 Arcand Drive as to the discrimination suffered by the Complainant

Fireman Thomas Shanahan, Lowell Fire Department, JFK Civic Center, Lowell, MA as to the discrimination suffered by the Complainant

Police Officer Steven Ciavola, 50 Arcand Drive as to the discrimination suffered by the Complainant

Attorney Daniel Sharp, Marblehead, Massachusetts as to the discrimination suffered by the Complainant

Officer Hilda Fernandez, 50 Arcand Drive as to the discrimination suffered by the Complainant

The Complainant in the midst of discovery and will seasonably supplement this Answer.

As to Objections:

*[signature]*

Ellen L. Poster
68 Commercial Wharf
Boston, MA 02110
(617)742-6767
BBO No. 404080

Signed under pains and penalties of perjury

*[signature]*
Rodney Desrosiers

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the forgoing document was served on Kimberley A. McMann, Assistant City Solicitor, City Hall Law Department, 375 Merrimack Street, 3rd Floor, Lowell, MA 01852, by facsimile and overnight mail on July 17, 2001.

*[signature]*
Ellen L. Poster