UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **RODNEY D. DESROSIERS,** | ) | **C.A. NO. 04-11932-NG (SEALED)** |
|     Plaintiff | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| **CITY OF LOWELL, MA.** | ) | |
| **POLICE DEPARTMENT** | ) | |
|     Defendant | ) | |

### DEFENDANT, CITY OF LOWELL'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

**I.   INTRODUCTION**

Now comes the Defendant, City of Lowell ("City") and requests that this Honorable Court enter judgment for the City of Lowell. As grounds therefore, and as more fully explained below and in the City's "Statement of Undisputed Facts," no genuine issues of material fact exist and the City is entitled to judgment as a matter of law.

**II.   FACTS**

The City directs the Court's attention to its "Statement of Undisputed Facts," attached to its Motion for Summary Judgment.

**III.   ARGUMENT**

**A.   Standard of Review**

1.   "Rule 56(e) provides, in relevant part: 'When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (U.S. 1986) (*quoting,* Fed. Rule Civ. Proc. 56(e)).

2. "Second, the issue of fact must be 'genuine.' Fed. Rules Civ. Proc. 56(c) (e). When the moving party has carried its burden under Rule 56(c) . . . its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587 (U.S. 1986).

3. The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587 (U.S. 1986) (*quoting*, Advisory Committee Note to 1963 Amendment of Fed. Rule Civ. Proc. 56(e), 28 U. S. C. App., p. 626).

4. "A party opposing a motion for summary judgment 'must set forth specific facts showing that there is a genuine issue for trial.'" Marrero-Garcia v. Irizarry, 33 F.3d 117, 119 (1st Cir. 1994) (*quoting*, Fed. R. Civ. P. 56(e); Mack v. Great Atlantic & Pacific Tea Co., 871 F.2d 179, 181 (1st Cir. 1989)).

5. "Allegations of a factual dispute 'will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.' " MacGlashing v. Dunlop Equip. Co., 89 F.3d 932, 936 (1st Cir. 1996) (*quoting*, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986))

6. "Material facts are those that have the potential to affect the outcome of a suit. . . . We must affirm the district court's grant of summary judgment 'if the evidence [presented by [Plaintiff]] is merely colorable, or is not significantly probative.' Id. We apply Massachusetts law." MacGlashing v. Dunlop Equip. Co., 89 F.3d 932, 936 (1st Cir. 1996) (*citing*, J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc., 76 F.3d 1245, 1249 (1st Cir. 1996).

**B.    The Plaintiff Lacks Standing To Sue The City Under The Americans With Disabilities Act Because The Plaintiff Is Not A Qualified Handicapped Person.**

The Court should enter judgment in favor of the Defendant for the Plaintiff's claims brought pursuant to the Americans with Disabilities Act for discrimination because he fails to meet the prerequisites for a claim of discrimination. To recover for his theories of discrimination under the Americans with Disabilities Act, the Plaintiff must make a threshold showing that (1) he suffers from a disability or handicap; (2) he is nevertheless able to perform the essential functions of his job, either with or without reasonable accommodation, and (3) that his employer took an adverse employment action against him because of his protected disability. Carroll v. Xerox Corp., 294 F.3d. 231, 237 (1st Cir. 2002), citing Lessard v. Osram Sylvania, Inc., 175 F.3d. 193, 197 (1st. Cir. 1999).

The Plaintiff's complaint on its face shows that he cannot prove the threshold requirements, because the complaint alleges that he is incapacitated from performing his job duties. See Ex. 1. Further, Dr. Elias Nabbout opined that the Plaintiff is not capable of performing his job duties in November of 2003. See Ex. 1, ¶¶ 6, 7, 31, 32, 34, 35, and Ex. 11. The Plaintiff has not provided the City any evidence that he is a qualified handicapped person. See e.g. Ex. 2, 3. No medical report exists showing that the Plaintiff is capable of performing his job duties either with or without a reasonable accommodation. Ex. 2, 3.

At best, the Plaintiff possesses his own opinion that he can perform his job duties with accommodation. Ex. 1, Ex. 2, Ex. 3, Ex. 7 # 2, Ex. 13, Ex. 14. That opinion, however, contradicts Dr. Nabbout's medical opinion. Ex. 11. In addition, the Plaintiff's lay opinion is unreliable and speculative to make a medical opinion and will not be admissible at trial. The Evidence Rules generally confine the testimony of a lay witness to matters about which he or she has personal knowledge, although such a witness may offer opinions that are "rationally based on

[his] perception" and "helpful to a clear understanding of the witness' testimony or the determination of a fact in issue. Ruiz-Troche v. Pepsi Cola of P.R. Bottling Co., 161 F.3d 77 , 80 (1st Cir. 1998)  citing  Fed. R. Evid. 602 and 701." The Rules afford expert witnesses much more leeway." Id. "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Id. citing Fed. R. Evid. 702.

For opinion testimony of a layman to be admissible three elements must be present. First, the witness must have personal knowledge of the facts from which the opinion is to be derived. Second, there must be a rational connection between the opinion and the facts upon which it is based. Third, the opinion must be helpful in understanding the testimony or determining a fact in issue. Swajian v. General Motors Corp., 916 F.2d 31, 36 (1st Cir. 1990)

The Plaintiff's lay opinion testimony regarding his personal belief that he can perform his job duties will not be admissible in evidence at trial because no sufficiently reliable basis for his speculative opinion exists, as the Plaintiff does not possess any particular skill or experience which would have assisted the trial court's fact-finding insight. No evidence exists showing that the Plaintiff has any medical expertise qualifying him to render such opinion. Moreover, no medical evidence exists showing that a qualified doctor or person with the requisite medical expertise has opined that the Plaintiff is a qualified handicapped person, capable of performing the essential functions of his job with a reasonable accommodation. Compare Keller v. United States, 38 F.3d 16, 31 (1st Cir. 1994)(trial judge properly excluded lay opinion testimony because the court found no sufficiently reliable basis for the speculative inference on which it was based,

4

and the trial judge is not required to credit opinion testimony of a witness who possessed no particular skill or experience which would have assisted the trial court's fact-finding insight.).

The Plaintiff accordingly lacks standing to pursue his claim under the Americans with Disabilities Act because he cannot prove that he is a qualified handicapped person. The Court should therefore enter judgment in favor of the Defendant on all claims, because the Plaintiff brings all of his claims in the complaint under the Americans with Disabilities Act, yet cannot meet the threshold requirement of proving that he is a qualified handicapped individual. See Ex. 1 and Ex. 18, p. 58.

**C.   The Plaintiff Failed to Exhaust His Administrative Remedies For His Claims Regarding His Request for Benefits Under M.G.L. c. 41, § 111F.**

The Court should enter judgment for the City for the claims in the Plaintiff's complaint regarding benefits under M.G.L. c. 41, § 111F, because that he failed to present such claims to the MCAD and/or the EEOC prior to instituting the instant action. In order to bring an action in federal court for violation of Title I of the ADA the plaintiff must first exhaust his administrative remedies by filing a claim with the EEOC or a comparable state agency. Bonilla v. Nuebles J.J. Alvarez, Inc., 194 F.3d 275, 277 (1st Cir. 1999). The purpose of the exhaustion requirement is to provide the employer prompt notice of the claim and to allow for the possibility of early conciliation. Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996). In order for the exhaustion requirement to fulfill its purpose, the plaintiff is required to exhaust each claim of discrimination. Davis v. Lucent Tech., Inc., 251 F.3d 227, 231 (1st Cir. 2001). Absent compelling circumstances, failure to exhaust administrative remedies in an ADA case is fatal. Bonilla, 194 F.3d at 277.

The Plaintiff failed to file a complaint before the EEOC, MCAD or any other agency of competent jurisdiction regarding his claim relative to benefits under M.G.L. c. 41, § 111F.

5

In ¶¶ 31 – 35 of his complaint in the instant matter, the Plaintiff alleges that (1) he prevailed in Superior Court and the City has not yet paid him benefits under M.G.L. c. 41, § 111F; (2) he was treated different than another employee who received such benefits; and (3) the refusal to pay benefits is an act of retaliation. See Ex. 1, ¶ 31-35.

The complaints that the Plaintiff filed at the MCAD, however, prove that he failed to exhaust his administrative remedies for his claims relative to M.G.L. c. 41, § 111F. Neither the complaint filed in 2000 or 2003 contain any allegation of discrimination based upon the City's denial of the Plaintiff's request for 111F benefits. See Ex. 8, 9, 13, 14, 15. As a matter of law, such claims must accordingly fail.

**D.     The Plaintiff Cannot Prove The Threshold Requirements For Discrimination Under The Americans With Disabilities Act For His Claims That The City Of Lowell Discriminated Against Him Relative To His Request For Benefits Under M.G.L. c. 41, § 111F.**

Even if the Court disagrees that the Plaintiff failed to exhaust his administrative remedies, insufficient evidence exists to prove the Plaintiff's discrimination claims regarding 111F benefits. As stated above, the Plaintiff must prove the threshold requirement that his employer took an adverse employment action against him because of his protected disability. Carroll at. 231.

As to his claim that the City has not paid him despite judgment in the Massachusetts Superior Court, the City's non-discriminatory reason is simple: the City appealed the judgment and the judgment is therefore not final. See John Doe v. City of Lowell, Massachusetts Appeals Court Docket No: 2006-P-0881. No evidence exists showing that the City exercised its appellate rights in the Massachusetts state court system with any discriminatory animus whatsoever.

Moreover, the evidence clearly shows that the City's denial was based upon medical evidence, and the Plaintiff's lack thereof. First, the City appointed Dr. Jeffrey Griffiths to evaluate the Plaintiff's request for 111F benefits. Dr. Griffiths concluded that the Plaintiff's work

related injury, a needle-prick, was more than likely not the cause of his HIV disease. Ex. 10 and 12. In addition, when the Plaintiff requested 111F benefits, he did not provide any medical documentation showing that he was disabled. Ex. 12. Thereafter, he filed a complaint with the MCAD in which he certified that he was capable of working. Ex. 13-16. Therefore, the evidence shows that the reason for the City's denial was the City's lack of sufficient and reliable evidence of both disability and causation to award the Plaintiff benefits. No evidence shows that such denial was based upon discrimination due to the Plaintiff's HIV status.

No evidence exists that the proffered reasons are a pretext for discrimination. No evidence exists of any discriminatory animus whatsoever for the denial of benefits, and no evidence exists showing that any decision regarding the Plaintiff's request was an act of retaliation. The Court should therefore enter judgment for the City for all claims relative to benefits under M.G.L. c. 41, § 111F.

**E.    The Plaintiff Cannot Prove That The City's Actions Under Cobra Amount To Discrimination Under The Americans With Disabilities Act.**

The Plaintiffs claims that the City's actions under COBRA must fail for 2 reasons. First, the evidence shows that the relevant actions of providing the Plaintiff notice under COBRA and granting him health insurance benefits, were actions in good faith. See Ex. 9 and 19. No evidence exists to the contrary, and no evidence whatsoever exists showing that any City representative contemplated or performed such actions with any discriminatory animus whatsoever.

Moreover, no evidence exists showing disparate treatment in this regard. To recover under the theory of disparate treatment pursuant to the ADA the Plaintiff must show (1) that he suffers from a disability or handicap, that (2) he was nevertheless able to perform the essential functions of his job, either with or without reasonable accommodation, and finally that (3) the City took an adverse employment action against him because of, in whole or in

7

part, his protected disability. Carroll, Id." Evidence that an employer administered disparate treatment to similarly situated employees *may* be competent proof that the explanation given for the challenged employment action was pretextual, *provided* the plaintiff-employee can make a preliminary showing 'that others ***similarly situated*** ... *in all relevant respects* were treated [more advantageously] by the employer." Straughn v. Delta Air Lines, Inc., 250 F.3d 23, 43-44 (1st Cir. 2001).

A claim of disparate treatment based on comparative evidence must rest on proof that the proposed analogue is similarly situated in material respects. Perkins v. Brigham and Women's Hospital, 78 F.3d 747, 751 (1st Cir. 1996). Accordingly, the Plaintiff has the burden of showing that the individuals with whom he seeks to be compared have "engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." Id. citing Mitchell v. Toledo Hosp., 964 F.2d 577, 582 (6th Cir. 1992). The test is whether a "prudent person, looking objectively at the incidents, would think them roughly equivalent and the protagonists similarly situated." Id. citing Dartmouth Review v. Dartmouth College, 889 F.2d 13, 19 (1st Cir. 1989).

Here, the Plaintiff lacks any evidence that the City treated him in a different manner than other employees. To the contrary, the evidence shows that the City treated him in the exact same manner as all employees similarly situated. See Ex. 9 and Ex. 19. The evidence shows that the standard practice for employees who are not working and exhaust all sick and vacation days has always been to grant such employees benefits under COBRA. Ex. 9 and Ex. 19. Even if the Plaintiff could prove a mistake or error in judgment – which the City contends the Plaintiff cannot prove – such proof does not amount to discrimination if he

8

cannot prove that actions were motivated by a discriminatory animus. See Ex. 9. The Court should therefore enter judgment in favor of the City for claims regarding health insurance benefits.

**F.      The City Of Lowell Is Immune From Claims Of Invasion Of Privacy**

The Plaintiff's complaint in the instant matter makes claims of invasion of privacy, identical to claims he made in a lawsuit against 3 City of Lowell employees. See Ex. 1 and Ex. 5. The Court should enter judgment for the City because the City of Lowell is immune from any claim arising out of an intentional tort, including invasion of privacy. See M.G.L. c. 258, § 10(c). Since the claims in the Plaintiff's complaint are claims "arising out of" his claims for invasion of privacy, the City is immune from such claims and the Court should enter judgment in the City's favor.

Moreover, even if the Court disagrees, the City did not have authority to release any confidential personnel information regarding the Plaintiff to anyone. Even if the plaintiff could prove that someone refused to provide information, the Plaintiff has no evidence showing that any employee of the City of Lowell had the authority to disclose the Plaintiff's confidential information to Copeland.

Finally, the Plaintiff lacks any evidence whatsoever that any employee acted with a discriminatory animus when they allegedly unlawfully disclosed his medical information. If the Plaintiff can prove the disclosure, which the City denies, the Plaintiff's recourse is found in M.G.L. c. 214, § 1B, the invasion of privacy statute. He has already exercised his rights under that statute. Ex. 5. Since the Plaintiff cannot proffer any evidence to prove a discriminatory animus, the Court should enter judgment for the City for the Plaintiff's claims relative to disclosure of his medical information.

G.  **No Evidence Exists Of Retaliation**

The Court should enter judgment in favor of the City for the Plaintiff's claims of retaliation. To prove a case for retaliation, the Plaintiff must show that (i) he undertook protected conduct, (ii) he suffered an adverse employment action, and (iii) the two were causally linked." Noviello v. City of Boston, 398 F.3d 76, 88 (1st Cir. 2005).

The Plaintiff last worked in February of 2000, and file his MCAD complaint in October of 2000. See Ex. 1, 13, 14. With the exception of defending itself for the various suits the Plaintiff has filed against the City and the actions relative to COBRA, the Plaintiff cannot cite any action the City took against the Plaintiff after he filed his complaint at the MCAD. For the reasons argued above, the actions regarding COBRA were standard practice, and no evidence exists proving discrimination. The Court should therefore enter judgment for the City because the Plaintiff cannot prove any adverse employment action that amounts to retaliation as the result of his MCAD complaint.

IV.  **CONCLUSION**

For the foregoing reasons, the Defendant respectfully requests that this Honorable Court enter judgment for the Defendant City of Lowell for all claims in the above captioned matter.

June 15, 2006

Respectfully submitted:
CITY OF LOWELL, MA. POLICE
DEPARTMENT, DEFENDANT


/s Kimberley A. McMahon
Kimberley A. McMahon, Assistant City Solicitor
BBO #641398
City of Lowell Law Department
375 Merrimack Street, 3rd Fl.
Lowell MA 01852-5909
(978) 970-4050
FAX (978) 453-1510

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing document, was filed through the Electronic Case Filing System for filing and electronic service to the registered participants as identified on the Notice of Electronic Filing and via first-class mail to Rodney D. Desrosiers, 1403 Rock Wood Drive, Saugus MA 01906, on June 15, 2006

/s Kimberley A. McMahon
Kimberley A. McMahon, Assistant City Solicitor