UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **RODNEY D. DESROSIERS,**    )<br>    **Plaintiff**    )<br>    )<br>**V.**    )<br>    )<br>**CITY OF LOWELL, MA.**    )<br>**POLICE DEPARTMENT**    )<br>    **Defendant**    ) | **C.A. NO. 04-11932-NG (SEALED)** |

**DEFENDANT, CITY OF LOWELL'S STATEMENT OF UNDISPUTED
FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

Now comes the Defendant, City of Lowell, and submits the following undisputed facts to support its Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56.

**II.    UNDISPUTED FACTS**

1. The Plaintiff, a retired Lowell police officer, filed suit against the City of Lowell, alleging that the City discriminated against him on the basis of a disability. See Ex. 1, 6, 18. The Plaintiff brings all claims against the City under the Americans with Disabilities Act. See Ex. 1 and 18. The Plaintiff's complaint alleges that the City of Lowell treated him differently than other employees who (1) have requested benefits pursuant to M.G.L. c.41, §111F; (2) have requested documentation to withdraw money from a 457K fund; and (3) have revealed their medical conditions to the police department. See Ex. 1 ¶¶ 12, 22, 24, 25, 33, 34, 35, Ex. 2, Ex. 3.

2. The Plaintiff admits in his Amended Complaint that he is unable to perform his job duties due to a medical condition. See Ex. 1, ¶¶ 4, 6, 7, 31, 34, 35. In addition, Dr. Elias Nabbout, the City Physician for the City of Lowell, opined in November of 2003 that the

       Plaintiff physically cannot perform his job duties. See Ex. 11. No evidence exists from a qualified medical professional that the Plaintiff is capable of performing his job duties as a police officer with a reasonable accommodation.

3. The Plaintiff alleges in his Amended Complaint that he is entitled to "injury in the line of duty" benefits pursuant to M.G.L. c.41, §111F, which mandates that employers pay police officers who are incapacitated for duty because of an injury sustained in the performance of his duty, and claims that the City's denial of benefits is an act of discrimination. See Ex.1, ¶¶ 6, 7, 31, 32, 34, 35. The Plaintiff filed a lawsuit against the City of Lowell seeking benefits for leave with pay pursuant to M.G.L. c.41, §111F. See Ex. 4. The City denied Plaintiff's claim for leave with pay on May 10, 2000 because the physician the City hired to evaluate the Plaintiff, Dr. Griffiths did not relate Mr. Desrosiers' condition with an injury sustained in the performance of his duty without fault of his own." Ex. 10, 12. The Plaintiff further failed to submit adequate documentation showing that he was disabled between February of 2000 and November of 2003. See Ex. 4, 10, 12. The matter is currently pending appeal before the Massachusetts Appeals Court. John Doe v. City of Lowell, Massachusetts Appeals Court Docket No: 2006-P-0881. The Plaintiff alleges that the denial of 111F benefits is act of discrimination under the ADA because (1) he prevailed in Superior Court and the City has not yet paid him benefits under M.G.L. c. 41, § 111F; (2) he was treated different than another employee, Dennis Cormier, who received such benefits; and (3) the refusal to pay benefits is an act of retaliation. See Ex. 1, ¶ 31-35.

4. The Plaintiff alleges in his complaint that employees of the City of Lowell Police Department failed to maintain the Plaintiff's medical information in a confidential

manner. See Ex.1, ¶¶ 7, 8, 10, 11, 12, 13, 16, 17, 18, 20, 21, 25. The Plaintiff filed a separate complaint against three employees in their individual capacities based upon the same allegations, claiming that the employees invaded the Plaintiff's privacy. See Ex. 5. The Plaintiff alleges that Edward Davis, Judith Sweet, and Dennis Cormier disclosed to others that the Plaintiff is HIV positive. See Ex. 5. The matter is currently pending at Suffolk Superior Court, Civil Action Number SUCV2003-00794. See Ex.1, ¶¶ 7, 8, 10, 11, 12, 13, 16, 17, 18, 20, 21, 25, and Ex. 5. The Plaintiff also filed a cause of action against the Defendant for disparate treatment based upon the same allegations at the Massachusetts Commission Against Discrimination, which was dismissed. Ex. 13-16. The Equal Employment Opportunity Commission also dismissed the claims. Ex. 17.

5. The Plaintiff alleges in his complaint that the Lowell Police Department failed to provide Copeland Companies documentation to release 457K funds to the Plaintiff. See Ex. 1, ¶¶ 22, 23, 24. The Plaintiff filed a cause of action against the Defendant for disparate treatment based upon the same allegations at the Massachusetts Commission Against Discrimination, which was dismissed. Ex. 13-16. The Equal Employment Opportunity Commission also dismissed the claims. Ex. 17. The Plaintiff lacks any reliable evidence that any particular City employee denied such a request. Ex. 1, Ex. 3, answer 5, Ex. 18, pp. 62-64. He merely heard that a person in high authority refused the request, and he presumed that person was Dennis Cormier. Ex. 18, pp. 62-64. In fact, the Plaintiff was ultimately able to withdraw his funds. Ex. 18, p. 47. Moreover, the Plaintiff lacks any evidence whatsoever that any City representative performed any act relative to the Plaintiff's 457 account with a discriminatory animus. This claim is based upon mere speculation.

6. The Plaintiff's complaint alleges that the City of Lowell overcharged him for his health insurance benefits and improperly allowed him benefits under the federal COBRA law, rather than state law. Ex. 1. The Plaintiff brought a cause of action against the Defendant for such actions at the Massachusetts Commission Against Discrimination, which was dismissed. Ex. 8, 9. The Plaintiff alleges in the instant suit that the City treated him differently than similarly situated employees when he was required to pay 102% of his health insurance premium under COBRA. Ex. 1. The Plaintiff, however, was treated in the exact same manner as employees similarly situated. See Ex. 1, ¶¶ 26, 27, 28, 29, 30, Ex. 8-9, Ex. 19.

7. On or about May 11, 2001, through an audit, the City of Lowell Human Relations Office discovered that Desrosiers and 2 other employees of the Police Department were off the payroll, without compensation. The City of Lowell's health insurance plan had been insuring the 3 employees, even though the employees were not paying their portion of health plan premium. Ex. 19

8. On May 11, 2001, the Human Relations Office sent, via certified mail, COBRA notices to all three employees regarding their right to continue in the group health plan if they so desired. The City treats these non-FMLA absences as qualifying events since their hours have been reduced to zero. On or about May 22, 2001, the Human Relations Office sent the three employees notices regarding potential rights under FMLA if their absence qualified for leave, and an invoice for 25% of premium due back to the date the employees went off the payroll. Ex. 19.

9. None of the three officers, including Desrosiers, followed through with the FMLA request or documentation. Ex. 19

10. The City provided Desrosiers notice of his rights under the federal COBRA law when his Family Medical Leave Act protection would have expired on June 10, 2001. Ex. 19.

11. On or about June 15, 2001, a second notice of the premium due was mailed to the three officers, including the Plaintiff, with a note that coverage would cancel if the City did not receive payment by June 22, 2001. Ex. 19. Desrosiers thereafter paid the amount due.

12. Desrosiers thereafter continued to remain absent from work and off the payroll. Like all other employees who have not been terminated, but have not worked and therefore have not received a paycheck, the City offered Desrosiers the option to elect health insurance benefits pursuant to COBRA. Desrosiers elected to participate in the health insurance plan and began paying under COBRA on June 10, 2001. Ex. 19.

13. At the time that the Human Relations Office placed Desrosiers on COBRA, he had not worked since February of 2000. He had exhausted his sick and vacation time. Ex. 19.

14. The Human Relations Office provided this benefit because COBRA provides that employees who would lose health insurance coverage under their employer's plan as the result of a "qualifying event," may elect to continuation coverage under the employer's plan. See 29 USC § 1161. The City considered Desrosiers' reduction of working hours to zero hours a qualifying event, as COBRA provides. See 29 USC § 1163. Ex. 19.

15. At the time he was placed on COBRA, Desrosiers had 2 open lawsuits against the City. First, he sued the City for benefits under M.G.L. c. 41, § 111F, alleging that he sustained an injury while in the performance of his duties that rendered him incapacitated. The City contested that lawsuit at that time because (1) the City did not have any current documentation showing that Desrosiers could not perform the duties of his job; and (2) the City contended that even if he could prove incapacity, he did not sustain his injury

while in the performance of his duties. Second, Desrosiers also sued the City for discrimination at the MCAD. In his discrimination lawsuit, he alleged that he is unable to perform his job duties due to a hostile work environment based upon his medical condition.  He did not claim that he was incapable of performing the duties of his job, but rather that he was a qualified handicapped person capable of performing the functions of a police officer. He claimed that he could not return to work due to a hostile work environment, not due to sickness.  Ex. 1, 4, 12, 13, 14, 15, 16, 19.

16. Since COBRA's enactment, the City of Lowell has always offered COBRA benefits to all employees who are off the payroll and not under the Family and Medical Leave. The City of Lowell has never required any person to elect COBRA benefits.  Ex. 19.

17. Desrosiers voluntarily elected to continue coverage under COBRA.  From the period of June 10, 2001, through December 10, 2002, the Complainant continued as a participant in the City of Lowell's group health and dental coverage under COBRA. The City allowed Desrosiers continuation coverage for 18 months commencing June 10, 2001, which is the maximum period required under COBRA for this qualifying event. During the time when the City considered Desrosiers covered by COBRA, the City charged Desrosiers for 102% of his health insurance premium in accordance with 29 USC § 1162(3)(A).  Ex. 19.

18. All other employees who have elected the option for continued coverage during my employment in the Human Relations Office had been required to pay 102% of their health insurance. Ex. 19.

19. On or about November 5, 2002, the Human Relations Office mailed a notice to Mr. Desrosiers indicating that his eighteen months of COBRA was ending and that his group health and dental coverage through the City would end on January 10, 2003. The City

sends all employees termination forms if the employee participates in the health insurance plan through COBRA for 18 months. Ex. 19

20. In accordance with 29 USCA §§1162(2)(A)(i), 1163(2), and 1166, the City sent Desrosiers a health insurance termination notice in December, 2002. The City advised him in that notice that his coverage would end 18 months after the qualifying event. Ex. 19.

21. In December, 2002, Desrosiers requested that the City continue to allow him to participate in the health insurance plan pursuant to M.G.L. c.32B, and that the City change his past coverage to coverage pursuant to M.G.L. c.32B instead of COBRA. Desrosiers is the first employee and only employee to date, who has requested health insurance coverage pursuant to M.G.L. c.32B. On January 16, 2003, the City of Lowell allowed Desrosiers' request to continue group health coverage under M.G.L. c.32B. Desrosiers is the first person to my knowledge to whom the City provided insurance pursuant to M.G.L. c. 32B, § 7(A)(b). Ex. 19.

22. Pursuant to M.G.L. c.32B, §7A, Desrosiers was required to contribute 100% of the cost of the plan, because the evidence the City possessed at that time showed that Desrosiers was no working because he was alleging a hostile work environment. Ex. 19.

23. On or about January 16, 2003, the Human Relations Office changed Desrosiers's 18 months of coverage under COBRA – which Desrosiers himself had previously requested – to coverage under M.G.L. c.32B. The City credited Mr. Desrosiers' account the additional 2% he had been paying under COBRA, since M.G.L. c.32B, §7A only requires employees to pay 100%, as opposed to the 102% allowed under COBRA. Ex. 19.

24. The City did not require Desrosiers to pay a higher price for his health insurance than other employees who stopped working. He paid less for his insurance for all other employees who have received continued coverage after they stopped working and exhausted sick and vacation leave, because all other such employees have been required to pay 102% of their health insurance. Ex. 19.

25. While under COBRA, the City received payment for Desrosiers' health insurance premium from CRI of New England. In September 2005, the Human Relations Office received notification from the Lowell Retirement Board that Desrosiers had retired, and that his retroactive retirement date was November 21, 2003. Retirees are eligible for health insurance through the City. Retirees must pay 25% of the health insurance premium. The City therefore credited Desrosiers for the amount paid on his behalf for medical and dental insurance in the amount of $8,486.93, representing 75% of the amount paid on his behalf for health insurance between November 2003 through September 10, 2005. The Plaintiff did not reimburse CRI of New England for any of the amount they have paid on his behalf. Ex. 6, Ex. 18, pp. 56-57, 74, Ex. 19.

June 15, 2006                              Respectfully submitted:
                                           CITY OF LOWELL, MA. POLICE
                                           DEPARTMENT, DEFENDANT


                                           /s Kimberley A. McMahon
                                           Kimberley A. McMahon, Assistant City Solicitor
                                           BBO #641398
                                           City of Lowell Law Department
                                           375 Merrimack Street, 3rd Fl.
                                           Lowell MA 01852-5909
                                           (978) 970-4050
                                           FAX (978) 453-1510

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing document, was filed through the Electronic Case Filing System for filing and electronic service to the registered participants as identified on the Notice of Electronic Filing and via first-class mail to Rodney D. Desrosiers, 1403 Rock Wood Drive, Saugus MA 01906, on June 15, 2006

/s Kimberley A. McMahon
Kimberley A. McMahon, Assistant City Solicitor