UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Rodney D. Desrosiers                            C.A. NO. 04-11932-NG
   Plaintiff

V.

City of Lowell, MA.
   Defendant

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSTION TO THE DEFENDENTS MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

Now comes the Plaintiff, Rodney Desrosiers (hereinafter "Plaintiff") in the above-captioned matter and respectfully request this honorable court to deny the Motion for Summary Judgment brought by the Defendant, City of Lowell MA. (hereinafter "City of Lowell"), since there exist genuine issues of material fact in dispute and the City of Lowell is not entitled to judgment as a matter of law.

    On May 6, 2005 this court denied the Defendant's motion to dismiss. Now, given the addition of the Plaintiff's abundance of evidence as submitted here, the court should do no less on this occasion.

## II. FACTS

    The Plaintiff directs the courts attention to his "Response to City of Lowell's Statement of Undisputed Facts" included within his "Motion in Opposition to Summary Judgment".

## III. ARGUMENT

**A. Standard of Review**

1

1.  When considering whether to grant a motion for summary judgment the court must determine whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court looks to "the record on summary judgment in the light most favorable to the nonmovant." Hoffman v. Applicators Sales and Service, Inc., 439 F.3d 9, 11 (1 Cir., 2006) (citing Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 50 (1 Cir. 2000).

2.  All reasonable inferences will be drawn in the favor of the nonmoving party. Poulis-Minott v. Smith, 388 F.3d 354, 361 (1 Cir., 2004). A factual dispute that is neither "genuine" nor "material" will not survive a motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue is 'genuine' for purposes of summary judgment if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Poulis-Minott, 388 F.3d at 362-63 (quoting Hayes v. Douglas Dynamics, Inc., 8 F.3d 88, 90 (1 Cir., 1993)); Rojas-Ithier, 394 F.3d at 42; Calero-Cerezo v. U.S. Dep't. of Justice, 355 F.3d 6, 19 (1 Cir., 2004).

### B. The Plaintiff is a Qualified Handicapped Employee Under the ADA and M.G.L. Chapter 151B, section 4.

The Plaintiff is a person with HIV disease, which is a disability that has been accordance protection by the courts under both the ADA and M.G.L. ch 151B. No presumption should exist that uninterrupted attendance is an essential job requirement for determining whether a leave of absence can constitute a

reasonable accommodation. <u>Cehrs V. Northeast Ohio Alzheimer's Reseach Center</u> 155 F.3d 775 (6th Cir. 1998) and <u>Ward V. Massachusetts Heath Research Institution, Inc.</u> Whether a medical leave of absence is a reasonable accommodation is a question of fact to be determined on a case-by-case basis. (See <u>Cehrs at 782</u>).

Contrary to the argument of the City of Lowell, the plaintiff is not precluded from arguing that he is disabled for the purposes of receiving disability benefits under M.G.L. chapter 41, section 111F, or disability benefits under M.G.L. chapter 32, section 7, while at the same time arguing he is a "qualified employee" with "reasonable accommodations". The United States Supreme Court in <u>Cleveland v. Policy Management Systems Corp.</u> [May 24, 1999] ruled that a claimant is not precluded from arguing both a disability claim and an ADA claim, finding that there are situations where both can comfortably exist side by side. The court found that for one thing, that ADA claims take into account "reasonable accommodations" while disability claims do not. The Massachusetts Supreme Court made a similar ruling in <u>Russell v. Cooley Dickerson Hospital, Inc, et al.</u> [August 2002] with Justice Roderick L. Ireland writing for the court: **"We conclude that a plaintiff's prior pursuit, and receipt, of benefits based on assertion of 'total disability' does not automatically estop her from pursuing a claim of employment discrimination on the basis of disability under G.L.c. 151B, Sect. 4(16), so long as a disputed issue of fact remains whether the plaintiff is able to perform the 'essential functions of the position involved".** In the Plaintiff's case, a medical leave of absence, as requested by the plaintiff, could be considered as a possible

3

"reasonable accommodation", especially in light of the Defendant granting other officers long term leaves of medical absences (up to eight years in one situation). See Ex. 8,9. The Defendant has also routinely provided employees "light duty" assignments for indefinite periods of time. The Defendants has never argued that either one of these accommodations for the Plaintiff is an undue burden. Furthermore, in denying the Defendant's previously filed Motion to Dismiss, this court adopted Judge Young's reasoning in Iwata V. Intel Corp., 349 F. Supp. 2d 135, 146-47 (D. Mass) that a former employee who is denied access to fringe benefits due to disability-based discrimination can bring suit to challenge such discrimination.

In reality, it is not the Plaintiff, but the Defendant who has made contradictory claims in the Plaintiff's legal matters, arguing one position in one forum, and then turning around and arguing a totally opposite position on the same subject matter in another forum. It has become almost mind-boggling for one to determine the actual position of the Defendant, since they have contradicted themselves so many times. The only consistencies they have shown in their arguments are that they will take whatever position is the most adverse to the plaintiff. For example, the City of Lowell argues that they did not provide the Plaintiff benefits under M.G.L chapter 32B, section 7A because the Plaintiff was not medically incapacitated since he stated he was a "qualified employee" with "reasonable accommodations" at MCAD. This is quite astonishing since the Defendant was arguing at MCAD that the Plaintiff was not a qualified employee, even with "reasonable accommodations" because they had

"proof" that he was incapacitated from his 111F application. See Ex. 23 ¶ 2. This argument is in total contradiction to their argument in the 111F case, where they now argue that the Plaintiff was not incapacitated from February 2000 to November 2003. See Ex. 32.

### C. The Plaintiff's Claims Regarding his Request for Benefits Under M.G.L. Ch. 41, Section 111F Should be Allowed.

In this courts ruling denying the Defendant's "Motion to Dismiss", dated May 6, 2005, the court stated "Nor is the complaint barred because the Plaintiff failed to press the benefits claim before the MCAD or EEOC. I find that Plaintiff's written charge should have alerted the agency to this "alternative basis of discrimination and should have been investigated..." See Conroy v. Boston Edison, 758 F. Supp. 54, 57-58 (D. Mass 1991). See Ex. 33.

### D. The Plaintiff Disputes that he Cannot Prove the Threshold for Discrimination Under the ADA (and M.G.L. Ch 151B) for his Claims that the City of Lowell Discriminated against him Relative to his Request for Benefits under M.G.L. ch 41, section 111F.

As detailed in this opposition motion the Plaintiff evidence shows that he was treated differently than other officers who are seldom denied benefits under 111F, which the Plaintiff is still being denied despite a judges order and despite an independent medical review by PERAC which confirmed that the Plaintiff's injury was suffered in the line of duty. See Ex. 10. The Defendant's argument in the 111F case to limit their liability is that the Plaintiff cannot prove incapacitation from February 2000 to November 2003, which of course is at odds with their statements at MCAD, where they stated that the Plaintiff was not a qualified employee because they had "Proof" from his Physician (Dr. Libman) that the

5

Plaintiff was not capable of performing his duties. <u>See</u> Ex. 23. The City of Lowell was perfectly willing to accept the Plaintiff's physician letter as "<u>proof</u>" of incapacitation when they thought it may assist them at MCAD to argue the Plaintiff was not a qualified employee, but they then rejected this same letter as "proof" of incapacitation when it came to proving that the Plaintiff was incapacitated for purposes of receiving benefits under either M.G.L. ch 32B, section 7A, or M.G.L. ch, 41 section 111F.

### E. The Plaintiff Has Sufficient Evidence To Prove That The City of Lowell's Actions Under COBRA Amount to Discrimination And Retaliation Under The ADA and Under M.G.L. Ch 151B.

The Defendant has alleged that they refused to list the Plaintiff on an "unpaid medical leave status" because they disputed that he was incapacitated, however in another forum they stated they had "proof" that the Defendant was incapacitated during this same period. <u>See</u> Ex 23. The Plaintiff therefore has evidence showing that the reason offered by the Defendant is a pretext for discrimination and retaliation. The Plaintiff was therefore treated differently than similarly situated employees who were allowed medical leave of absences that the Plaintiff was being denied.

### F. The City of Lowell is not Immune from Claims Concerning the Improper Disclosure of the Plaintiff's Medical Condition.

Since the Plaintiff claim regarding the breech of medical confidentially rest on the premise that the breech occurred because of the nature of the Plaintiff's disability, the Plaintiff should be allowed to go forward with this claim. The Defendant's refusal to conduct an investigation for wrongdoing, even though they

6

had complaints, is further evidence of retaliation against the Plaintiff for the filing of a previous discrimination claim with MCAD. The plaintiff believes that the violation of his medical privacy constituted <u>not only</u> a breech of his right to privacy (which is being heard in the state court), but that he also was the victim of adverse and disparate terms of employment, since other employees have their medical information protected, and the Defendant has a policy to investigate complaints of wrongdoing. The Defendants denial that they released the Plaintiff's medical information is in conflict with the deposition evidence obtained in this matter. The release of the Plaintiff medical information thereafter created a hostile work environment for the Plaintiff. **See** Ex 34.

### G. Evidence of Retaliation

The Plaintiff filed his first complaint with MCAD in August 2000. After the filing of this complaint a series of adverse action occurred against the Plaintiff which a jury could reasonable conclude was in retaliation. First, the Plaintiff was denied an "unpaid medical leave of absence" status, and therefore benefits under M.G.L. ch 32b, section 7A. Second, the Plaintiff was denied benefits under M.G.L. ch 41, section 111F after a decision by a Superior court judge and after a separate independent decision by PERAC. The Defendant has made conflicting arguments in their reasoning for denying the plaintiff these benefits.

### IV. Conclusion

For the foregoing reasons, the Plaintiff respectfully request that this Honorable Court deny the Defendant's Motion for Summary Judgment and allow the Plaintiff to proceed with all of his claims in Federal Court.

June 27, 2006

Respectfully submitted;

*(signature)* (Pro se)

Rodney D. Desrosiers (plaintiff)
1403 Rock Wood Drive
Saugus, MA 01906
978-884-9832

## CERTIFICATE OF SERVICE

I hearby certify that a true copy of the foregoing document was served upon Attorney Kimberly McMahon, City of Lowell, Law Department, 375 Merrimack Street, Lowell, MA 01852 via first class mail on June 27, 2006.

_____
Rodney D. Desrosiers (Pro Se)