# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **RODNEY D. DESROSIERS,** | ) | **C.A. NO. 04-11932-NG (SEALED)** |
| **Plaintiff** | ) | |
| | ) | |
| **V.** | ) | |
| | ) | |
| **CITY OF LOWELL, MA.** | ) | |
| **POLICE DEPARTMENT** | ) | |
| **Defendant** | ) | |

## DEFENDANT'S PRETRIAL MEMORANDUM

## I.  INTRODUCTION

Pursuant to the Court's June 15, 2006 order, the Defendant, City of Lowell, hereby submits its pretrial memorandum.

## II.  TRIAL COUNSEL FOR THE DEFENDANT

Kimberley A. McMahon
1st Assistant City Solicitor
BBO#641398
City of Lowell Law Department
375 Merrimack Street
Lowell, MA  01852
978-970-4050

R. Eric Slagle
Assistant City Solicitor
City of Lowell Law Department
375 Merrimack Street
Lowell, MA  01852
978-970-4050

## III.  WHETHER THE CASE IS TO BE TRIED WITH OR WITHOUT A JURY

The case will be tried with a jury.

IV.    **SUMMARY OF DEFENDANT'S POSITIONS**

A.    **Liability**

1.    **The Plaintiff is not a qualified handicapped person.**

The City contends that it is not liable for the Plaintiff's claims brought pursuant to the Americans with Disabilities Act for discrimination because he fails to meet the prerequisites for a claim of discrimination. To recover for his theories of discrimination under the Americans with Disabilities Act, the Plaintiff must make a threshold showing that (1) he suffers from a disability or handicap; (2) he is nevertheless able to perform the essential functions of his job, either with or without reasonable accommodation, and (3) that his employer took an adverse employment action against him because of his protected disability. Carroll v. Xerox Corp., 294 F.3d. 231, 237 (1st Cir. 2002), citing Lessard v. Osram Sylvania, Inc., 175 F.3d. 193, 197 (1st. Cir. 1999).

The Plaintiff cannot prove the threshold requirements, because he is incapacitated from performing his job duties. Dr. Elias Nabbout opined that the Plaintiff is not capable of performing his job duties in November 2003. Further, the Plaintiff received an accidental disability retirement pursuant to M.G.L. c. 32, §7, which requires that the majority of a 3-doctor medical panel opine that the Plaintiff is totally and permanently incapacitated from performing the duties of his job. The Plaintiff has not provided the City any evidence that he is a qualified handicapped person.  No medical report exists showing that the Plaintiff is capable of performing his job duties either with or without a reasonable accommodation.

At best, the Plaintiff possesses his own opinion that he can perform his job duties with accommodation. That opinion, however, contradicts Dr. Nabbout's medical opinion and the decision of the medical panel. In addition, the Plaintiff's opinion is unreliable and speculative to make a medical opinion and will not be admissible at trial. The Evidence Rules generally confine

the testimony of a lay witness to matters about which he or she has personal knowledge, although such a witness may offer opinions that are "rationally based on [his] perception" and "helpful to a clear understanding of the witness' testimony or the determination of a fact in issue. Ruiz-Troche v. Pepsi Cola of P.R. Bottling Co., 161 F.3d 77 , 80 (1st Cir. 1998)  citing  Fed. R. Evid. 602 and 701. "The Rules afford expert witnesses much more leeway." Id. "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Id. citing Fed. R. Evid. 702.

For opinion testimony of a layman to be admissible three elements must be present. First, the witness must have personal knowledge of the facts from which the opinion is to be derived. Second, there must be a rational connection between the opinion and the facts upon which it is based. Third, the opinion must be helpful in understanding the testimony or determining a fact in issue. Swajian v. General Motors Corp., 916 F.2d 31, 36 (1st Cir. 1990)

The Plaintiff's lay opinion testimony regarding his personal belief that he can perform his job duties will not be admissible in evidence at trial because no sufficiently reliable basis for his speculative opinion exists, as the Plaintiff does not possess any particular skill or experience which would have assisted the trial court's fact-finding insight. No evidence exists showing that the Plaintiff has any medical expertise qualifying him to render such opinion. Moreover, no medical evidence exists showing that a qualified doctor or person with the requisite medical expertise has opined that the Plaintiff is a qualified handicapped person, capable of performing the essential functions of his job with a reasonable accommodation. Compare Keller v. United States, 38 F.3d 16   31 (1st Cir. 1994)(trial judge properly excluded lay opinion testimony

because the court found no sufficiently reliable basis for the speculative inference on which it was based, and the trial judge is not required to credit opinion testimony of a witness who possessed no particular skill or experience which would have assisted the trial court's factfinding insight.).

In denying the City's motion to dismiss, the Court cited Iwata v. Intel Corp., 349 F.Supp.2d. 135 (2004). The instant case is distinguishable from Iwata, however, because Iwata and similar cases dealt with employees who were seeking benefits for total disability, and the employees' claims of discrimination relative to disability policies. Desrosiers' complaint claims discrimination for an alleged invasion of privacy, or breach of confidentiality, which is clearly not equivalent to a claim for total disability benefits. Also, his claim for benefits under M.G.L. c.41, §111F is not akin to the claims in Iwata, because M.G.L. c.32 §7 is the statute under which an employee seeks benefits if he is totally disabled, NOT M.G.L. c.41, §111F, which clearly contemplates an employee returning to work. See Gardner v. Peabody, 23 Mass.App.Ct. 168, 175 (1986), Hennessey v. Bridgewater, 388 Mass. 219, 226 (1983). The Plaintiff accordingly lacks standing to pursue his claim under the Americans with Disabilities Act because he cannot prove that he is a qualified handicapped person.

**2.    The Plaintiff Failed to Exhaust His Administrative Remedies For His Claims Regarding His Request for Benefits Under M.G.L. c. 41, §111F.**

The Court should enter judgment for the City for the claims in the Plaintiff's complaint regarding benefits under M.G.L. c. 41, § 111F, because that he failed to present such claims to the MCAD and/or the EEOC prior to instituting the instant action.  In order to bring an action in federal court for violation of Title I of the ADA, the plaintiff must first exhaust his administrative remedies by filing a claim with the EEOC or a comparable state agency. Bonilla v. Nuebles J.J. Alvarez,Inc., 194 F.3d 275, 277 (1st Cir. 1999). The purpose of the exhaustion

requirement is to provide the employer prompt notice of the claim and to allow for the possibility of early conciliation. Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996). In order for the exhaustion requirement to fulfill its purpose, the plaintiff is required to exhaust each claim of discrimination. Davis v. Lucent Tech., Inc., 251 F.3d 227, 231 (1st Cir. 2001). Absent compelling circumstances, failure to exhaust administrative remedies in an ADA case is fatal. Bonilla, 194 F.3d at 277.

The Plaintiff failed to file a complaint before the EEOC, MCAD or any other agency of competent jurisdiction regarding his claim relative to benefits under M.G.L. c. 41, §111F. In ¶¶ 31 – 35 of his complaint in the instant matter, the Plaintiff alleges that (1) he prevailed in Superior Court and the City has not yet paid him benefits under M.G.L. c.41, §111F; (2) he was treated different than another employee who received such benefits; and (3) the refusal to pay benefits is an act of retaliation.

The complaints that the Plaintiff filed at the MCAD, however, prove that he failed to exhaust his administrative remedies for his claims relative to M.G.L. c.41, §111F. Neither the complaint filed in 2000 or 2003 contain any allegation of discrimination based upon the City's denial of the Plaintiff's request for §111F benefits. The complaints deal solely with an alleged breach of confidentiality and an alleged discriminatory treatment regarding health insurance. As a matter of law, such claims must accordingly fail.

**3.      The Plaintiff cannot prove the threshold requirements for discrimination under the Americans with Disabilities Act for his claims that the City of Lowell discriminated against him relative to his request for benefits under M.G.L. c.41, §111F.**

Even if the Court disagrees that the Plaintiff failed to exhaust his administrative remedies, insufficient evidence exists to prove the Plaintiff's discrimination claims regarding §111F benefits. As stated above, the Plaintiff must prove the threshold requirement that his employer

took an adverse employment action against him because of his protected disability. Carroll at. 231.

As to his claim that the City has not paid him despite judgment in the Massachusetts Superior Court, the City's non-discriminatory reason is simple: both the Plaintiff and the City appealed the judgment and the judgment is therefore not final. See John Doe v. City of Lowell, Massachusetts Appeals Court Docket No: 2006-P-0881. No evidence exists showing that the City exercised its appellate rights in the Massachusetts state court system with any discriminatory animus whatsoever.

Moreover, the evidence clearly shows that the City's denial was based upon medical evidence, and the Plaintiff's lack thereof. First, the City appointed Dr. Jeffrey Griffiths to evaluate the Plaintiff's request for §111F benefits. Dr. Griffiths concluded that the Plaintiff's work-related injury, a needle-prick, was more than likely not the cause of his HIV disease. In addition, when the Plaintiff requested §111F benefits, he did not provide any medical documentation showing that he was disabled. Thereafter, he filed a complaint with the MCAD in which he certified that he was capable of working. Therefore, the evidence shows that the reason for the City's denial was the City's lack of sufficient and reliable evidence of both disability and causation to award the Plaintiff benefits. No evidence shows that such denial was based upon discrimination due to the Plaintiff's HIV status.

No evidence exists that the proffered reasons are a pretext for discrimination. No evidence exists of any discriminatory animus whatsoever for the denial of benefits, and no evidence exists showing that any decision regarding the Plaintiff's request was an act of retaliation. The Court should therefore enter judgment for the City for all claims relative to benefits under M.G.L. c.41, §111F.

4.    **The Plaintiff cannot prove that the City's actions under COBRA amount to discrimination under the Americans with Disabilities Act.**

The Plaintiff's claim that the City's actions under COBRA must fail for two reasons. First, the evidence shows that the relevant actions of providing the Plaintiff notice under COBRA and granting him health insurance benefits were actions in good faith. No evidence exists to the contrary, and no evidence whatsoever exists showing that any City representative contemplated or performed such actions with any discriminatory animus whatsoever.

Moreover, no evidence exists showing disparate treatment in this regard. To recover under the theory of disparate treatment pursuant to the ADA the Plaintiff must show (1) that he suffers from a disability or handicap, that (2) he was nevertheless able to perform the essential functions of his job, either with or without reasonable accommodation, and finally that (3) the City took an adverse employment action against him because of, in whole or in part, his protected disability. Carroll, Id. "Evidence that an employer administered disparate treatment to similarly situated employees *may* be competent proof that the explanation given for the challenged employment action was pretextual, *provided* the plaintiff-employee can make a preliminary showing 'that others ***similarly situated*** ... *in all relevant respects* were treated [more advantageously] by the employer." Straughn v. Delta Air Lines, Inc., 250 F.3d 23, 43-44 (1st Cir. 2001).

A claim of disparate treatment based on comparative evidence must rest on proof that the proposed analogue is similarly situated in material respects. Perkins v. Brigham and Women's Hospital, 78 F.3d 747, 751 (1st Cir. 1996). Accordingly, the Plaintiff has the burden of showing that the individuals with whom he seeks to be compared have "engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." Id. citing Mitchell v. Toledo Hosp., 964 F.2d 577, 582

(6th Cir. 1992). The test is whether a "prudent person, looking objectively at the incidents, would think them roughly equivalent and the protagonists similarly situated." Id. citing Dartmouth Review v. Dartmouth College, 889 F.2d 13, 19 (1st Cir. 1989).

Here, the Plaintiff lacks any evidence that the City treated him in a different manner from other employees.  To the contrary, the evidence shows that the City treated him in the exact same manner as all employees similarly situated, if not better. The evidence shows that the standard practice for employees who are not working and exhaust all sick and vacation days has always been to grant such employees benefits under COBRA. Even if the Plaintiff could prove a mistake or error in judgment – which the City contends the Plaintiff cannot prove – such proof does not amount to discrimination if he cannot prove that actions were motivated by a discriminatory animus. The Court should therefore enter judgment in favor of the City for claims regarding health insurance benefits.

### 5.    The City of Lowell is immune from claims of Invasion of Privacy

The Plaintiff's complaint in the instant matter makes claims of invasion of privacy, identical to claims he made in a lawsuit against three City of Lowell employees. The Court should enter judgment for the City because the City of Lowell is immune from any claim arising out of an intentional tort, including invasion of privacy. See M.G.L. c.258, §10(c). Since the claims in the Plaintiff's complaint are claims "arising out of" his claims for invasion of privacy, the City is immune from such claims and the Court should enter judgment in the City's favor.

Moreover, even if the Court disagrees, the City did not have authority to release any confidential personnel information regarding the Plaintiff to anyone. The Plaintiff claims that a city employee in "high authority" refused to provide a wage verification letter to Copeland Companies so that the Plaintiff could make an early withdrawal from his 457 account.  The

Plaintiff alleges that the "high authority" opined that the Plaintiff was not "sick enough" to receive such a letter. Even if the plaintiff could prove that someone refused to provide information, the Plaintiff has no evidence showing that any employee of the City of Lowell had the authority to disclose the Plaintiff's confidential information to Copeland.

Finally, the Plaintiff lacks any evidence whatsoever that any employee acted with a discriminatory animus when they allegedly unlawfully disclosed his medical information. If the Plaintiff can prove the disclosure, which the City denies, the Plaintiff's recourse is found in M.G.L. c.214, §1B, the invasion of privacy statute. He has already exercised his rights under that statute. Since the Plaintiff cannot proffer any evidence to prove a discriminatory animus, the Court should enter judgment for the City for the Plaintiff's claims relative to disclosure of his medical information.

**6.    No evidence of Retaliation exists**

The Court should enter judgment in favor of the City for the Plaintiff's claims of retaliation. To prove a case for retaliation, the Plaintiff must show that (i) he undertook protected conduct, (ii) he suffered an adverse employment action, and (iii) the two were causally linked." Noviello v. City of Boston, 398 F.3d 76, 88 (1st Cir. 2005).

The Plaintiff last worked in February 2000, and filed his MCAD complaint in October 2000. With the exception of defending itself for the various suits the Plaintiff has filed against the City and the actions relative to COBRA, the Plaintiff cannot cite any action the City took against the Plaintiff after he filed his complaint at the MCAD. For the reasons argued above, the actions regarding COBRA were standard practice, and no evidence exists proving discrimination. The Court should therefore enter judgment for the City because the Plaintiff

cannot prove any adverse employment action that amounts to retaliation as the result of his MCAD complaint.

### 7. No evidence exists that any City employee improperly disclosed the Plaintiff's medical information.

The evidence will show that all City employees acted appropriately in regard to the Plaintiff's medical information. Moreover, no evidence exists whatsoever showing that any action with regard to the Plaintiff's medical information was performed with any discriminatory animus whatsoever.

### B. Damages

### 1. Duplicative damages are not permitted.

The Plaintiff cannot recover for emotional distress in both his federal and state lawsuits for his allegations that City employees disclosed his medical condition, because duplicative damages are not permitted. "Where the same acts cause the same injury under more than one theory, duplicative damage recoveries will not be permitted." Szalla v. Locke 421 Mass. 448, 454 (1995).

In his state action, the Plaintiff alleged that three City employees disclosed the Plaintiff's medical condition, that such disclosure amounts to an unreasonable invasion of privacy under M.G.L. c.214, §1B, and that such disclosure caused the Plaintiff emotional distress. In his federal action, the Plaintiff alleged that City employees disclosed the Plaintiff's medical condition, that such disclosure amounts to discrimination under the Americans with Disabilities Act, and that such disclosure caused the Plaintiff emotional distress. The Plaintiff therefore makes two separate claims, under two legal theories for the same emotional distress and cannot recover for the same emotional distress in two separate lawsuits.

It is well settled that where "different courts of the same sovereign power have concurrent jurisdiction of the same causes, the one whose jurisdiction is first duly invoked has authority paramount over other courts. It acquires exclusive jurisdiction over the subject and so long as the proceeding is pending before it no action can be taken by any other court." White v. White, 322 Mass. 461, 465 (1947), quoting from Old Colony Trust Co. v. Segal, 280 Mass. 212, (1932). Since the state court has acquired jurisdiction over the case for alleged disclosure of medical information, jurisdiction has already attached in state court. The jury in this court therefore cannot decide the issue of whether a city employee invaded the Plaintiff's privacy, nor can this jury assess damages for such alleged actions.

Further, the issue of whether the Plaintiff is entitled to back pay for an injury sustained in the line of duty has already attached in federal court. The jury in this court therefore cannot decide the issue of whether the Plaintiff is entitled to back pay, nor can this jury assess damages for such alleged actions.

**2.    The Plaintiff cannot prove entitlement to future lost wages.**

The Plaintiff claims entitlement to damages for future loss wages, contending in essence that, had the Defendants not disclosed his medical information, he would have been able to continue working to his retirement age. The Plaintiff has retired under the Public Pension Act's "Accidental Disability Retirement" section based upon a physical injury, and receives 72% of his salary tax free. He intends to seek lost wages for the 28% he contends he would have been able to make, had the City's employees not acted as they did, causing him emotional distress. Since the Plaintiff retired for a physical issue, and the retirement board deemed him unable to physically perform his duties, regardless of whether anyone disclosed his medical information,

the Plaintiff cannot physically perform the duties of a police officer, and therefore is not entitled to future lost wages.

"A fundamental principle on which the rule of damages is based is compensation. Compensation is that amount of money that reasonably will make the injured party whole. Compensatory damages may not exceed this amount. Anything beyond that amount is a windfall." Kattar v. Demoulas, 433 Mass. 1, 15 (2000). Any award for future lost wages based upon emotional distress will make the Plaintiff more than whole, because, due to his retirement for a physical issue, the Plaintiff is not entitled to compensation for a separate alleged emotional incapacity.

## V.    STIPULATED FACTS

1.    The Plaintiff is a retired Lowell Police Officer. The Plaintiff was appointed to the Department on August 27, 1987 as a Permanent Reserve Patrolman.

2.    On February 28, 1988, plaintiff was appointed to the position of Police Officer in the Lowell Police Department, with the rank of patrolman.

3.    On November 4, 1989, the Plaintiff sustained a needle prick injury while searching a suspect.

4.    In 1991 plaintiff tested positive for HIV.

5.    The Plaintiff worked continuously as a police officer until early 2000. The Plaintiff requested leave without loss of pay, pursuant to M.G.L. c.41 §111F in February 2000, based upon the November 1989 incident.

6.    The Plaintiff, through his lawyer, Denise McWilliams, advised the City that he was HIV positive in February 2000. Ms. McWilliams provided this information to Edward F. Davis, Lowell's Superintendent of Police.

7.      After review, the City denied Plaintiff's claim for leave with pay.

8.      Kathryn Tierney is the Human Relations Manager for the City of Lowell.

9.      In September 2005, the Human Relations Office received notification from the Lowell Retirement Board that the Plaintiff had retired.

10.     The Plaintiff received an accidental disability retirement pursuant to M.G.L. c.32, §7.

11.     The Plaintiff filed a lawsuit against the Defendant in 2001 for benefits under M.G.L. c.41, §111F.

## VI.     CONTESTED ISSUES OF FACT

Many issues of contested fact exist, including but not limited to the following:

1.      The City disputes that any City employee discriminated against the Plaintiff;

2.      The City disputes that Edward Davis, Judith Sweet and/or Dennis Cormier improperly disclosed the Plaintiff's medical information, and moreover disputes that they performed any action regarding the Plaintiff with a discriminatory animus;

3.      The City disputes that the Plaintiff contracted HIV in the line of duty;

4.      The City disputes that the Plaintiff applied for a medical leave of absence;

5.      The City disputes that the Plaintiff applied for benefits under the Family and Medical Leave Act;

6.      The City disputes the allegation that the City did not categorize the Plaintiff as an employee on medical leave to discriminate against him.

7.      The City disputes that the Plaintiff is capable of performing his duties with an accommodation;

8.      The City disputes that the Plaintiff ever requested an accommodation;

9.      The City disputes that the Plaintiff has ever received the opinion of a physician stating that he could work with an accommodation;

10.     The City disputes that any City employee ever denied a request on the Plaintiff's behalf for a "wage verification" letter;

11.     The City disputes that any City employee ever denied a request on the Plaintiff's behalf for a "wage verification" letter with the intent of discriminating against the Plaintiff because he is HIV positive;

12.     The City disputes that any employee contacted the City of Lowell requesting a wage verification letter, and disputes that any high authority at the City determined that the Plaintiff was not "sick enough";

13.     The City disputes that it treated the Plaintiff in a different manner than other employees when it administered its benefits plans.

The City reserves the right to amend this list.

**VII.    Jurisdictional Issues**

To avoid duplication, the City directs the court's attention to the section on liability.

**VIII. Issues of Law**

To avoid duplication, the City directs the court's attention to the section on liability.

In addition, the Plaintiff has represented that he does not intend to call an expert witness, yet he has identified his counselor, Gerald Matison, as a witness. Since the Plaintiff has represented that he will not call Matison as an expert, the Court should preclude the Plaintiff from eliciting any opinions from Matison. If the Court is inclined to allow Matison to testify as to his opinion, the Court should provide the City the opportunity to depose Matison and hire its own expert.

Further, the City anticipates objecting to a number of the Plaintiff's exhibits for which he does not intend to lay a proper foundation.

The City reserves the right to present additional issues of law, including evidentiary questions, in the form of objections and motions in limine at the time of trial.

**IX.     Requested amendments to pleadings.**

None at this time. The City reserves the right to amend this section before trial. The City further reserves the right to prove an amended response to this section if the Plaintiff is allowed to amend his pleadings.

**X.     Any additional matters to aid in the disposition of the action.**

None at this time. The City reserves the right to amend this section before trial.

**XI.     Probable length of trial**

The City estimates that the trial will last approximately 5 days.

**XII.     Voir Dire Procedures**

**A.     Questions :**

The City requests that the Court ask the following questions of the venire :

1.     Have you, anyone in your family, or anyone close to you sued a municipality?

2.     Have you, anyone in your family, or anyone close to you ever been sued by a municipality?

3.     Have you ever filed a complaint or sued anyone for discrimination?

4.     Have you ever filed a complaint or sued anyone at the MCAD or EEOC?

5.     Is there anything about the facts the judge summarized for you regarding this case which would prevent or make it difficult for you to be a fair and impartial juror?

6.     Do you belong to or contribute to any civil rights or human rights organizations?

7.     Are you employed by, or have you ever been employed by, any civil rights or human rights organizations?

8.     What is your occupation?

9.     Are you currently employed?  By whom?

10.    Name all former employers and occupations.

12.    What is your spouse's occupation?

13.    Is there any matter that should be brought to the attention of the Court because it would affect your ability to be a fair and impartial juror?

14.     Have you had any personal or professional contact with the City of Lowell, the Lowell Police Department or any member of the Lowell Police Department?

15.    Do you have any physical or medical problems that could make jury duty difficult for you?

16.    Is there any reason whatsoever that you should not serve on this jury, would be unable to do so, or that jury duty would present a serious hardship?

17.    Have you, or anyone close to you, filed a claim or complaint, or sued anyone for a civil service matter?

18.    Have you ever filed a workers' compensation claim, or a claim for benefits based on an injury sustained while working?

19.    Have you ever filed a claim, complaint or lawsuit based upon invasion of privacy or breach of confidentiality?

20.    Have you ever filed a claim, complaint or lawsuit for disclosure of medical records?

21.    What is the highest level of education you have completed?

22.    Have you ever filed a complaint with a law enforcement agency, or had any other involvement with law enforcement?

**B.    The City requests that the Court read the following description of the case to the jury:**

The Plaintiff, an HIV positive male, is a retired Lowell Police Officer. The Plaintiff has filed this lawsuit against the City of Lowell under the Americans with Disabilities Act, alleging that the City discriminated against him on the basis of his HIV status. The City denies that it discriminated against the Plaintiff.

**XIII.  Factual Witnesses:**

1.    Keeper of Records, Lowell Retirement Board, 375 Merrimack Street, Lowell, MA 01852;

2.    Keeper of Records, Public Employee Retirement Administration Commission, 5 Middlesex Avenue, 3rd Floor, Somerville, MA 02145;

3.    Neil Algarin, 1403 Rock Wood Drive, Saugus MA 01906;

4.    Judith Sweet, 2 Sweets Pond Road, Dunstable, MA;

5.    Dennis Cormier, Deputy Superintendent of Police, City of Lowell, 50 Arcand Drive, Lowell, MA  01852;

6.    Edward F. Davis III, Superintendent of Police, City of Lowell, 50 Arcand Drive, Lowell, MA  01852;

7.    William Taylor, Captain of Police, City of Lowell, 50 Arcand Drive, Lowell, MA  01852;

8.    Officer Daniel T. Desmarais, City of Lowell, 50 Arcand Drive, Lowell, MA  01852;

9.    Denise McWilliams, Esq., 99 Magazine St. Cambridge, MA;

10.   Ellen Poster, Esq., 68 Commercial Wharf, Boston, MA;

11. Bernard F. Lynch, City Manager, City of Lowell, 375 Merrimack Street, Lowell, MA 01852;

12. John Cox, former City Manager, City of Lowell, 375 Merrimack Street, Lowell, MA;

13. Keeper of Records, Datastream, P.O. Box 1348 Owasso, OK 74055;

14. Karen Gagnon, Workers Compensation and Claims Agent, 375 Merrimack Street, Lowell, MA 01852;

15. Susan Bordeleau, City of Lowell Police Department, 50 Arcand Drive, Lowell, MA 01852;

16. Keeper of the Records, Massachusetts Commission Against Discrimination, One Ashburton Place, Boston, MA;

17. Keeper of the Records, Commonwealth of Massachusetts Trial Court and Appeals Court, Boston, MA;

18. Stephen Carabis, current address unknown;

19. Kathryn Tierney, Human Relations Manager, City of Lowell, 375 Merrimack Street, Lowell, MA 01852;

20. Robert Desrosiers, 1086 Lakeview Avenue, Dracut, MA 01826;

21. David Novak, address unknown;

22. Sgt. Raymond Richardson, Lowell Police Department, 50 Arcand Drive, Lowell, MA 01852;

23. Daniel Lamarche, Lowell Police Department, 50 Arcand Drive, Lowell, MA 01852;

24. Ted Spanos, 37 Gilmore Street, Dracut, MA;

25. Lauren at Beth Israel Hospital;

26. Keeper of the Records, Blue Cross Blue Shield of Massachusetts;

27.    Rodney Desrosiers, 1403 Rock Wood Drive, Saugus MA 01906.

The City reserves the right to amend this list before trial, and after the Court's resolution of pending motions.

## XIV.    Exhibits

The City reserves the right to amend this list.

A.    Agreed

1.    January 16, 2003 letter from Kathy Tierney to Ellen Poster.

2.    November 4, 1989 police reports regarding the Plaintiff.

3.    November 12, 2003 letter of Dr. Elias Nabbout

4.    May 10, 2000 letter from Judith Sweet

5.    December 7, 2000 letter from Judith Sweet

6.    November 5, 2002 insurance notice

7.    May 11, 2001 COBRA notice

B.    Contested

a.    Letter from Shannon Dowd to Edward Davis, informing Davis that the Plaintiff was awarded accidental disability retirement benefits.

b.    Job description for a police officer.

c.    Documents from Lowell Retirement Board's Accidental Disability file regarding the Plaintiff:

1.    All documents showing that the Plaintiff retired because a regional medical panel certified that he is totally and permanently incapacitated from performing the essential functions of a police officer;

2.    All documents reflecting payments received.

d.      May 22, 2001 letter from Kathy Tierney to the Plaintiff with attachments.

e.      MCAD's lack of probable cause determination.

f.      MCAD's memorandum of dismissal

## XIV.  Preliminary Jury Instructions

The City requests that the Court pre-instruct the jury that they do not have the authority to address the issue of whether the Plaintiff is entitled to benefits under M.G.L. c.41, §111F, nor do they have the authority to decide whether Edward Davis, Judith Sweet or Dennis Cormier unreasonably interfered with the Plaintiff's privacy.  Jurisdiction over those issues have attached in other courts, and this jury is only to consider the issue of discrimination under the ADA.

The City reserves the right to amend this section. The City further reserves the right to submit additional instructions to be read to the jury before deliberation.


July 26, 2006                              **CITY OF LOWELL, DEFENDANT**


                                          /s Kimberley A. McMahon_____
                                          Kimberley A. McMahon, 1st Assistant City Solicitor
                                          BBO #641398
                                          City of Lowell Law Department
                                          375 Merrimack Street, 3rd Fl.
                                          Lowell MA 01852-5909
                                          Tel: 978-970-4050
                                          Fax: 978-453-1510

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing document was served on Rodney D. Desrosiers, 1403 Rock Wood Drive, Saugus MA 01906, via first-class mail, on August 18, 2006.

/s Kimberley A. McMahon
Kimberley A. McMahon, 1st Assistant City Solicitor