UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

Rodney D. Desrosiers,
        Plaintiff                     Civil Action No. 04-11932-NG

vs.

City of Lowell, MA.
        Defendant

PLAINTIFF'S PRE-TRIAL MEMORANDUM

1- **Counsel Information**:

    The plaintiff, Rodney D. Desrosiers, is Pro Se in this matter. The plaintiff's resides at 1403 Rock Wood Drive, Saugus Massachusetts, 01906. The plaintiff's telephone number is 978-884-9832.

2- **Trial Information**

The plaintiff requests a jury-waived trial on all matters. The Defendant has informed me that they will request a jury trial.

3- **Plaintiff's assertive positions with respect to liability and damages**

The plaintiff expects the evidence in this case to show that the plaintiff's attorney (Denise McWilliams) in a private meeting with Chief Edward Davis on February 21, 2000 requested a medical leave of absence for the plaintiff due to physical complications of the HIV virus. During this same meeting Attorney McWilliams applied for benefits for the plaintiff under M.G.L. chapter 41, section 111F, since the cause of the plaintiff's disability was a needle stick injury that occurred in the line of duty on November 4, 1989. Attorney McWilliams requested, and received assurances from Chief Davis, that the plaintiff's medical condition would remain confidential with only a limited number of individuals informed who had a strict need to know in order to process the plaintiff's 111F application. According to Chief Davis in his deposition, only he, the Law Department (including Judith Sweet) and the City Manager had a need to know of the plaintiff's specific medical condition.

   The evidence will show that prior to Chief Davis being informed of the plaintiff's HIV medical condition by Attorney McWilliams, members of the Lowell Police Department had no knowledge that the plaintiff was HIV positive. Jose Rivera, a police officer in the City of Lowell, has provided an affidavit to the Attorney Ellen Poster that confirms the fact that within one week after Chief Davis learning of the plaintiff's medical condition of being HIV positive, the information became well known throughout the Lowell Police Department. Depositions taken in the plaintiff's legal matters reveal that Chief Davis informed Deputy Cormier, who did not have a need to know, and that Deputy Cormier informed Lt. William Busby, who did not have a need to know, and that Judith Sweet, the workers compensation agent for the City of Lowell, informed Sgt. David Abbott, who also did not have a need to know. These disclosures were in violation of the City of Lowell's medical confidentiality policy. The City of Lowell thereafter, when notified by the plaintiff's Attorney of the violations of the plaintiff's medical privacy, refused to adequately investigate the breech of the plaintiff's private medical information and refused to discipline anyone involved in the improper dissemination of the plaintiff's medical information.

   From the time of the plaintiff's appointment as a police officer in 1987, until the time his employer became aware of his disability on February 21, 2000, the plaintiff had been well regarded and received numerous commendations, citations and awards during the course of his employment. The evidence will show that the plaintiff has never had any grievances with his employer or disputes with his co-workers from 1987 to 2000, and that it was only after the plaintiff's HIV status was disseminated, and followed by a series of adverse employment actions after February 21, 2000, that the plaintiff initiated complaint proceedings against his employer for the first time in his career.

   On or about May 17, 2000 Copeland Companies representative Neil Butkha notified the plaintiff via answering machine message that the Lowell Police Department would not cooperate in providing a wage certification letter needed by the plaintiff to make an emergency withdrawal of funds from his 457K account. Neil Butkha later then informed the plaintiff in a telephone conversation the next day that a "high authority" in the Lowell Police Department had refused to cooperate in providing the needed documentation for the plaintiff, with the "high authority" stating that the plaintiff "was not injured enough". The plaintiff is in possession of this tape-recorded message left on his answering system and will be providing it as evidence in this case. Deputy Cormier testified in his deposition on December 4, 2001 that the Finance Department of the Lowell Police Department was under his control in May 2000. Deputy Cormier, when asked in his deposition if he was the person who spoke to Copeland Companies replied, "I don't remember" and then went on to say "that doesn't mean it didn't happen, I just don't remember". Daniel Demarais, the nephew-in-law of Deputy Cormier, who was the Finance Officer for the City of Lowell in May 2000, has stated in a deposition that it would be an unusual practice for the Lowell Police Department to refuse such a routine request as that desired by the plaintiff.

   The Plaintiff filed a complaint against the Lowell Police Department with the Massachusetts Commission against Discrimination (hereafter MCAD) on

August 21, 2000 (MCAD Docket # 00132550). The plaintiff contended in his complaint that the Lowell Police Department had taken adverse employment actions against the plaintiff, based on his disability, when they disclosed the plaintiff's HIV medical status to co-workers who did not have a need to know, and when they refused to provide the plaintiff with a wage certification letter for Copeland Companies. The plaintiff contends that other employees who have taken medical leave with personal and sensitive medical conditions have not been subject to this same adverse treatment and that wage certification letters are routinely provided to other employees.  T

In February 2001 the plaintiff exhausted his accumulated sick leave time and no longer received a weekly income from the City of Lowell. Massachusetts General Law, chapter 32B, § 7A, states that municipal employees on unpaid medical leave status are only required to pay 50% towards their monthly health insurance premium, with the employee's municipality paying the other 50%. The City of Lowell has acknowledged that they have accepted the acts of M.G.L. chapter 32B, § 7A. The City of Lowell disregarding this benefit allowable to the plaintiff instead placed the plaintiff on coverage under the Consolidated Omnibus Budget Reconciliation Act (hereafter COBRA) that required the plaintiff to pay 102% of his health insurance premium from approximately June 2001 to approximately December 2002. In approximately December 2002 the plaintiff became aware of his rights in regards to his health insurance benefits and had his Attorney, Ellen Poster, contact the Human Relations Office of the City of Lowell and inform Kathy Tierney, the Human Relations Manager, of the existence of M.G.L. Chapter 32B, Section 7A, subsection (b). After this notification from the plaintiff's attorney, the City of Lowell agreed to place the plaintiff on benefits under M.G.L. Chapter 32B, Section 7A, but refused to pay 50% of the plaintiff's monthly health insurance premium as required by law. The City of Lowell has attempted to justify their refusal by stating that the plaintiff was not on a medical leave of absence, but instead, "absent without pay", which would be in conflict with Chief Davis's approval of a medial leave of absence status for the plaintiff, and the City of Lowell's previous admissions in MCAD pleadings that the plaintiff was on a medical leave of absence.

The plaintiff filed a second complaint on March 31, 2003 with the Massachusetts Commission against Discrimination for retaliation and discrimination in regards to the actions of his employer as it related to the plaintiff's health insurance coverage (Docket # 03BEM01030). The MCAD subsequently allowed the retaliation complaint to go forward and merged that complaint into MCAD Docket # 00132550.

In November 2004, Massachusetts Superior Court Justice Geraldine Hines found in favor of the Plaintiff, after trial, and ordered that the City of Lowell provide the plaintiff benefits under M.G.L. Chapter 41, §111F. The City of Lowell, in disregard to the order of Judge Hines, continued to refuse to provide the plaintiff 111F benefits and instead choose to appeal the courts decision, and limit their liability by arguing to the court in a "Motion for Amended Findings and Conclusion of Law" that the plaintiff could not prove incapacitation from February 2000 to November 2003, this despite the City of Lowell's own acknowledgment in

3

pleadings at MCAD that they had "proof" from the Plaintiff's physicians letter that the plaintiff was incapacitated during this same time period. The plaintiff will present evidence in this matter to show that while he is being denied benefits under M.G.L. chapter 41, §111F, several other police officers continued to receive 111F benefits, even though Chief Davis himself, as quoted in a Lowell Sun Newspaper article, stated that there were police officers receiving 111F benefits that probably should not be. The evidence will show that the City of Lowell provided 111F benefits for extended periods of time to police officers the City believed had "suspect" injuries, and who failed to show up for medical evaluations by the City physician, but refused to provide the plaintiff 111F benefits despite Judge Hines order, and despite a separate decision by the Public Employees Retirement Administration Commission which also concluded that the plaintiff's incapacitation was the natural and proximate result of a needle stick injury which incurred in the line of duty at a specific time and place.

The adverse actions of the City of Lowell have caused the plaintiff to suffer lost back wages of approx. $220,000, lost benefits of approx. $60,000, lost future wages of approx. $440,000, a loss of $42,000 in a cancelled life insurance policy, and the loss of approx. $15,000 (from taxes) from having to prematurely access his 457K account. The plaintiff also has also suffered legal expenses of approx. $30,000 due to the adverse employment actions of the Defendant. Furthermore, the plaintiff testify as to the emotional distress he has suffered due to the actions of the City of Lowell, for which he sought therapy with Gerald Matison, LICSW II for an approximate two year period. The plaintiff will seek monetary damages determined by a jury or judge as reasonable for this emotional distress.

**4- Facts of the case established by pleadings, stipulations, or admissions**

The parties stipulate to the following:

1- The Plaintiff is a retired Lowell Police Officer. The Plaintiff was appointed to the Department on August 27, 1987 as a Permanent Reserve Patrolman.

2- On February 28, 1988 plaintiff was appointed to the position of Police Officer in the Lowell Police Department, with the rank of patrolman.

3- On November 4, 1989, the Plaintiff sustained a needle prick injury while searching a suspect.

4- In 1991 plaintiff tested positive for HIV.

5- The Plaintiff worked continuously as a police officer until early 2000. The Plaintiff requested leave without loss of pay, pursuant to M.G.L. ch. 41 §111F in February 2000, based upon the November, 1989 incident.

2- The City of Lowell, in violation of their own policies, failed to adequately investigate the improper release of the plaintiff's medical information when they became aware of the breech, and also failed to discipline any employee(s) who were responsible for the improper dissemination of the plaintiff's HIV medical status. This failure/refusal on the part of the City of Lowell to enforce their own policies created an adverse term of employment for the plaintiff based on his disability, and constituted retaliation for the filing of a previous claim of discrimination with the Massachusetts Commission against Discrimination against the defendant.

3- The City of Lowell's refusal to provide the plaintiff a wage certification letter, as requested by Copeland Companies on behalf of the plaintiff, was an adverse employment action motivated by the plaintiff's HIV status.

4- The City of Lowell's continued refusal to provide the plaintiff benefits under M.G.L. Chapter 41, §111F, after a Massachusetts Superior Court Judge ordered them to do so, and after a majority of physicians appointed by the Public Employee's Retirement Commission (PERAC) found that the plaintiff was incapacitated from the HIV virus, and that such incapacitation was a natural and proximate injury incurred in the line of duty, was an adverse employment action motivated by the plaintiff's HIV status, and also constituted retaliation for the plaintiff's filing of a previous discrimination claim with the Massachusetts Commission against Discrimination against the Defendant.

5- The City of Lowell's refusal to abide by M.G.L. Chapter 32B, §7, which would have allowed the plaintiff the benefit of only being responsible to pay 50% of his health insurance premium, with the City of Lowell being required to pay the other 50%, was an adverse employment action based on the plaintiff's HIV status, as well as in retaliation against the plaintiff for the filing of a previous discrimination claim with the Massachusetts Commission against Discrimination against the Defendant.

6- The City of Lowell's refusal to acknowledge the plaintiff's employment status as "unpaid medical leave" from February 2001 (when the plaintiff's accumulated sick time expired) to the time of the plaintiff's retirement in September 2005, was an adverse employment action based on disability discrimination, and also constituted retaliation against the plaintiff for his filing of a previous discrimination claim with the Massachusetts Commission against Discrimination against the Defendant.

7- The improper release of the Plaintiff's HIV status created a hostile work environment for the plaintiff, such that, even if the plaintiff was able to return to work in the future with "reasonable accommodations", which could include light duty assignment as offered to other disable employees, such a hostile work environment created made such return impossible.

8- The City of Lowell had the ability under *Hayes vs. City of Revere, 24 Mass. App. Ct. 671* to rely upon the report of the medical panel appointed by the Public Employment Retirement Administration Commission to satisfy their obligations under Chapter 41, section 111F since the court found that the determinations to be made in considering the plaintiff's application for benefits under Chapter 41, §111F, and for an accidental disability retirement under G.L. chapter 32, §7(1) are substantially the same, if not identical.

6- **Jurisdictional questions**:

Both the Plaintiff and the Defendant are located in the jurisdiction of the United States District Court, District of Massachusetts. This court has proper original jurisdiction over this action pursuant to 28 U.S.C. §1331 as the claims herein raise federal questions of violations of the Americans with Disabilities Act. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all claims arising under the laws of the Commonwealth of Massachusetts, specifically discrimination laws covered under chapter 151B.

7- **Issues of Law**

The following are issues of law that may be raised by the Plaintiff:

a. Whether the defendant violated Federal Discrimination statues (Americans with Disability Act) when they committed the actions detailed in #1-8 listed above in the "contested issues of fact".
b. Whether the defendant violated Massachusetts General Law, Chapter 151B, §4, p.16 when they committed the actions detailed in #1-8 listed above in the "contested issues of fact".
c. Whether the defendant violated Massachusetts General Law, Chapter 151B, §4, p.4 when they committed the actions detailed in #4-6, and #8 listed above in the "contested issues of fact"
d. Whether the defendant's refusal to recognize the Massachusetts Appeals Court decision of *Hayes vs. City of Revere, 24 Mass. App. Ct. 671*, was motivated by disability discrimination against the plaintiff and/or in retaliation against the plaintiff for his filing of a previous claim with the Massachusetts Commission against Discrimination against the Defendant.
e. Whether the plaintiff as a retired employee can bring suit for denied access to fringe benefits due to disability-based discrimination. The plaintiff will argue that the decision in *Iwata v. Intel Corp.*, 349F. Supp2d. 135, 146-47 (D. Mass 2004) allows him to do so.
f. Whether the plaintiff is precluded from arguing he is a "qualified employee with reasonable accommodations" for discrimination matters, while arguing he is eligible for benefits under workers compensation and/or retirement statues will be an issue at trial. The plaintiff will argue that the Federal and State courts have ruled that because of different standards in the laws an employee is

not precluded from arguing both "qualified employee" for discrimination matters, while arguing "disabled" for benefit purposes, finding it is best determined on a case-by-case analysis *Cleveland V. Policy Management Systems Corp* , United States Supreme Courts, May 24.1999, and *Russell v. Cooley Dickerson Hospital, Inc, et al,* (Massachusetts Supreme Court Ruling, August 2002). The different standards of law contained within M.G.L. Chapter 41, §111F, M.G.L. Chapter 32, §7 and M.G.L. Chapter 151B will therefore be an issue at trial.

    g. What the standards for benefits are under M.G.L. chapter 32B, §7A (health insurance premiums) will be an issue at trial.

    h. Whether a medical leave of absence or light duty assignment can constitute a "reasonable accommodation" will be an issue at law. The plaintiff will argue that the decisions in *Cehrs v. Northeast Ohio Alzheimer's Reseach Center* 155 F.3d 775 (6th Cir 1998) and *Ward v. Massachusetts Health Research Institution, Inc* (First District Federal Appeals Court No. 99-1651), support his contention that no presumption should exist that uninterrupted attendance is an essential job requirement, for purposes of determining whether a leave of absence can constitute a reasonable accommodation and that "reasonable accommodations" of desk duty have been a past practice of accommodations afforded to other disabled police officers.

    I. Whether the creation of a hostile work environment can create a cause of action under M.G.L. c. 151B Section 4 (16) and Federal Discrimination Laws (Americans with Disability Act).

    j. Whether the plaintiff is disabled within the meaning of Federal Discrimination Laws and Massachusetts Discrimination Laws will be an issue at trial. The plaintiff will argue that case laws has determined that individuals with HIV disease come under the protection of both Federal and State discrimination laws *(Abbott v. Bragdon,* United States Supreme Court, No. 97—156) and Massachusetts Commission against Discrimination guidelines.

## 8- Amendments to the pleadings

The plaintiff has none at this time.

## 9- Additional matters to aid in disposition of case

The Defendant should be precluded from making any argument that would contradict their pleadings before the Massachusetts Commission against Discrimination.

## 10- Probable length of trial

The plaintiff anticipates that the trial will last 5 days

8

11- **Voir dire procedures**

The Plaintiff would request the court utilize the following voir dire questions at the trial on the above-captioned matter.

1- What is your occupation?

2- Are you currently employed? by whom?

3- Name all former employers and occupations.

4- If you were selected as a juror in this case do you know any reason why you could not sit as an impartial juror?

5- Have you ever been a defendant in a legal suit?

6- Have you ever been a plaintiff in a legal suit?

7- Have you, anyone in your family, or anyone close to you ever been to jail or prison?

8- Do you have any bias against individuals who are HIV positive? And if so, would this bias interfere with your ability to be impartial in a case involving an HIV positive plaintiff?

9- Are you a member, or have you been a member of a labor union?

10- Do you feel that employees who believe that they have been treated unfairly have a right to bring suit against their employer?

11- Are you concerned that your taxes may go up a plaintiff wins a case against the city or town you live in? If so, would that affect your impartiality in the case?

12- Do you reside in or near the City of Lowell?

12. **Witnesses and purpose of testimony**

**Chief Edward Davis, 169 Sanders Ave, Lowell MA.**- Has factual knowledge of the meeting with Attorney McWilliams and knowledge of the conversation with Dennis Cormier in which Cormier stated Davis confirmed the plaintiff's medical status. Davis also has knowledge of any investigation concerning the release of the plaintiff's medical information, including, but not limited to, his conversation with Thomas Sweeney. Davis has knowledge of employment benefits available to Police Officers, including 111F benefits that have been allowed to other officers. Davis also has knowledge of abuses of 111F benefits by provided to Lowell Police Officers.

**Dennis Cormier, 67 Delaware Ave, Lowell MA**- Cormier has knowledge of the disclosure of the plaintiff's private medical information. Cormier also has knowledge of 111F benefits that were paid to him by the City of Lowell for injuries he claimed were suffered in the line of duty. Cormier also has knowledge concerning the refusal of the wage certification letter sought by the Plaintiff.

**William Busby, 23 Old farm Road, Chelmsford MA**- Busby has knowledge of the plaintiff's private medical information being disclosed by Dennis Cormier, has knowledge of the plaintiff's work history, knowledge of other officers utilization of 111F benefits, and knowledge of the hostile work environment created by the plaintiff's action.

**David Abbott (deceased)**- Abbott's deposition demonstrates that Judith Sweet informed him of the plaintiff's medical condition, and that he then informed Chief Davis of Judith Sweet's actions.

**Jose Rivera, 32 Mullen Lane, Dracut MA**- Rivera has knowledge concerning the release of the plaintiff's medical information within the Lowell Police department and the subsequent hostile work environment that followed such release.

**Daniel Demarias, 50 Arcand Drive, Lowell MA**- Demarias has knowledge concerning the practice of the City of Lowell in granting employee's a wage verification letters.

**Maria Ayala, 41 Stuart Ave. Dracut MA**- Has knowledge concerning the release of the plaintiff's medical information in the Lowell community by members of the Lowell Police Department.

**Gerald Matison, 2 Dundee Park, Andover MA (Expert Witness)**- Matison has knowledge of the emotional injury suffered by the plaintiff due to the actions of the Defendant.

**Denise McWilliams, 99 Magazine St. Lowell MA**- McWilliams has knowledge of the meeting of February 21, 2000 with Chief Davis, and knowledge of the plaintiff's application for 111F benefits.

**Judith Sweet, 4 Sweets Pond Way, Dunstable MA**- Sweet has knowledge of the disclosure of the plaintiff's medical information and knowledge of issues around the plaintiff's 111F application.

**John Cox, 144 Butman Rd. Lowell MA**- Cox has knowledge of employment benefits that were denied to the plaintiff, and knowledge of benefits that were allowed to other officers under "suspect" circumstances.

**Kathy Tierney, 375 Merrimack St. Lowell MA**- Tierney has knowledge of employment benefits available to City of Lowell employees and knowledge of City of Lowell and Lowell Police Department policies.

**Karen Gagnon, 375 Merrimack St Lowell MA**- Gagnon has knowledge of issues around 111F benefits.

**Rodney Desrosiers, 1403 Rock Wood Drive, Saugus MA**- The plaintiff has knowledge of all the matters involved in this complaint.

**Keeper of the Records, Massachusetts Commission against Discrimination, 1 Ashburton Place, Boston, MA.**- Has knowledge of pleadings made in the plaintiff's complaints before the MCAD.

**Keeper of the Records, Suffolk Superior Court, 3 Pemberton Sq. Boston, MA**- Has possession of the pleadings made in the plaintiff's civil action # 01-0843F

**Keeper of the Records, City of Lowell 375 Merrimack St, Lowell MA**- Has possession of City of Lowell policies and procedures, and possession of applications for benefits submitted by the plaintiff.

**Keeper of the Records, Lowell Retirement Board, 375 Merrimack St, Lowell, MA**- has possession of the records of the plaintiff's accidental retirement approval under M.G.L. Chapter 32, section 7.

All witnesses identified, named or called by the Defendant.

13- **Exhibits**

Please see attachment #1

14- **Jury instructions**

The plaintiff would request:

1) That the jury be advised of the different standards in the laws as they apply to employees arguing both "qualified employee" for discrimination matters, and arguing "disabled" for benefit purposes.

2) That the jury be advised that "reasonable accommodations" could make an otherwise disabled employee a "qualified employee" for discrimination matters.

3) That the jury be advised to consider if the release of ones HIV status to co-workers would be an adverse employment action.

4) That the jury be advised of what could constitute a hostile work environment.

11

5) That the jury be advised that if the Defendant has made false statements in pleadings concerning this matter that the jury could infer that such false statements could be a "pretext" for discrimination.

6) That the court include any other instructions to the jury which the court feels will best allow the jury to come to a fair decision based on the facts presented in the case.

7) That the court include any other instructions to the jury which the court determines would best explain the mechanics of the jury process, including how the jury is to deliberate, and explain to the jury how to apply the evidence to the appropriate rule of law, and how they are to arrive at a verdict.

15- **Disk accompanied by self-addressed envelope**

Enclosed with this pretrial memo


August 18, 2006

Respectfully Submitted;

Rodney D. Desrosiers
1403 Rock Wood Drive
Saugus, MA 01906
978-884-9832


## CERTIFICATE OF SERVICE

I hearby certify that a true copy of the foregoing document was served via first class mail upon the defendants attorney, Kimberly McMahon, City of Lowell Law Department, 375 Merrimack Street, Lowell, MA. 01852 on August 18, 2006

Rodney D. Desrosiers (Pro Se)