**United States District Court**



**FOR THE DISTRICT OF MASSACHUSETTS**

Rodney D. Desrosiers,
                    Plaintiff                          Civil Action

v.
                                                       NO.  04-11932-NG

City of Lowell, MA.
                    Defendant


## Plaintiff's Motion for Reconsideration Regarding Document Request #14 of the Plaintiff's "Motion to Compel Discovery from the Defendant"

Now comes the Plaintiff in the above reference matter and respectfully

request that this honorable court reconsider it decision of March 31, 2006 relating

to document discovery request #14.  The plaintiff states the following in support

of this reconsideration motion:


In **document request #14** the Plaintiff sought the report(s) of City Solicitor

Christine O'Connor, or any other city employee, which concern issues

surrounding City of Lowell employees utilizing benefits under M.G.L. chapter 41,

section 111F (hereinafter 111F benefits).  The City Solicitor (whose office

reviews 111F applications) wrote a report in April 2005 that contained

recommendations for changes in policy for 111F claims in the City of Lowell.

Similar reports were generated in 1999 and 2003, as reported by the Lowell Sun

newspaper.  Additional reports that also provided recommendations on changing

the current policies of the City of Lowell around 111F benefits may have been

generated by other City of Lowell employees (Police Chief and City Manager) in 2006. The Defendant has argued that the 2005 report is protected by Attorney-Client privilege and has stated they have no knowledge of the reports of 1999 and 2003. The 2006 report(s) were only recently generated and were not included in the Plaintiff's motion to compel or discussed at the hearing. The reports in question were generated at the request of the Lowell City Council that sought recommendations on changes to City of Lowell personnel policies around 111F benefits.

The Plaintiff seeks these reports, as they are relevant to his claim that he was subjected to adverse and disparate treatment concerning 111F benefits, which the Plaintiff believes was based on disability discrimination. As an example of this disparate treatment, and thus prove the relevance of these reports to the plaintiff case, the plaintiff highlights for this court the issue below in regard to the disparate treatment:

In briefs before the Massachusetts Appeals Court the City of Lowell has argued that the Plaintiff should not be entitled to 111F benefits if the plaintiff is only partially disabled and capable of performing any one function of his duties. This argument is made despite the fact that City of Lowell policy, past practices, and contractual union obligations, all require that 111F benefits be granted to Officers whether they are totally or partially incapacitated. The City of Lowell, therefore, has demonstrated by their argument to the court that they are requiring the Plaintiff be held to separate terms of employment from all other co-workers,

since they argue if the plaintiff can do any <u>one</u> function of his duties he should

not be entitled to 111F benefits, however contrary to the City of Lowell policy for

all other police officers that may be. (<u>See</u> exhibit #1) In fact, there has been

much public controversy in the City of Lowell about possibly changing the

policies around 111F benefits after numerous newspaper articles reported on

officers working second jobs while receiving 111F benefits. These newspaper

articles over the past several years have been the catalyst for the numerous

reports commissioned by the City of Lowell that the Plaintiff now seeks in

discovery.

> *"Union contract provisions and city regulations prevent injured officers from returning to work until they are 100 percent fit for duty" (Lowell Sun 3/20/2006)*

> *"Davis {Chief of Police} wants to add new initiates to encourage officers to come back to work safely and quickly. Under his plan, officers might be able to do light office work like answer phones and fill out paperwork. Davis' changes would require mid-term negotiations in the police union contract". (Lowell Sun 8/10/2006)*

> *"Officers on injury leave have built homes, and condominiums, opened a restaurant, trained police officers in the police academy, and missed required doctors appointments" (Lowell Sun 8/10/2006)*

> *"Several Lowell Police Officers have drawn controversy by running construction businesses while on injury leave-an activity that, while not currently barred by the City, is seen as some as an abuse of the system" (Lowell Sun 8/26/2006)*

Now, in stark contrast to the above articles about how the 111F policy is

implemented in regards to the plaintiff's co-workers, the City of Lowell has stated

to the Massachusetts Appeals Court that the 111F policy as it applies to the

Plaintiff is as follows:

3

> *An officer, however, is not "incapacitated for duty" if he is medically capable of performing one of the duties within the job description of a police officer. If an officer is not incapacitated from performing any one of the job duties to which he might be legally assigned, he must perform that duty or forfeit his right to pay under M.G.L. c. 41 111F. Similarly, if an officer can work light duty, he is not entitled to pay under M.G.L. c. 41 s. 111F.    (City of Lowell legal brief (pages 15-16), filed with the Massachusetts Appeals Court on August 16, 2006) (See Exhibit #1)*

Since it is evident that the City of Lowell has held the Plaintiff to separate and adverse terms of employment, that is, a policy that denies the plaintiff 111F benefits if he can perform <u>one</u> duty of his job, while maintaining a separate policy, that allows 111F benefits to all other officers until such time they can perform 100% percent of their duties, it becomes important that the Plaintiff be allowed copies of all reports that deal with these issues.  In the court's oral ruling at the motion to compel hearing, Judge Bowler only required that the minutes of the May 3, 2005 City Council meeting be provided to the Plaintiff.  These minutes provide little substance as to what is in the actual 2005 report itself and do not list the recommendations suggested by the City Solicitor.  The minutes do demonstrate, however, that the report appears to have been discussed in open forum at the Lowell City Council meeting and, therefore, any supposed claim of attorney-client privilege would be waived.  Furthermore, Judge Bowler's ruling does not take into account the most recent reports from 2006 that also deal with recommendations on making changes to the 111F system in the City of Lowell (these reports were generated after the motion to compel hearing).

## REQUEST FOR HEARING

The Plaintiff would like to respectfully request a hearing on this motion for reconsideration.

4

November 14, 2006

Respectfully Submitted:
Rodney D. Desrosiers  (pro se)

1403 Rock Wood Drive
Saugus, MA 01906
978-884-9832

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served via first
class mail upon the Defendants attorney, Kimberly McMahon, City of Lowell Law
Department, 375 Merrimack Street, Lowell, MA. 01852 on November 14. 2006.

Rodney D. Desrosiers (Pro Se)

# Exhibit #1

burden of proof to the City on any element of Doe's claim. See M.G.L. c. 41, § 111F. Doe therefore bore the burden of proving incapacity, and since the record establishes that he requested benefits in February 2000, he bore the burden of proving incapacity at all times, beginning in February 2000.

Nothing in the record proves that Doe was incapacitated in February 2000 under the standards for incapacity for M.G.L. c. 41, § 111F. If a police officer "is incapacitated for duty because of an injury · sustained in the performance of his duty without fault of his own ... he shall be granted leave without loss of pay for the period of such incapacity." M.G.L. c. 41, § 111F. An officer, however, is not "incapacitated for duty" if he is medically capable of performing one of the duties within the job description of a police officer. Newton Branch of the Massachusetts Police Ass'n v. City of Newton, 396 Mass. 186, 192, n.9 (1985). If an officer is not incapacitated from performing any one of the duties to which he might be legally assigned, he must perform that duty or forfeit his right to pay under M.G.L. c. 41, § 111F. Id. at 192. Similarly, if an officer can work light duty, he is not entitled to pay

15

under M.G.L. c. 41, § 111F. Januskiewicz v. Board of Selectmen of Shirley, 17 Mass. App. Ct. 1037, 1038 (1984).[3] See also O'Donovan v. City of Somerville, 41 Mass. App. Ct. 917, 918 (1996).

The earliest evidence of medical incapacity is Dr. Libman's April 20, 2000 letter which states simply that Doe was unable to perform the tasks required of a police officer due to a chronic medical condition. Ex. p.70. Dr. Libman's letter, however, fails to analyze Doe's alleged incapacity under the standards for injury pay under M.G.L. c. 41, § 111F, and is clearly inadequate to prove incapacity by a preponderance of the evidence. Dr. Libman's 3-line opinion does not state that he performed his evaluation for the purposes of incapacity benefits pursuant to M.G.L. c. 41, § 111F, and he fails to support his conclusion with any reasoning or information whatsoever, so there is no evidence that he applied the proper standard for incapacity benefits, in which the doctor must address a police officer's ability to perform any duties of a police officer. Dr. Libman's letter is void of any

---

[3] Doe argues that it is undisputed that the City does not offer light duty. However, the record fails to show that Doe ever requested light duty as a reasonable accommodation, nor that the City refused to accommodate him.

16