UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **RODNEY D. DESROSIERS,**  )<br>    **Plaintiff**    )<br>              )<br>**V.**            )<br>              )<br>**CITY OF LOWELL, MA.**   )<br>**POLICE DEPARTMENT**    )<br>    **Defendant**    ) | **C.A. NO. 04-11932-NG (SEALED)** |

**DEFENDANT'S MOTION IN LIMINE**
**TO PRECLUDE EVIDENCE REGARDING CLAIMS FOR WHICH THE**
**PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES**

The Court should preclude evidence regarding the claims in the Plaintiff's complaint that he failed to pursue in accordance with the administrative remedies available to him. To bring an action in federal court for violation of the ADA, Plaintiffs must first exhaust administrative remedies at the EEOC or a comparable state agency. Bonilla v. Nuebles J.J. Alvarez, Inc., 194 F.3d 275, 277 (1st Cir. 1999). In order for the exhaustion requirement to fulfill its purpose, the Plaintiff must exhaust each claim of discrimination. Davis v. Lucent Tech., Inc., 251 F.3d 227, 231 (1st Cir. 2001). Absent compelling circumstances, failure to exhaust administrative remedies in an ADA case is fatal. Bonilla, 194 F.3d at 277.

The Plaintiff's complaint alleges three theories of disparate treatment: (1) he was treated differently from another employee who had received benefits pursuant to M.G.L. c.41, §111F; (2) he was treated differently from employees who have requested documentation to withdraw money from a 457K fund; (3) he was treated differently from other employees who have revealed their medical conditions to the police department. While the Plaintiff previously filed certain claims before the Massachusetts Commission Against Discrimination, the Plaintiff,

however, failed to file a complaint before the EEOC or any other agency of competent jurisdiction regarding his claim that he was treated differently from another employee who had received benefits pursuant to M.G.L. c.41, §111F. His complaint fails to allege any fact showing that he exhausted the administrative remedies available to him on this claim, and the Plaintiff has not provided the City any documents showing that pursued any administrative remedy regarding this claim. Accordingly, since the Plaintiff failed to exhaust his administrative remedies, the Court should preclude the Plaintiff from presenting any evidence in support of the Plaintiff's claim that he was treated differently from other employees who had received benefits pursuant to M.G.L. c.41, §111F.

May 18, 2007                                  Respectfully submitted,

                                              **CITY OF LOWELL. DEFENDANT**


                                              /s Kimberley A. McMahon
                                              Kimberley A. McMahon, 1st Assistant City Solicitor
                                              BBO #641398
                                              City of Lowell Law Department
                                              375 Merrimack Street, 3rd Fl.
                                              Lowell MA 01852-5909
                                              Tel: 978-970-4050
                                              Fax: 978-453-1510

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document, was filed through the Electronic Case Filing System for filing and electronic service to the registered participants as identified on the Notice of Electronic Filing on May 18, 2007.

                                              /s Kimberley A. McMahon
                                              First Assistant City Solicitor