## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **RODNEY D. DESROSIERS,** | ) | **C.A. NO. 04-11932-NG (SEALED)** |
| **Plaintiff** | ) | |
| | ) | |
| **V.** | ) | |
| | ) | |
| **CITY OF LOWELL, MA.** | ) | |
| **POLICE DEPARTMENT** | ) | |
| **Defendant** | ) | |

## DEFENDANT'S MOTION IN LIMINE TO
## EXCLUDE EVIDENCE REGARDING THE COMMONWEALTH OF
## MASSACHUSETTS' TRIAL COURT'S DECISION REGARDING THE PLAINTIFF'S
## LAWSUIT FOR BENEFITS UNDER M.G.L. c. 41, §111F

### I.    Introduction

Now comes the Defendant and requests that the Court preclude the Plaintiff from presenting evidence regarding the State Court's decision regarding the Plaintiff's separate lawsuit for benefits pursuant to M.G.L. c.41, §111F. As grounds therefor, and more fully explained below, the State Court's decision is currently pending appeal. In addition, the decision is irrelevant, prejudicial, misleading.

### II.    Background

The Plaintiff alleges in his Amended Complaint that he is unable to perform his job duties due to a medical condition, and that he is entitled to "injury in the line of duty" benefits pursuant to M.G.L. c.41, §111F, which mandates that employers pay police officers who are incapacitated for duty because of an injury sustained in the performance of his duty. The Plaintiff filed a lawsuit against the City of Lowell in state Court seeking benefits pursuant to M.G.L. c.41, §111F, and the Plaintiff prevailed at trial. The matter is currently pending appeal before the Massachusetts Appeals Court. See Amended Complaint, ¶¶ 4, 6, 7, 31, 32, 34, 35. The Plaintiff's

complaint also alleges, as a theory of disparate treatment, that he was treated differently from other employees who had received benefits pursuant to M.G.L. c.41, §111F.

**III.**   **Argument**

**A.**   **The State Court's Decision is Irrelevant And Accordingly Inadmissible At Trial.**

The Commonwealth of Massachusetts' Trial Court's Decision relative to the Plaintiff's trial for benefits under M.G.L. c.41, §111F is irrelevant to the Plaintiff's claim of discrimination in this lawsuit because the decision does not in any way relate to the issue of whether the Defendant discriminated against the Plaintiff in violation of the ADA. Relevant evidence is evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. "Evidence which is not relevant is not admissible." Fed.R.Evid. 402.

The state trial court's decision is clearly not relevant and has no probative value whatsoever because admission of the decision will not help the jury determine whether the Plaintiff has proven the elements of his discrimination claim against the Defendant. The Plaintiff would have had the opportunity to file suit for discrimination, regardless of the outcome of his state court trial. In other words, had the Plaintiff lost his case, he could still file a lawsuit for discrimination based upon the manner in which he was treated while seeking benefits under M.G.L. c.41, §111F, because such a loss would not relieve the Defendant's obligation to act in accordance with the standards set forth in the ADA. The state court decision only shows that another tribunal deemed the Plaintiff entitled to injury benefits for a limited period of time; the decision does not show that the Defendant performed any action relative to its decision to deny benefits with a discriminatory animus, for the Plaintiff presented no such issue before that

tribunal. Therefore, the Plaintiff does not need any evidence of the state court's decision to pursue or even prevail in the instant case before the Court.

The Court should exclude the evidence concerning the state court's decision because it is not evidence that makes the existence of any fact at issue more or less probable. Relevant evidence is evidence that makes the existence of any fact at issue more or less probable. See Huddleston v. United States, 485 U.S. 681, 687, 108 S. Ct. 1496, 1500, 99 L.E.2d. 771 (1988). "Relevancy is not an inherent characteristic of any item of evidence, but exists only as a relation between an item of evidence and a matter properly provable in the case." Huddleston, 485 U.S. at 689, 108 S.Ct. at 782, citing Advisory Committee notes on Fed.R.Evid. 401, 28 U.S.C. App., p. 688.

The evidence regarding the state court's decision merely shows that the state court judge found that the Plaintiff met, in part, his burden of proving entitlement to injury benefits. Evidence of that decision does not make the facts at issue in this case more or less probable because the decision does not tend to prove or disprove the Plaintiff's allegations of discrimination. The state court trial did not address any of the issues of discrimination in the case at bar.  Hence, the state court decision cannot make the facts currently at issue more or less probable because the court that rendered the decision regarding §111F was not charged with the duty of determining the same issues in this case. Further, the state court did not even have the opportunity to determine whether or not the Defendants acted appropriately, without a discriminatory animus, because the Plaintiff did not present any such issue to the state court in his complaint. Since the state court judge did not make their decision based upon the same legal issues and standards before the court in the instant case, the state court's decision is evidence that makes the existence of any fact at issue in this case more or less probable. Since the Plaintiff

need not present the state court decision evidence to prove his case, and since the state court's

decision does not make any fact at issue more or less probable, the Court should conclude that

the state court decision is irrelevant and exclude the decision from evidence.

**B.**    **The Court Should Exclude The State Court's Decision From Evidence Because Any Potential Probative Value Is Outweighed By The Danger Of Unfair Prejudice, Confusion Of The Issues, Or Misleading The Jury.**

Even if the Court considers the state court's decision relevant evidence, this Court should

exclude the state court trial decision on the grounds of prejudice, confusion, and misleading of

the jury. This Court may exclude relevant evidence if the probative value of such evidence is

substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading

the jury. Fed.R.Evid. 403. This rule constitutes a tool that a trial judge can use to keep a jury's

attention riveted on the dispositive issues. Williams v. Drake, 146 F.3d 44, 48 (1998).

At most, the Plaintiff may utilize the decision to show that the Plaintiff met, in part, his

burden of proving entitlement to injury benefits.  He cannot utilize the state court's decision to

show that the City discriminated against him, because discrimination was not an issue presented

at the state court's bench trial.  Therefore, for the reasons expressed below, the probative value of

the state court's decision is substantially outweighed by the danger of unfair prejudice, confusion

and misleading of the jury.

1.    **The Court Should Exclude The State Court's Decision Regarding §111F Benefits On The Ground Of Unfair Prejudice.**

a.    **Allowing the jury to read the state court judge's decision would suggest that the jury make a decision on an improper basis.**

First, the Court should exclude the state court decision because any potential probative

value is substantially outweighed by the danger of unfair prejudice. Unfair prejudice means an

undue tendency to suggest a decision on an improper basis. See Espeaignnette v. Gene Tierney

Company, Inc., 43 F.3d. 1, 7 (1994), citing Fed.R.Evid. 403 Advisory Committee's Note. Admission of the state court decision that the Plaintiff is partially entitled to §111F benefits presents the danger of unfair prejudice because the jury's determination or opinion in the instant case that the Plaintiff should receive §111F benefits, may improperly suggest to the jury in the present case that the City's denial of benefits was automatically improper and therefore discriminatory. The Plaintiff and his witnesses will have the opportunity to testify at trial regarding the incidents in question, at which time they will have the opportunity to develop the facts necessary to prove his burden of proof under the ADA. The state court's decision, however, does not prove the Plaintiffs' burden, but may give the jury an incorrect impression that the Plaintiffs' position at the §111F trial was correct, that the Defendant's position at the §111F trial was incorrect, and therefore the Defendant is incorrect in the instant case.

Although presented with some similar evidence regarding the incidents that form the basis of the Plaintiff's complaint in the instant case, the state court judge did not review the same or even similar legal guidelines and standards when deciding that the Plaintiff is partially entitled to benefits. The jury in this case, if provided information regarding the §111F decision, may improperly be persuaded by the state court judge's favor with the Plaintiff when deciding whether or not the Defendant is liable to the Plaintiff in the instant matter. Evidence regarding the state court's decision that the Plaintiff is partially entitled to benefits may grant the Plaintiff significant leverage in the eyes of the jury, while at the same time not providing any probative value for any pertinent issue in this case. Accordingly, since admission of the state court's decision in the §111F case may only prove that the Plaintiff partially prevailed in his lawsuit for §111F benefits, but will substantially prejudice the Defendant by suggesting to the jury that the Defendant acted improperly, without a proof of improper acts, the prejudice to the Defendant

will substantially outweigh the probative value for the Plaintiff, and the Court should therefore exclude the evidence of the state court's decision in the Plaintiff's §111F trial.

>    **b.    The Plaintiff has first hand witnesses who will testify in support of his case.**

The Court should further exclude the state court decision because the Plaintiff has other means of proving his case. The Court should balance the danger of undue prejudice against the probative value of the evidence in view of the availability of other, alternative means of proof. Huddleston 485 U.S. at 688, 108 S.Ct. at 1500, Johnny Lynn Old Chief v. United States, 519 U.S. 172, 182-185, 117 S.Ct. 644, 651-652, 36 L.Ed. 2d. 574 (1997). If alternative factors have substantially the same or greater probative value, but a lower danger of unfair prejudice, the Court should exclude the prejudicial information. Johnny Lynn Old Chief  519 U.S. at 182-185, 117 S.Ct. at 651-652.

The Plaintiff's witnesses' first-hand testimony regarding the incidents relative to the Plaintiff's complaint will provide the Plaintiff an adequate means to prove the elements of his case. To provide the jury the facts on which the Plaintiff bases the claims in his complaint, the Plaintiff himself is able to provide first-hand testimony regarding the events surrounding his allegations of discrimination. Also, the Plaintiff intends to call other witnesses to the alleged incidents, who will likely testify in a light favorable to the Plaintiff. Since the Plaintiff will have the opportunity to prove his case with testimony from first hand witnesses, he has adequate, alternative means of presenting evidence to the jury that is far less prejudicial to the Defendant, and the Court should exclude the state court's decision in the 111F case because the probative value is substantially outweighed by the potential prejudice.

>    **c.    Nothing in the state court decision is vital to establish a crucial element of the Plaintiff's case.**

Since the state court decision in the §111F case does not amount to evidence that will establish a crucial element of the Plaintiff's case against the Defendant, the Court should exclude the decision from evidence. When balancing the probative value of evidence for one party against the potential prejudice to another, the Court should consider whether the evidence is vital to establish a crucial element of the case. See Espeaignnette v. Gene Tierney Co., 43 F. 3d. 1, 5 (1994), Gutierrez-Rodriguez v. Cartagena, 882 F.2d. 553, 574 (1st Cir. 1989).

As stated above, the state court's trial decision is not an essential element to any of the Plaintiffs' claims of discrimination against the Defendant. In addition, the Plaintiff will have the opportunity to testify and call witnesses to testify regarding the events and incidents in question. Since the state court decision is not a crucial element to any of the Plaintiff's claims, the Court should exclude at trial all evidence showing that the state court found the Plaintiff partially entitled to §111F benefits.

The First Circuit addressed a similar issue in Diaz v. Ciani, 737 F. 2d. 138 (1st Cir. 1984). There, the Plaintiff was arrested for a traffic violation and assault. Id. at 138, 139. The Plaintiff was prosecuted and found guilty. Id. at 139. The Plaintiff filed suit against police officers for excessive force. Id. at 138. The Court excluded from evidence the Plaintiff's conviction because, in essence, the Plaintiff's guilt or innocence was irrelevant to the issue of whether the police violated his civil rights. Id. at 139. The police officers appealed the exclusion of the evidence, but the appeals Court affirmed and stated: "since the jury would be able to hear all of the first hand evidence relating to whether the force used by the police was reasonable, the value of introducing the conclusion of a prior fact finder was substantially less weighty than the potential unfair prejudice it might cause." Id. The Court further noted that the exclusion was appropriate "given the great possibility of prejudice and the potential for confusion of the part of the jury".

The issue presented to the judge in this motion is similar to the issue in <u>Diaz</u>. Here, the Defendant seeks to exclude the conclusion of a prior fact finder, because the jury in the instant case will have the opportunity to hear all of the first hand evidence relating to whether the Defendant discriminated against the Plaintiff. This Court should therefore exclude evidence of the state court's decision, because the conclusion of the prior fact finder in this case would be substantially outweighed by the potential unfair prejudice it will cause to the Defendants.

## 2. The Court Should Exclude The State Court Decision On The Grounds Of Confusion Of The Issues And Misleading The Jury.

The Court should also exclude evidence regarding the state court's decision because it may cause the jury confusion of the issues.  As stated above, the Court in <u>Diaz</u> affirmed the lower Court's exclusion of the conclusion of a prior fact finder, and the Court specifically stated that the exclusion was appropriate due to the potential for confusion on the part of the jury. <u>Id.</u> The admission of evidence regarding the state court's decision may confuse the jury and cause the jury to believe that they should consider both the issue of entitlement to 111F benefits and discrimination, and possibly the legal standards for both, when deciding whether or not the Defendants discriminated against the Plaintiff. The admission of such evidence may also mislead the jury; if evidence of the state court judge's decision is admitted, the jury may be mislead to believe that the judge's is relevant and a necessary element to the instant case, and that the Defendant should be liable in this matter because the judge found against the Defendant in the state court.

The jurors may also consider such decision binding, for the jurors may feel that they cannot question the decision of a judge.  Since the probative value of the admission of such evidence is substantially outweighed by the potential confusion it may cause, as well as the

potential for misleading the jury, the Court should exclude evidence regarding the state court's decision from evidence.

**C.**   **The Court Should Preclude The Plaintiff From Presenting Evidence Of The State Court's Decision, In Part, To Award The Plaintiff §111F Benefits Because Both The Plaintiff And The Defendant Have Appealed The State Court's Decision.**

Both the Plaintiff and the Defendant have appealed the §111F decision in the Massachusetts Appeals Court. The Appeals Court heard oral argument from the parties on May 17, 2007. Since the matter is still under review in state court, the state trial court's decision is not final. The jury should therefore not receive such information because it may prejudice the Defendant.

## III.   Conclusion

For the foregoing reasons, the Defendant, City of Lowell, respectfully requests that this Honorable Court allow Defendant, City of Lowell's Motion to Exclude Evidence Regarding the State Court's decision.

May 18, 2007                              Respectfully submitted:

                                          **CITY OF LOWELL, DEFENDANT**


                                          /s Kimberley A. McMahon
                                          Kimberley A. McMahon, 1st Assistant City Solicitor
                                          BBO #641398
                                          City of Lowell - Law Department
                                          375 Merrimack Street, 3rd Fl.
                                          Lowell MA 01852-5909
                                          Tel: 978-970-4050
                                          Fax: 978-453-1510

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing document, was filed through the Electronic Case Filing System for filing and electronic service to the registered participants as identified on the Notice of Electronic Filing on May 18, 2007.

/s Kimberley A. McMahon
Kimberley A. McMahon, 1st Assistant City Solicitor