UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **RODNEY D. DESROSIERS,**     ) | **C.A. NO. 04-11932-NG (SEALED)** |
|     **Plaintiff**     ) | |
|     ) | |
| **V.**     ) | |
|     ) | |
| **CITY OF LOWELL, MA.**     ) | |
| **POLICE DEPARTMENT**     ) | |
|     **Defendant**     ) | |

**DEFENDANT 'S MOTION IN LIMINE
TO EXCLUDE ALL EVIDENCE REGARDING NEGLIGENCE**

**I.     Introduction**

Now comes the Defendant in the above-captioned matter and respectfully requests that this Court exclude all evidence and arguments concerning any alleged negligent acts of the Defendants, in particular, any facts supporting Plaintiff's claim that the City should have offered the Plaintiff HIV testing in 1989 and should have sent the Plaintiff for an evaluation for disability prior to November of 2003. As grounds therefor, and as set forth more fully below, the Defendant's alleged negligent acts are barred and are completely irrelevant to the Plaintiff's claim for discrimination.

**II.     Argument**

**A.     THE PLAINTIFF'S ALLEGATIONS OF NEGLIGENCE ARE COMPLETELY IRRELEVANT TO THE ISSUE BEFORE THE COURT.**

The Court should exclude all evidence and arguments concerning alleged negligent acts, particularly the Plaintiff's allegation that the Defendant should have offered the Plaintiff HIV testing and sent the Plaintiff for an evaluation prior to November 2003, because such information is completely irrelevant to the Plaintiff's claim of discrimination under the ADA. Relevant

evidence is evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. "Evidence which is not relevant is not admissible." Fed.R.Evid. 402.

The Plaintiff filed a complaint in this Court alleging discrimination under the ADA. His complaint does not seek relief for anything in addition to discrimination, and does not allege negligence against the Defendant under the Massachusetts Tort Claims Act, M.G.L. c. 258.

In the instant case, the Plaintiff, a Lowell police officer, sustained a needle prick injury while pat-frisking an arrestee in November of 1989. The Defendant believes that the Plaintiff intends to submit evidence to the Court to show that the Defendant was negligent. In particular, the Plaintiff intends to submit evidence the City should have affirmatively offered the Plaintiff HIV testing at the time of the needle stick. The Defendant further believes that the Plaintiff intends to submit evidence to show that the City did not require the Plaintiff to submit to an evaluation regarding disability prior to November 2003, in an attempt to show that the City should have required an evaluation prior to that date.

The aforementioned issues are red herrings and completely irrelevant to the issue before the Court: whether the defendant discriminated against the Plaintiff. Even if, arguendo, the City was negligent, proof of the City's alleged negligence will not aid the Court in finding facts in this case, will not have any rational tendency to prove the ultimate issue of causation in this case, nor will it make any inference more probable than not. The Plaintiff has the burden of proving that his 1989 needle prick caused him to contract his incapacitating HIV. The City's negligence will not prove or disprove the issue of causation. Since all evidence regarding negligence will be irrelevant and will completely lack probative value as to the issue of causation, the Court should

allow the Defendant's motion and preclude the Plaintiff from submitting any evidence, including expert testimony, regarding the Defendant's alleged negligence.

**B.   THE PLAINTIFF FAILED TO FILE A CAUSE OF ACTION FOR NEGLIGENCE AGAINST THE DEFENDANT.**

The Court should bar the Plaintiff from submitting any and all evidence, arguments and inferences of negligence because the Plaintiff failed to allege that he was seeking any relief from the Court for any allegations of negligence in his complaint. A complaint must provide "enough information to give the defendant notice of what the dispute is about." Multi Technology, Inc. v. Mitchell Management Systems, Inc., 25 Mass. App. Ct. 333, 335 (1988). Even under the modern "notice pleading" regime, a plaintiff is still "required to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Romero-Barcelo v. Hernandez-Agosto, 75 F.3d. 23, 28 n.2 (1st Cir. 1996).

Based upon the Plaintiff's past arguments and representations to the Court, as well as his discovery and expert witness' report, the Defendants believe that the Plaintiff will attempt to prove his case against the City by submitting evidence of the City's alleged evidence and thereby attempting to shift his burden to the City.

The Plaintiff's complaint, however, merely contains a cause of action for discrimination. He did not make any claim for negligence when he requested relief from the Court in his complaint. Any alleged negligence of the parties is therefore irrelevant, because the Plaintiff failed to properly plead a cause of action for negligence.

**C.   THE RELEVANT STATUTES OF LIMITATIONS BAR THE PLAINTIFF FROM SEEKING ANY REDRESS BASED UPON NEGLIGENCE.**

The Court should not allow the Plaintiff to assert any claims for negligence against the City of Lowell because the Plaintiff failed to articulate any claim of negligence or any negligent act of a City employee in a letter of presentment pursuant to M.G.L. c.258, §4. Once he discovered that he was HIV positive in 1991, the Plaintiff could have filed an action for negligence against the City of Lowell under the Massachusetts Tort Claims Act. See M.G.L.c.258, §§2, 4. Prior to instituting a civil action in tort against a public employer in Massachusetts, a claimant must present a written claim to the executive officer of the public employer. M.G.L. c.258, §4. A presentment letter must be precise in identifying the legal basis of a plaintiff's claim. Gilmore v. Commonwealth, 417 Mass. 718, 723 (1994). Presentment must be made "in strict compliance with the statute." Wightman v. Methuen, 26 Mass. App. Ct. 279, 281 (1988)(claims in plaintiff's complaint barred where plaintiff failed to advise public employer of such claims in presentment letter). Pursuant to the Massachusetts Tort Claims Act, to preserve his rights the Plaintiff must have served the City a letter of presentment within 2 years after the date upon which the cause of action arose (which for the instant matter is the date in August 1991 when the Plaintiff received his HIV positive diagnosis), and must have filed a cause of action in Superior Court within 3 years of the date on which the cause of action arose. See M.G.L. c.258, §§3 and 4.

The Plaintiff failed to serve a letter of presentment upon the City within 2 years of the date on which any cause of action arose and therefore failed to meet the statute of limitations to preserve his right to pursue a negligence action against the City. He further failed to file a cause of action in Superior Court within the statute of limitations. The Plaintiff, who sustained an injury in 1989, then received his HIV positive diagnosis in 1991, did not make any claims against the City until his request for injury pay benefits in 2000, 11 years after his injury and 9

years after his diagnosis. Since the Plaintiff failed to preserve his right to bring a cause of action for negligence against the City, the Court should preclude any and all evidence and allegations of negligence.

### III.    Relief Requested

For the foregoing reasons, the City of Lowell respectfully requests that this Honorable Court preclude the Plaintiff from submitting evidence of any alleged negligent acts of the Defendant.

May 18, 2007                                              **CITY OF LOWELL, DEFENDANT**

/s Kimberley A. McMahon
Kimberley A. McMahon, 1st Assistant City Solicitor
BBO #641398
City of Lowell - Law Department
375 Merrimack Street, 3rd Fl.
Lowell MA 01852-5909
Tel: 978-970-4050
Fax: 978-453-1510

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing document, was filed through the Electronic Case Filing System for filing and electronic service to the registered participants as identified on the Notice of Electronic Filing on May 18, 2007.

/s Kimberley A. McMahon
Kimberley A. McMahon, 1st Assistant City Solicitor