**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| RODNEY D. DESROSIERS, | ) | C.A. NO. 04-11932-NG (SEALED) |
| Plaintiff | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| CITY OF LOWELL, MA. | ) | |
| POLICE DEPARTMENT | ) | |
| Defendant | ) | |

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE
THE HOME ADDRESSES OF CITY OF LOWELL POLICE OFFICERS**

**I.      INTRODUCTION**

Now comes the City of Lowell and requests that this Honorable Court refrain from identifying the addresses where the City of Lowell police officers whom the parties anticipate to testify in the above-captioned matter currently live. As grounds therefor, and more fully explained below, public policy and state statutes encourage the protection and privacy of police officers' home addresses.

**II.      ARGUMENT**

      **A.      The Court should refrain from identifying the home addresses of City of Lowell police officers whom the parties anticipate will testify as witnesses in the above-captioned matter.**

The Court should refrain from identifying, either on the record or in any official Court document, the home addresses of City of Lowell police officer witnesses, because such identification will cause parts of the officers' home addresses to become public record. The law in this Commonwealth clearly states that the home addresses of law enforcement personnel shall not be public records.  M.G.L. c.66, §10 ("the home address … of law enforcement … personnel shall not be public records"). See also  M.G.L. c.4, §7(26)(o) (the home address of an employee

of a political subdivision of the Commonwealth is specifically exempt from the definition of the phrase "public record").

If the Court identifies the address or home town and/or city of any of the Lowell Police officers who serve as witnesses in the above captioned matter, part of the officers' address will become part of the Court's records, which are public records. Making part of the officers' home address part of the Court's public records will circumvent the legislature's intention to preclude such addresses from becoming public records. Making such information public would potentially affect both public safety and the officers' privacy. The City of Lowell therefore requests that the Court refrain from identifying the addresses or home towns and/or cities of the Lowell police officer witnesses in the above captioned matter.

## III.    **RELIEF REQUESTED**

For the foregoing reasons, the Defendant City of Lowell requests that this Honorable Court  not disclose any part of its police officers' home addresses, and rather identify the Lowell police witnesses to the jury as from the City of Lowell Police Department.

May 8, 2007                                       Respectfully submitted,

                                                  **CITY OF LOWELL, DEFENDANT**


                                                  /s Kimberley A. McMahon
                                                  Kimberley A. McMahon, 1st Assistant City Solicitor
                                                  BBO #641398
                                                  City of Lowell Law Department
                                                  375 Merrimack Street, 3rd Fl.
                                                  Lowell MA 01852-5909
                                                  Tel: 978-970-4050
                                                  Fax: 978-453-1510

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true copy of the foregoing document, was filed through the Electronic Case Filing System for filing and electronic service to the registered participants as identified on the Notice of Electronic Filing on May 18, 2007.


/s Kimberley A. McMahon
Kimberley A. McMahon, 1st Assistant City Solicitor