**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **RODNEY D. DESROSIERS,** | ) | **C.A. NO. 04-11932-NG (SEALED)** |
|     **Plaintiff** | ) | |
| | ) | |
| **V.** | ) | |
| | ) | |
| **CITY OF LOWELL, MA.** | ) | |
| **POLICE DEPARTMENT** | ) | |
|     **Defendant** | ) | |

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE THE**
**PLAINTIFF FROM TESTIFYING REGARDING AN ALLEGED EMOTIONAL**
**DISABILITY AND EMOTIONAL DISTRESS**

**I.      INTRODUCTION**

Now comes the Defendant City of Lowell and respectfully requests that this Honorable

Court preclude the Plaintiff from testifying regarding his alleged emotional disability and

emotional distress. As grounds therefor, and as more fully set forth below, because the cause of

the Plaintiff's alleged distress is not a matter of common knowledge, he must prove the causation

of such distress via expert testimony.

**II.      ARGUMENT**

The Court should preclude the Plaintiff from making any reference to an emotional

disability, inability to work due to stress, or emotional distress, through either evidence or

arguments, because the Plaintiff does not have a medical expert to corroborate any such claims.

"Where the causation between an accident and the resulting physical or psychological

ramifications is not a matter of common knowledge, the proof must rest on expert medical

testimony." Foley v. Kibrick, 12 Mass. App. Ct. 382, 385 (1981).  The Plaintiff contends that he

is unable to work due to stress allegedly caused by the Defendant's employees. He also makes

various allegations concerning emotional distress.   The Plaintiff therefore needs the opinion of an expert in their field of medicine to show that any act of the Defendant caused his alleged emotional injury.   Since the causation of the Plaintiff's alleged symptoms is not a matter of common knowledge, the Plaintiff must provide the jury evidence regarding the alleged symptoms and the cause of their alleged symptoms through expert testimony.   The Plaintiff cannot properly testify that any act or incident caused the symptoms that allegedly manifested, versus some other unrelated event or cause.   Therefore, the Court should preclude the Plaintiffs from testifying regarding emotional distress, particularly the alleged cause of such stress.

In addition, the Court should preclude the Plaintiff from testifying as to any stress caused by the multiple causes of action he has filed against the City and its employees. Plaintiffs cannot recover compensatory damages for stress associated with litigation.   Zimmerman V. Direct Federal Credit Union,  262 F.3d 70, 79 (1st Cir 2001).

## III.   CONCLUSION

For the foregoing reasons, the Defendant, City of Lowell requests that this Honorable Court preclude the Plaintiff from presenting evidence or arguments regarding and emotional disability or emotional distress.

May 8, 2007                              Respectfully submitted,

**CITY OF LOWELL, DEFENDANT**


/s Kimberley A. McMahon
Kimberley A. McMahon, 1st Assistant City Solicitor
BBO #641398
City of Lowell Law Department
375 Merrimack Street, 3rd Fl.
Lowell MA 01852-5909
Tel: 978-970-4050
Fax: 978-453-1510

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing document, was filed through the Electronic Case Filing System for filing and electronic service to the registered participants as identified on the Notice of Electronic Filing on May 18, 2007.


/s Kimberley A. McMahon
Kimberley A. McMahon, 1st Assistant City Solicitor