UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **RODNEY D. DESROSIERS,**    ) | **C.A. NO. 04-11932-NG (SEALED)** |
|    Plaintiff                    ) | |
|                                 ) | |
| **V.**                               ) | |
|                                 ) | |
| **CITY OF LOWELL, MA.**    ) | |
| **POLICE DEPARTMENT**      ) | |
|    Defendant          ) | |

**DEFENDANT'S AMENDED MOTION IN LIMINE
TO PRECLUDE EVIDENCE REGARDING CLAIMS FOR WHICH THE
PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES**

The Court should preclude evidence regarding the claims in the Plaintiff's complaint that he failed to pursue in accordance with the administrative remedies available to him. To bring an action in federal court for violation of the ADA, Plaintiffs must first exhaust administrative remedies at the EEOC or a comparable state agency. Bonilla v. Nuebles J.J. Alvarez, Inc., 194 F.3d 275, 277 (1st Cir. 1999). In order for the exhaustion requirement to fulfill its purpose, the Plaintiff must exhaust each claim of discrimination. Davis v. Lucent Tech., Inc., 251 F.3d 227, 231 (1st Cir. 2001). Absent compelling circumstances, failure to exhaust administrative remedies in an ADA case is fatal. Bonilla, 194 F.3d at 277.

The Plaintiff's complaint alleges three theories of disparate treatment: (1) he was treated differently from another employee who had received benefits pursuant to M.G.L. ch. 41, § 111F; (2) he was treated differently from employees who have requested documentation to withdraw money from a 457K fund; (3) he was treated differently from other employees who have revealed their medical conditions to the police department. While the Plaintiff previously filed certain claims before the Massachusetts Commission Against Discrimination ("MCAD"), the

Plaintiff, however, failed to file a complaint before the EEOC or any other agency of competent jurisdiction regarding his claim that he was treated differently from another employee who had applied for and/or received benefits pursuant to M.G.L. ch. 41, § 111F.

The Plaintiff's complaint failed to allege any fact showing that he exhausted the administrative remedies available to him on this claim, and the Plaintiff has not provided the City any documents showing that pursued any administrative remedy regarding this claim. Further, the attached complaints the Plaintiff filed at the MCAD clearly lack any claim that the City treated him differently than other employees who requested or received § 111F benefits. Rather, the Plaintiff's complaints before the MCAD allege that the City treated the Plaintiff differently than other employees based upon allegations that the City did not keep the Plaintiff's medical condition confidential and that the City did not treat him in the same manner as other employees relative to health insurance benefits. Finally, the attached memoranda in support of the MCAD's dismissal of the Plaintiff's claims show that the MCAD did not investigate any claim regarding any alleged discriminatory act relative to the processing or denial of the Plaintiff's request for benefits under M.G.L. ch. 41, § 111F. Accordingly, since the Plaintiff failed to exhaust his administrative remedies, the Court should preclude the Plaintiff from presenting any evidence in support of the Plaintiff's claim that he was treated differently from other employees who had requested or received benefits pursuant to M.G.L. ch. 41, § 111F.

June 21, 2007                                  Respectfully submitted,

                                               **CITY OF LOWELL POLICE
                                               DEPARTMENT, DEFENDANT**


                                               /s Kimberley A. McMahon
                                               Kimberley A. McMahon, 1st Assistant City Solicitor
                                               BBO #641398
                                               City of Lowell Law Department
                                               375 Merrimack Street, 3rd Fl.
                                               Lowell MA 01852-5909
                                               Tel: 978-970-4050
                                               Fax: 978-453-1510

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true copy of the foregoing document, was filed through the Electronic Case Filing System for filing and electronic service to the registered participants as identified on the Notice of Electronic Filing on June 21, 2007.

                                               /s Kimberley A. McMahon
                                               First Assistant City Solicitor

3