# Dismissals

EEOC Form 161 (3/98)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Rodney Desrosiers<br>C/O Ellen Poster, Esq.}68 Comm<br>Erciall Wharf<br>Boston, MA 02110 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16C-2000-02593 | Anne R. Giantonio, Intake Supervisor | (617) 565-3189 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_[signature]_     JUN 7 - 2004

Robert L. Sanders,
Director     (Date Mailed)

Enclosure(s)

cc: C-LOWELL POLICE DEPARTMENT
50 Arcand Drive
Lowell, MA 01852

L916
RECEIVED
AW DEPT.
OF LOWE
2003 SEP 22 PM 12: 05

# The Commonwealth of Massachusetts
## Commission Against Discrimination
One Ashburton Place, Boston, MA 02108

Phone: (617) 994-6000                                    Fax: (617) 994-6024

9/16/03 — **DISMISSAL and NOTIFICATION of RIGHTS** —

To: Ellen L. Poster, Esq.
Attorney at Law
68 Commercial Wharf
Boston, MA 02110

Case: Rodney Desrosiers v. C-Lowell Police Department
MCAD Docket Number: 00BEM2550
EEOC Number: 16CA02593
Investigator: Joel Posner, Esq.

Your complaint has been dismissed for the following reasons:

[ ] The facts alleged fail to state a claim under any of the statutes the Commission enforces.

Respondent employs less than the required number of employees.

[ ] Your complaint was not timely filed with the Commission, i.e. you waited too long after the date(s) of the alleged discrimination to file. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conference, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your complaint. You have had more than 30 days in which to respond to our written request.

[ ] The Commission's efforts to locate you have been unsuccessful. You have had at least 30 days in which to respond to a notice sent to your last known address.

[ ] The Respondent has made a reasonable settlement, offering full relief for the harm you alleged. 30 days have expired since you received actual notice of this settlement offer.

[XX] The Commission issues the following determination. Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes a violation of the statutes. This does not certify that the Respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this complaint.

[ ] Other (briefly state)

— NOTICE of APPEAL —

If you wish to appeal the dismissal of your complaint and believe that the above stated reason for dismissal is incorrect, you may appeal to this Commission within 10 days after receipt of this notice. You or your attorney must make your appeal of the dismissal in writing to the appeals clerk of this Commission. Attention: Nancy To.

MCAD Docket Number 00BEM2550, Dismissal and Notification of Rights with Appeal Rights                       Page 1

All employment complaints, where applicable, were filed by the MCAD with the Equal Employment Opportunity Commission. Our finding, which will be forwarded to its area office, JFK Federal Building, Boston, MA will be given substantial weight provided that such findings are in accordance with the requirements of Title VII of the Civil Rights Act of 1964, the ADEA, and/or the ADA, as amended.

_____      9/18/03
Walter J. Sullivan Jr.         Date
Investigating Commissioner

Cc:

Kimberely A. McMahon, Esq.
Assistant City Solicitor
City of Lowell
375 Merrimack Street, 3rd Fl
Lowell, MA 01852

Memorandum

To: Case File
Fr: Attorney Assisted Unit
Case: Desrosiers v. City of Lowell Police Department
MCAD Docket: 00132550
EEOC Docket: 16CA02593
Investigator: Joel Posner
Re: Lack of Probable Cause Recommendation

On November 27, 2000 the Complainant filed the instant complaint[1] with this Commission alleging he was discriminated against on the basis of his handicap (Status as HIV Positive), subjected to Disparate Treatment and a Hostile Work Environment in violation of G.L. c. 151B §4 ¶ 16 and the Americans with Disabilities Act as amended, as well as being retaliated against in violation of G.L. 151B §4 ¶ 4.

Summary of Allegations

Complainant states that he is an employee of the Lowell Police Department currently on Medical Leave. On or about November 1989 he states that he contracted HIV in the line of duty and went on medical leave on or about February 2000. He claims that Respondent was informed by his attorney of his condition February 21, 2000 and requested it be kept confidential with the exception of Respondent's personnel with a need to access his medical records. Since that time, Complainant alleges that his reasons for his absence from work have become known without explanation. Further, he is aware of several derogatory comments regarding his sexual orientation and HIV status that have been made by fellow officers and other colleagues. For this reason he states that even if he were physically able to perform the required duties, he would be subject to a hostile work environment. Additionally, Complainant argues that as a consequence of his filing the instant complaint that he has been retaliated against and had difficulty with his healthcare assignments

Respondent denies that Complainant has been subjected to harassment as alleged. They allege that the Complainant is not able to prove he was the victim of handicap discrimination as the he has not proved that he is a qualified handicapped individual, nor that he would be able to perform the requirements of the position with or without an accommodation. They argue that Complainant is unable to prove a Hostile Work Environment as he was not exposed to these comments in the workplace and additionally, once informed that co-workers were discussing Complainants condition Respondent took prompt corrective action. Respondent further argues that they have not retaliated against Complainant as a result of his filing a complaint with this Commission.

---

[1] The Complainant actually filed two complaints with this Commission, MCAD Docket Nos. 00132550 and 031301030) The first alleged Handicap Discrimination and Disparate Treatment. The second alleged retaliation for the filing of the instant complaint. As both of these complaints were based on the same underlying cause of action, they were combined.

Investigation

Complainant is unable to sustain an action for Handicap Discrimination, Disparate Treatment and Hostile Work Environment based on the evidence submitted. While his claims may be appropriate for other forums, they are inappropriate for the Commission to address at this time.

HANDICAP DISCRIMINATION

Complainant cannot state a case for Handicap Discrimination based on the facts he has alleged. In order to state a case for Handicap Discrimination, Complainant must show he was treated differently due to his handicap. While the release of his confidential information is troubling and may be the basis of a successful action in another forum, Complainant has provided insufficient information to show this behavior was motivated by discriminatory intent.

Traditionally, a successful charge of Handicap Discrimination will begin with a showing that Complainant suffers from a handicap, has a record of handicap or is perceived as handicapped. Here, Complainant has satisfied this first element. He has shown that he suffers from HIV which has been classified as a disability in Bragdon v. Abbot, 524 US 624 (1998) The Complainant must then show that he is a qualified handicapped individual, that he is able to perform the requirements of his position with or without a reasonable accommodation, that he was terminated or suffered an adverse employment action Ryan v. Town of Lunenberg, 11 MDLR 1215(1989); McLain v. Holyoke Hospital, Inc., 19 MDLR 101 (1997). While some Courts have required Complainants prove that the position they occupied remained open and Respondent sought to fill it, Dart v. Browning Ferris Industries, Inc. 427 Mass. 1,3 (1998), Massachusetts Courts have also recognized that some of the elements of a Prima Facie case must be adjusted when different fact patterns arise, Wheelock College v. MCAD 371 Mass. 130 (1976). Whatever elements Complainant uses, it is undisputed that they must show some sort of discriminatory motive. Complainant's failure to do so is fatal to his claim of handicap discrimination.

Complainant's allegations center around Respondent's failure to keep his medical information confidential as was agreed. According to the Complainant, Respondent was informed of his medical condition and within a week other members of the staff knew and were discussing it amongst themselves. Again, while this breach of confidentiality along with the other allegations raised by Complainant are troubling, he has failed to submit evidence linking them to any discriminatory animus aside from conclusory statements.

DISPARATE TREATMENT

Complainant will be unable to state a satisfactory claim for Disparate Treatment as he remains unable to prove that other, similarly situated, employees received different treatment.

In order to state a successful claim for Disparate Treatment, Complainant must show that he is a member of a protected class, that he has suffered an adverse employment action, and that he has been treated differently as a result of his membership in a protected class, Battle v. Fidelity Investments, 91-BEM-0041 citing Wheelock supra. While Complainant is able to show he is a member of a protected class and may be able to show that the breach of confidentiality was an adverse employment action, he remains unable to show discriminatory animus motivated the act.

There are several ways a Complainant may show the discriminatory nature of Respondent's action. In the absence of direct evidence, Complainant may show that individuals who are similarly situated to him in terms of performance, qualifications, and conduct without any differentiating or mitigating circumstances were treated differently, Matthews v. Ocean Spray Cranberries, Inc. 426 Mass. 122. (1997). In this case, there appears to be an allegation that another officer who had diabetes was treated differently than Complainant, namely that his confidentiality was not breached. This analysis is insufficient as the two officers are not similarly situated. Nonwithstanding the fact that the Complainant is apparently the first HIV positive officer in the department and that HIV is markedly different in its social stigma from many other conditions, the two officers are not substantially similar within the meaning of the law. Complainant obviously desired no one know his condition and actively sought to hide it from his colleagues. Alternatively, the suggested comparator, who suffered from diabetes, did not attempt to hide the disease in any way, in fact, he self treated with insulin in front of them.

These marked differences between the two officers prevent them from being classified as similarly situated. As the Complainant has failed to provide any additional proof of a discriminatory motive, his claim of disparate treatment must be dismissed.

HOSTILE WORK ENVIRONMENT

Complainant is similarly unable to state a case of Hostile Work Environment. He is currently on medical leave and as a result is unable to show that he was subject to adverse conduct in the manner envisioned by caselaw. He is further unable to show that these alleged comments were so severe and pervasive to such a degree that his job performance was affected.

In order to prove exposure to a Hostile Work Environment, Complainant must show that he was been subject to unwelcome conduct directed at his membership in a protected class, that this conduct created an environment of intimidating, hostile and offensive environment, that the conduct was severe and pervasive enough to interfere with the performance of his job and that his employer knew or should have known of the behavior and taken remedial measures to address it, Collegetown Division of Interco v.