MCAD, 400 Mass. 156 (1987). In the instant case, as a result of the Complainant's medical leave status he will be unable to prove the necessary elements of this claim.

Complainant will be unable to show that he has been subjected to unwelcome conduct. According to the Complainant's own statements and affidavits submitted on his behalf, he has yet to be directly exposed to any of the alleged discriminatory behavior with the exception of undeveloped allegations of comments that he was able to shrug off. For each of the developed allegations of derogatory statements, Complainant was informed by a third part of varied comments made by his fellow officers, not subject to them personally. This differs sharply from others who are directly exposed to their co-workers verbal or physical acts of discrimination.

In addition, the acts of discrimination alleged in this charge could not have affected his ability to perform the requirements of his job. At the time of the discriminatory events, he was out on medical leave and not performing his job in any capacity. While Complainant feels, perhaps correctly, that exposure to this conduct may adversely affect his ability to function as an employee of the Respondent it has not yet and as a result he fails to satisfy the elements of the proof.

<u>Conclusion</u>

For the forgoing reasons, it is recommended that the Commission issue a determination of Lack of Probable Cause.

Joel Posner
Attorney Investigator

Sunila Thomas-George
Supervisor

2003 NOV 24 AM 11:42

The Commonwealth of Massachusetts
Commission Against Discrimination
One Ashburton Place, Room 601, Boston, MA 02108

NOV 20 2003

Ellen L. Poster, Esquire
Attorney at Law
68 Commercial Wharf
Boston, MA 02110

RE: Rodney Desrosiers v. City of Lowell Police Department
MCAD DOCKET NO: 00132550

Dear Parties:

On November 10, 2003 a preliminary hearing was held regarding the above reference complaint to consider the Complainant's appeal of lack of probable cause finding issued in this Complaint on September 18, 2003.

Based upon information presented at the appeal hearing and a review of the evidence adduced in investigation, I have determined that the <u>Lack of Probable Cause</u> finding in this case is affirmed. This means that investigation and appeal evidence fails to establish sufficient evidence to determine that an unlawful act of discrimination has been committed.

All employment complaints where applicable, are dual filed with the U.S. Equal Employment Opportunity Commission (EEOC). Our finding will be forwarded to its Area Office, JFK Federal Building, Boston, MA 02203. The MCAD finding will be given substantial weight by the EEOC provided that such finding are in accordance with the requirements of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and or The Americans with disabilities Act of 1990.

Very truly yours,

Walter J. Sullivan, Jr.
Investigating Commissioner

cc: Kimberley A McMahon, Assistant City Solicitor
    City of Lowell, Law Department
    375 Merrimack Street, 3rd Floor
    Lowell, MA 01852

11536
7054

The Commonwealth of Massachusetts
Commission Against Discrimination
One Ashburton Place, Boston, MA 02108
Phone: (617) 994-6000 Fax: (617) 994-6024

2005 MAY   PM 4: 0

4/29/05

To: Rodney Desrosiers
32 Shurtleff St., #1
Chelsea, MA 02150

DISMISSAL and NOTIFICATION of RIGHTS

Your complaint has been dismissed for the following reasons:

[ ]  The facts alleged fail to state a claim under any of the statutes the Commission enforces.

Respondent employs less than the required number of employees.

Your complaint was not timely filed with the Commission, i.e. you waited too long after the date(s) of the alleged discrimination to file. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[  You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conference, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your complaint. You have had more than 30 days in which to respond to our written request.

The Commission's efforts to locate you have been unsuccessful. You have had at least 30 days in which to respond to a notice sent to your last known address.

[ ]  The Respondent has made a reasonable settlement, offering full relief for the harm you alleged. 30 days have expired since you received actual notice of this settlement offer.

[x]  The Commission issues the following determination. Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes a violation of the statutes. This does not certify that the Respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this complaint.

[ ]  Other (briefly state)

- NOTICE of APPEAL -

If you wish to appeal the dismissal of your complaint and believe that the above stated reason for dismissal is incorrect, you may appeal to this Commission within 10 days after receipt of this notice. You or your attorney must make your appeal of the dismissal in writing to the appeals clerk of this Commission. Attention: Nancy To.

All employment complaints, where applicable, were filed by the MCAD with the Equal Employment Opportunity Commission. Our finding, which will be forwarded to its area office, JFK Federal Building, Boston, MA will be given substantial weight provided that such findings are in accordance with the requirements of Title VII of the Civil Rights Act of 1964, the ADEA, and/or the ADA, as amended.

_____          4/28/05
Walter J. Sullivan Jr.              Date
Investigating Commissioner

MCAD Docket Number 03BEM01030, Dismissal and Notification of Rights with Appeal Rights                Page

Cc:

City of Lowell
Human Resources Division
375 Merrimack St.
Lowell, MA 01854

Memorandum

To: Case File
Fr: Enforcement
Case: Desroisers v. City of Lowell
MCAD Docket No.: 03 BEM 01030
EEOC Docket No.:16CA301490
Investigator: Joel Posner
Re: Lack of Probable Cause Recommendation

On April 23, 2003, the Complainant, Rodney Desroisers, filed his complaint against the Respondent, City of Lowell, alleging that he is being discriminated against on the basis of his handicap (HIV Status) in violation of G.L. c.151B §4, ¶16 and the Americans with Disabilities Act. He further contends Respondent retaliated against him for engaging in protected activity in violation of G.L. c. 151B §4, ¶4 and Title VII of the Civil Rights Act of 1964 as amended.

Summary of Allegations

Complainant alleges that the Respondent is forcing him to pay a higher cost for his health insurance coverage than they require of other, similarly situated employees. He contends that, while out on medical leave and receiving insurance benefits he was forced to continue his health benefits under a COBRA plan between June 2001 and December 2002 and charged him 102% of his monthly health insurance premium[1]. He avers that despite his timely payments of the allegedly inflated premiums he was terminated from the Respondent's health insurance plan. He states that the Respondent agreed to reinstate him after he protested but required him to pay 100% of his costs despite statutory and collective bargaining requirements allegedly requiring him to pay only 50%.

Respondent denies that it has subjected the Complainant to unlawful discrimination. Rather, it argues that Complainant has been treated, at all times, in accordance with the requirements of Federal and State law concerning the issuance of benefits along with other similarly situated individuals. Respondent states that it discovered that it had continued insuring Complainant during his leave of absence even though he had not paid his insurance premium. After its discovery it sent him notice concerning his right to continue in his current health plan through a COBRA plan for 102% of the premium if he desired[2]. It also requested repayment of the portion of the

---

[1] The Consolidated Omnibus Reconciliation Act of 1986 (COBRA), codified at 29 USCA §§1161-1169, requires employers that provide group health plans to offer continuation of coverage for employees who lose health insurance due to a qualifying event at the employee's own expense for a limited time. Respondent contends that all employees receiving health care benefits under COBRA paid 102% of their premium.
[2] Respondent states that it treats non-FMLA absences as qualifying events under the COBRA statute since the employee's hours have been reduced to zero. In this case, when Complainant's hours were reduced, he became eligible for continuation of health care coverage under COBRA.

premium it had mistakenly paid on his behalf. Respondent states that the Complainant paid the amount due and elected to continue his health benefits under this arrangement.

In accordance with Federal law, Complainant was informed that his coverage would end after his eighteen months had expired. Complainant allegedly requested, and the Respondent agreed to provide insurance coverage pursuant to G.L. c.32B retroactively through the date of his COBRA election thereby lowering his premium payments from 102% to 100% of the premium[3]. Complainant's account with Respondent was credited the additional 2% he had previously paid. As of the conclusion of this investigation, the Complainant continued to receive his insurance pursuant to c.32B and pay 100% of his premium.

Summary of Investigation

Investigation revealed that the Complainant has not submitted sufficient facts to prove a prima facie case of handicap discrimination or retaliation.

Handicap Discrimination

The Complainant has alleged that the Respondent has charged him a premium for insurance coverage above that which he is required to pay under state law. He contends that this alleged overcharge is because of his handicap.

To show disparate treatment based on his handicap, the Complainant must show that Respondent's alleged adverse action was motivated by his membership in a protected class. At the conclusion of the investigation Complainant has not sufficiently demonstrated Complainant's motivation. He has not identified, or even suggested that other employees with similar conditions in similar situations have been afforded the opportunity to retain their city health benefits at a lower cost. Complainant has similarly not provided any direct evidence of any discriminatory intent. While in another complaint before this commission he has referenced statements made by his fellow officers that he contends show hostility because of his disability, none of the referenced individuals had any contact or control over the Respondent's Human Resources Office, nor has Complainant alleged such contact.

Further, while the amounts the Complainant was charged are not in dispute, the fact that the Respondent charged Complainant a higher amount than he alleges was required by statute does not necessarily indicate unlawful disparate treatment. Decisions and even errors in judgement are not discriminatory if not motivated by animus.

Retaliation

---

[3] M.G.L.A. c.32b §7A states that a governmental unit which has accepted the provisions of the section may make partial payment of the monthly cost for certain employees.

Similarly, Complainant has not set out a prima facie case of Retaliation as he has not shown a sufficient temporal connection between his engaging in protected activity and the adverse action.

Complainant's allegations that Respondent was motivated to overcharge him for health insurance premiums because he filed a complaint with this Commission is not supported by the evidence before this Commission. Complainant filed his original complaint against Respondent on November 27, 2000 alleging a variety of discriminatory acts. According to the terms of Complainants subsequent complaint, he was informed of the COBRA coverage in June 2001, approximately seven months after the filing of the original complaint. In the absence of any direct evidence of retaliation, the required connection between the protected activity and adverse act can be satisfied by proximity in time. A time delay of seven months, absent any direct evidence is insufficient proof of a retaliatory motive

Further, despite the temporal difficulties in Complainant's allegations, Respondent's actions, on their face, do not demonstrate the required animus. According to Respondent's Position Statement, two other individuals employed by the Respondent's Police Department received the same notice regarding their health insurance along with Complainant. According to Respondent, all of the individuals, including the Complainant were notified of their rights under COBRA and the requirement that they pay 102% of the premium.

Respondent's alleged refusal to reduce the cost of Complainant's premium to the level allegedly specified by statute is similarly not retaliatory. Again, according to Complainant's allegations, in December of 2002, he requested the Respondent recalculate his premium pursuant to G.L. c.32B. They agreed and assigned him a new premium and credited back to him the amounts he had paid. Complainant does not agree with Respondent's decision to collect 100% of this premium. However, he has not produced any evidence that this decision was motivated by any retaliatory animus. This Commission does not require that a business decision be correct, or even that it be fair so long as it is not discriminatory.

Conclusion

Based on the foregoing, it is recommended that this Commission issue a determination of Lack of Probable Cause for each of Complainant's allegations.

Joel Posner, Esq.
Enforcement

Sunila Thomas-George, Esq.
Supervisor