UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **RODNEY D. DESROSIERS,**    )<br>    **Plaintiff**    )<br>    )<br>**V.**    )<br>    )<br>**CITY OF LOWELL, MA.**    )<br>**POLICE DEPARTMENT**    )<br>    **Defendant**    ) | **C.A. NO. 04-11932-MBB** |

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE
THE PLAINTIFF FROM PRESENTING EVIDENCE AND
ARGUMENTS REGARDING CLAIMS OF INVASION OF PRIVACY**

**I.    Introduction**

Now comes the Defendant, City of Lowell, and requests that this Honorable Court preclude the Plaintiff from presenting evidence and arguments regarding claims of invasion of privacy. As grounds therefor, and more fully explained below, the City is immune from all claims arising from a claim of invasion of privacy, and no facts exist regarding discriminatory animus.

**II.    Argument**

**A.    The City is immune from all claims arising from claims of invasion of privacy.**

The Plaintiff's complaint in the instant matter makes claims of invasion of privacy, identical to claims he made in a state court lawsuit against three City of Lowell employees under the invasion of privacy statute, M.G.L. ch. 214, § 1B. See Exhibits 1 and 2, attached. In summary, the Plaintiff alleges that three City employees improperly disclosed the Plaintiff's medical condition. See Exhibit 2, attached.

The City of Lowell, however, is immune from any claim arising out of an intentional tort, including invasion of privacy. See M.G.L. ch. 258, § 10(c). The claims in the Plaintiff's

complaint are clearly claims "arising out of" his claims for invasion of privacy. See Exhibit 1, and Exhibit 2, ¶¶ 6-21. Because the City is immune from claims arising out of claims of invasion of privacy, the Court should preclude the Plaintiff from presenting any evidence and/or arguments regarding allegations that amount to a claim of invasion of privacy, and more particularly those claims in ¶¶ 6-21 of the Plaintiff's complaint in the instant matter. See Exhibit 2, ¶¶ 6-21.

**B.      No evidence exists of discriminatory animus regarding the alleged invasion of privacy.**

The Plaintiff lacks any evidence whatsoever that any employee acted with a discriminatory animus when they allegedly unlawfully disclosed his medical information. The plaintiff bears the ultimate burden of proving discriminatory animus; in other words, he must prove that the alleged discriminatory action was the determining factor in an adverse employment action. Patten v. Wal-Mart Stores E., Inc., 300 F.3d 21, 25 (2002). The Plaintiff cannot present any evidence to show that any ranking City official acted with the requisite discriminatory animus. Moreover, if the Plaintiff successfully proves that the City employees disclosed the Plaintiff's medical information, which the City denies, the Plaintiff's recourse is found in M.G.L. ch. 214, § 1B, the invasion of privacy statute. He has already exercised his rights under that statute. See Exhibit 1. Since the Plaintiff cannot proffer any evidence to prove a discriminatory animus, the Court should preclude the Plaintiff from presenting evidence and arguments regarding the alleged invasion of privacy.

June 21, 2007                                        Respectfully submitted,

                                                     **CITY OF LOWELL POLICE
                                                     DEPARTMENT, DEFENDANT**


                                                     /s Kimberley A. McMahon
                                                     Kimberley A. McMahon, 1st Assistant City Solicitor
                                                     BBO #641398
                                                     City of Lowell Law Department
                                                     375 Merrimack Street, 3rd Fl.
                                                     Lowell MA 01852-5909
                                                     Tel: 978-970-4050
                                                     Fax: 978-453-1510

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document, was filed through the Electronic Case Filing System for filing and electronic service to the registered participants as identified on the Notice of Electronic Filing on June 21, 2007

                                                     /s Kimberley A. McMahon
                                                     Kimberley A. McMahon, 1st Assistant City Solicitor

3