# EXHIBIT 1

Case 1:04-cv-11932-MBB   Document 82-2   Filed 06/21/2007   Page 1 of 6

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.
03 0794-G

Rodney Desrosiers,
    Plaintiff

v.

Edward F. Davis, III
Judith Sweet
Dennis R. Cormier,
    Defendants

## COMPLAINT

1. The Plaintiff Rodney Desrosiers is an individual who resides at 32 Shurtleff Street, Apartment No. 1, Chelsea, Massachusetts 02150 (hereinafter "the Plaintiff").

2. The Defendant Edward F. Davis, III is an individual who resides at 169 Sanders Avenue, Lowell, Massachusetts 01851 (hereinafter "Defendant Davis").

4. The Defendant Judith Sweet is an individual who resides at 4 Suites Pond Way, Dunstable, Massachusetts 02107 (hereinafter "Defendant Sweet").

5. The Defendant Dennis R. Cormier is an individual who resides at 67 Delaware Avenue, Lowell, Massachusetts (hereinafter "Defendant Cormier").

## FACTUAL BACKGROUND

6. Paragraphs - 5 are incorporated herein by reference.

7. The Plaintiff is a police officer employed by the City of Lowell since on or about June 1987 continuously to the present time.

8. Defendant Davis is the Chief of Police of the City of Lowell since 1995.

9. Defendant Sweet is an employee of the City of Lowell, whose responsibilities include handling all injury claims for all City employees since 1966 to the present.

10. Defendant Cormier is the Deputy Superintendent of the City of Lowell Police Department since 1999.

11. On February 21, 2000, the Plaintiff's attorney, Denise McWilliams, met with Defendant Davis to seek workman's compensation benefits (hereinafter "111F benefits") on behalf of the Plaintiff.

12. In the course of that meeting, Attorney McWilliams informed Defendant Davis that the Plaintiff was HIV positive (hereinafter "medical condition") as the result of a work-related incident.

13. No employee of the City of Lowell knew the Plaintiff's medical condition prior to Attorney McWilliams' informing Defendant Davis of the Plaintiff's medical condition in the course of her meeting with him on February 21, 2000.

14. The Plaintiff's medical condition was a fact of a highly personal and intimate nature.

15. Attorney McWilliams requested Defendant Davis to keep the Plaintiff's medical condition confidential. She stressed to Defendant Davis the sensitive nature of this medical information and requested him to keep it confidential. She informed Defendant Davis that the Plaintiff had deep concerns about the confidentiality of his diagnosis in terms of his ability to work in the Lowell Police Department if his fellow officers became aware of his medical condition.

16. The Plaintiff had not revealed his medical condition to any employee of the City of Lowell prior to Attorney McWilliams' meeting with Defendant Davis because of the stigma associated with this medical condition in the community at large and within the Lowell Police Department in particular.

17. Attorney McWilliams provided Defendant Davis with a copy of the Plaintiff's 1989 incident report, arrest report and supervisor's report.

concerning a needle stick experienced by the Plaintiff while on duty. None of those documents set forth the Plaintiff's medical condition.

18. Defendant Davis provided assurances to Attorney McWilliams that the Plaintiff's medical condition would be kept confidential.

19. Defendant Davis wrote a memorandum to one of the City of Lowell's attorneys, Attorney Christine O'Connor, on February 23, 2000, informing her of the Plaintiff's medical condition. (See Exhibit A attached hereto.)

20. Defendant Davis provided Attorney O'Connor with the memorandum and the documents provided to him by Attorney McWilliams.

21. Upon receipt of the memorandum and documents provided to her by Defendant Davis, Attorney O'Connor gave the memorandum and documents to Defendant Sweet.

22. According to Defendant Davis, in his deposition of September 13, 2001, the only persons who needed to know the Plaintiff's medical condition were the City Solicitor's office, Defendant Davis, Defendant Sweet and the City Manager. (See page 11 of Defendant Davis' deposition attached hereto as Exhibit B.)

23. Defendant Sweet told at least Police Officer David Abbott of the Plaintiff's medical condition.

24. Defendant Davis told at least Defendant Cormier of the Plaintiff's medical condition.

25. Defendant Cormier told at least Police Officer William Busby of the Plaintiff's medical condition.

26. Within one week of Attorney McWilliams' meeting with Defendant Davis, the Plaintiff's medical condition became well known throughout the City of Lowell Police Department.

27. Knowledge of the Plaintiff's medical condition became known to citizens of the City of Lowell.

28. The actions of Defendant Davis constituted an unreasonable, substantial and/or serious interference with the Plaintiff's right to privacy.

29. The actions of Defendant Sweet constituted an unreasonable, substantial and/or serious interference with the Plaintiff's right to privacy.

30. The actions of Defendant Cormier constituted an unreasonable, substantial and/or serious interference with the Plaintiff's right to privacy.

31. The actions of Defendants Davis, Sweet and Cormier caused the Plaintiff monetary damages and emotional distress.

## COUNT I
### VIOLATION OF M.G.L. c. 214 SECTION 1B
(Rodney Desrosiers v. Edward F. Davis, III)

32. Paragraphs -31 are incorporated herein by reference.

33. The Plaintiff suffered economic losses, including but not limited to lost wages and lost payment of health insurance benefits and emotional distress as a result of the unreasonable, substantial and/or serious interference with his privacy.

WHEREFORE, the Plaintiff demands a judgment in his favor in an amount to be determined by the trier of fact, together with interest and costs, and such other relief as the Court deems just and appropriate.

## COUNT II
### VIOLATION OF M.G.L. c. 214 SECTION B
(Rodney Desrosiers v. Judith Sweet)

34. Paragraphs - 33 are incorporated herein by reference.

35. The Plaintiff suffered economic losses, including but not limited to lost wages and lost payment of health insurance benefits and emotional distress as a result of the unreasonable, substantial and/or serious interference with his privacy.

WHEREFORE, the Plaintiff demands a judgment in his favor in an amount to be determined by the trier of fact, together with interest and costs, and such other relief as the Court deems just and appropriate.

## COUNT III
### VIOLATION OF M.G.L. c. 214 SECTION 1B
(Rodney Desrosiers v. Dennis R. Cormier)

36. Paragraphs - 35 are incorporated herein by reference.

37. The Plaintiff suffered economic losses, including but not limited to lost wages and lost payment of health insurance benefits and emotional distress as a result of the unreasonable, substantial and/or serious interference with his privacy.

WHEREFORE, the Plaintiff demands a judgment in his favor in an amount to be determined by the trier of fact, together with interest and costs, and such other relief as the Court deems just and appropriate.

The Plaintiff requests a jury trial on all issues as to which he has a right to a trial by jury.

Plaintiff Rodney Desrosiers
By his attorney

Ellen L. Poster
68 Commercial Wharf
Boston, MA 02110
(617)742-6767
BBO No. 404080