UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **RODNEY D. DESROSIERS,**   ) | **C.A. NO. 04-11932-MBB (SEALED)** |
|    Plaintiff   ) | |
|                    ) | |
| **V.**   ) | |
|                    ) | |
| **CITY OF LOWELL, MA.**   ) | |
| **POLICE DEPARTMENT**   ) | |
|    Defendant   ) | |

### DEFENDANT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE REGARDING PLAINTIFF'S CLAIMS IN PARAGRAPH 28 OF HIS COMPLAINT

Now comes the Defendant, City of Lowell, and respectfully requests that this Honorable Court preclude the Plaintiff from presenting evidence in support of his claims in paragraph 28 of his complaint because all such claims because the allegations in paragraph 28 are hearsay. Hearsay - a statement, other than one made by the person making the statement, while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted - is generally not admissible. Fed.R.Evid. 801 and 802

In paragraph 28, the Plaintiff claims that a Copeland Companies representative named Neil contacted the Lowell Police Department for a letter, however the Lowell Police Department would not cooperate. See Complaint, ¶ 28. Copeland Companies, at one time, managed accounts under § 457 of the Internal Revenue Code for City employees. The Plaintiff alleged, through discovery, that Neil sought information from the Lowell Police Department because the Plaintiff needed to make an early withdrawal from his account.[1]

---

[1] On information and belief, the Plaintiff was allowed to withdraw money from his account, despite the allegations he makes against the Defendant.

The Plaintiff further claims that Neil had a conversation with a "high authority" in the Department, who "refused to cooperate in providing the needed documentation for the plaintiff stating that the plaintiff 'was not injured enough.'" See Complaint, ¶ 28.

The Plaintiff identified "Neil" as a potential witness at trial. After conversations with Plaintiff's counsel, the City now believes that the Plaintiff will not be calling Neil as a witness at trial. Without Neil's own testimony, any and all information Neil may have relayed to the Plaintiff is mere hearsay and inadmissible, and the Court accordingly exclude all such testimony.

Further, during discovery, the Plaintiff sought information regarding the allegations in paragraph 28 of the Complaint from City employees. No City employee spoke with Neil, and no records exist evidencing any request from Neil or Copeland Companies regarding the allegations in paragraph 28 of the Complaint.

WHEREFORE, the Defendant respectfully requests that this Honorable Court preclude the Plaintiff from testifying or otherwise presenting evidence relative to the allegations in paragraph 28 of the Complaint.

January 22, 2007                                    CITY OF LOWELL POLICE
                                                    DEPARTMENT, DEFENDANT


                                                    /s Kimberley A. McMahon
                                                    Kimberley A. McMahon, 1st Assistant City Solicitor
                                                    BBO #641398
                                                    City of Lowell Law Department
                                                    375 Merrimack Street, 3rd Fl.
                                                    Lowell MA 01852-5909
                                                    Tel: 978-970-4050
                                                    Fax: 978-453-1510

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document, was filed through the Electronic Case Filing System for filing and electronic service to the registered participants as identified on the Notice of Electronic Filing on June 22, 2007.

/s Kimberley A. McMahon
Kimberley A. McMahon, 1st Assistant City Solicitor